William E. Winfield, SBN 122055
**Nelson Comis Kettle & Kinney, LLP**
5811 Olivas Park Drive, Suite 202
Ventura, CA 93003-7857
Telephone: (805) 604-4106; Fax: (805) 604-4150
wwinfield@calattys.com

Attorneys for Raul C. Ramirez
Creditor & Interested Party

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In Re:<br><br>Linda M. Ramirez<br><br>Debtor. | CASE NO.  9:22-bk-10383-RC<br><br>**Chapter 13**<br><br>**RAUL C. RAMIREZ'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE WITH PREJUDICE AND/OR CONVERT TO CHAPTER 7, OR IN THE ALTERNATIVE MOTION FOR DETERMINATION OF SECURED CREDITOR'S STATUS; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RAUL C. RAMIREZ IN SUPPORT THEREOF, AND REQUEST FOR JUDICIAL NOTICE**<br><br>**DATE: September 15, 2022**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 201** |

**COMES NOW,** party in interest and creditor, Raul C. Ramirez, hereinafter referred to as "Raul" and moves the court to convert this Chapter 13 case to a case under Chapter 7, or dismiss this Chapter 13 case, for cause, with prejudice, pursuant to 11 U.S.C. § 1307(c) and 11 U.S.C. § 349(a), or in the alternative, determine Raul is a secured creditor in the Chapter 13 case.

1

Notice of Motion and Motion to Dismiss or Convert Debtor's Chapter 13 to a Chapter 7

# I.
# INTRODUCTION

## A. Debtor's Bad Faith is Grounds for Conversion or Dismissal of this Case.

As required by 11 U.S.C. § 1325(a)(3), Debtor's Chapter 13 Plan must be proposed in good faith. Pursuant to 11 U.S.C. § 1325(a)(7) Debtor's Chapter 13 Petition must have been filed in good faith.

Both Debtor's Petition and Plan have been filed in Bad Faith and therefore, this Chapter 13 case should be dismissed for cause or converted to Chapter 7.

# II.
# STATEMENT OF THE FACTS

Raul and Debtor married on August 6, 2011 and separated on or about July 2, 2017. However, prior to the marriage they lived together as husband and wife, on and off, for about 15 years over a 30-year period. Raul raised debtor's oldest son from her prior marriage and the two of them had two children of their own. All three children are now adults.

On April 17, 2002, while Debtor and Raul were not married, Debtor purchased the real property commonly known as 2213 Miramar Walk, Oxnard, CA  93035 and hereinafter referred to as "the property" in her name only. The purchase price was $170,000 and the purchase mortgage was $159,600.

On July 6, 2017, Debtor filed a legal separation action against Raul, in Ventura County Superior Court under Case #D382866.  Raul was served with process on the case on July 16, 2017 and filed his response on November 6, 2017.

After protracted and acrimonious litigation in the Family Law Court, the case finally went to trial in Ventura County Superior Court on February 25, 2022, before Honorable Judge Michael L. Lief.

Evidence of how protracted this divorce litigation was, is Debtor's Schedule F filed in this Chapter 13 case, wherein Debtor states she owes her divorce attorney, $152,301, for representing Debtor in the Dissolution of Marriage case against Raul.

At the trial on February 25, 2022, the Ventura County Family Law Court found Debtor owned the real property prior to the marriage and further found Debtor owed Raul $91,772 for various reimbursements relating primarily to the property.

On February 25, 2022, the Ventura County Family Law Court was prepared to order the property sold so the $91,772 could be paid to Raul out of escrow. Debtor, through her family law counsel, however, requested a 90-day extension to refinance her home and raise the money to pay Raul the $91,772. Raul, through his attorney, agreed to the 90-day extension. The transcript of the hearing in the Family Law Court held on February 25, 2022, includes the following:

On page 24, lines 8 through 13, Laurie Peters, the attorney for Raul, states,

> "I would remind the court that in order to pay my client, Mrs. Ramirez is probably going to have to sell the house."

On page 59, lines 7 through 12, the Family Law Judge states,

> "Very Good. And then the parties agree as well that the wife shall have 90 days to refinance and buy-out husband. And if it does not occur within 90-days, then the parties agree the house will be listed for sale and the parties will be ordered to cooperate to effectuate the sale."

On line 17, page 59, Ms. Hartley, the Debtor's Dissolution of Marriage lawyer, states:

> "Yes, your Honor."

On page 63, the court states,

> "Well, 90 days from today is May 26th. Absent any showing that it couldn't be done by May 26th, I think that 90 days from today is appropriate. If there's a problem with a lender, certainly the parties can talk to each other and not come back to court, because nobody wants to spend more money in this case.
>
> And given that the parties have settled all the issues, it seems to the court if there's documentary notice from a lender that we need we need it …I need it…it seems reasonable to the court that if a lender in the midst of refi could do something that said we need to actually see a judgment before we can do this, Respondent ought to cooperate with that. "

As can be seen by the above exchange, Debtor, through her Family Law Counsel, represented to the Family Law Judge, that Debtor needed 90 days from February 25, 2022, to refinance her mortgage in order to pay Raul the $91,772.

The Court granted the 90-day request and ordered that if the $91,772 was not paid within 90-days of February 25, 2022, the order to sell the property would go into effect on May 26, 2022, and the parties were further ordered to cooperate to effectuate the sale of the property.

During this 90-day period between February 25, 2022, and May 26, 2022, instead of refinancing her mortgage, to raise the $91,772, Debtor stopped making her monthly mortgage payments on her 1st and 2nd mortgages, went to work for her divorce attorney's husband as a "Prayer Clerk," and filed Chapter 13 on May 25, 2022, one day before the property sale order was to go into effect.

There can be no doubt Debtor filed this Chapter 13 case solely to discharge her non-DSO obligation to Raul.

### III.
### MEMORANDUM OF POINTS & AUTHORITIES

**B. <u>Raul is a Party-in-Interest and has standing to bring this Motion.</u>**

Raul is listed in Debtor's bankruptcy schedules as an unsecured creditor holding an undisputed claim in the amount of $91,772 for a marital off-set payment due and payable per the February 25, 2022, court order.

11 U.S.C. § 1307(c) provides in part

> "On request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate…"

**C. <u>The Court has Power to Dismiss this Chapter 13 Case for Cause and with prejudice.</u>**

The power to dismiss this Chapter 13 case for cause and/or with prejudice is implied in 11 U.S.C. § 349(a), which provides in part:

> "Unless the court, for cause, orders otherwise, the Dismissal of a case under this title does not bar the Discharge, in a later case under this title, of debts that were dischargeable in the case dismissed…."

11 U.S.C. § 105(a) provides:

> "The court may issue any order, process, or judgment That is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or

implement court orders or rules, or to prevent an abuse of process."

### D. The Court should dismiss this Chapter 13 case with prejudice Because this Debtor did not file her Petition in this case in good faith.

11 U.S.C. § 1325(c)(7) provides in part:

> "Except as provided in subsection (b), the court shall Confirm a plan if (7) the action of the debtor in filing the petition was in good faith. "

In this case, the only reason the Debtor filed a Chapter 13 instead of a Chapter 7 was to discharge the non-DSO claim owed to Raul. From the Debtor's Schedules, it can be seen that she filed Chapter 7 on March 19, 2014, under Case #9:14-bk-10543-DS. Debtor received a discharge on this case on July 7, 2014. Debtor was eligible to file a Chapter 7 eight years after her previous filing or on or about March 19, 2022. By doing so, she could have discharged all of her unsecured debt of $162,000. As can be seen from Debtor's Schedules, Debtor easily could have passed the Chapter 7 Means Test. Debtor purposefully stopped paying her mortgages for 3-months, so to create a mortgage arrearage, for her Chapter 13 Plan. <u>The obvious conclusion is that Debtor filed this Chapter 13 case solely to avoid the Family Law State Court Litigation and the resulting judgment in favor of Raul from the Ventura County Superior Court.</u>

### E. The Court should dismiss this Chapter 13 Case with Prejudice because Debtor did not file her Plan in this case in Good Faith

11 U.S.C. § 1325(a)(3) provides in part:

> "Except as provided in subsection (b), the court shall confirm a plan if the plan has been proposed in good faith and not by any means forbidden by law;"

6
Notice of Motion and Motion to Dismiss or Convert Debtor's Chapter 13 to a Chapter 7

Debtor's proposed Chapter 13 Plan provides for a 2% payment to general unsecured creditors over a 36-month period. This amounts to a payment on Raul's $91,722 claim of approximately $1,800.

As previously mentioned, Debtor purposely stopped paying her mortgage in order to create a mortgage arrearage for her chapter 13 Plan. She now works for her divorce attorney as a Prayer Clerk, in order to establish herself as a Chapter 13 "wage earner".

Debtor misled the Family Law Court, so to file the Chapter 13 case before the Family Law Court entered its order directing the property be sold. Her Chapter 13 case was filed one day prior to the date the Family Law Court 's order to sell the property was to go into effect, on May 26, 2022.

The Bankruptcy Court has identified the governing 11 U.S.C. § 349(a) standard as to bad faith, as "the totality of circumstances". Under the law of the 9th Circuit as established in *Leavitt v Soto (in re Leavitt)* 171 F.3d 1219,1224, (9th Cir. 1999), *aff'g* 209 B.R. 935 (9th Cir. BAP 1997). The four objective *Leavitt* factors are:

1. Whether the Debtor misrepresented facts in her petition or plan, has unfairly manipulated the bankruptcy code, or filed a Chapter 13 Petition and Plan in an unequitable manner;

2. The Debtor's history of bankruptcy filings and dismissals;

3. Whether Debtor's only intent in filing the Chapter 13 case was to defeat State Court Litigation and/or Judgment.

      4.    Whether Debtor has engaged in egregious behavior.

Consideration of the totality of circumstances means that these four circumstances are not essential elements that need to be computed with arithmetic precision. For instance, a bankruptcy could be found to be filed in 349(a) "bad faith" even though the debtor had no prior bankruptcy cases.

Nor is malice or fraudulent intent required. But the presence of fraud, malice, or breach of fiduciary duty can be probative of egregious behavior. *Leavitt,* 171 F.3d, 1224-1225.

The Virginia Bankruptcy Court decision, *In Re Green,* 2010 WL 396253, sets out a non-exclusive list of factors to establish bad faith. 1) percentage of payment to unsecured creditors; 2) Debtor's financial situation; 3) The period /time of payments and length of plan; 4) Debtor's employment situation; 5) <u>whether the Chapter 13 is being used to discharge a debt that cannot be discharged in Chapter 7.</u>

In this case, the Debtor's percentage of payments to unsecured creditors is 2%. Debtor's financial situation is that prior to going to work for her divorce lawyer, she was, and continues to be, on disability. The Debtor's Chapter 13 Plan is 36-Months; Debtor has no realistic or reliable employment history; and finally, the Chapter 13 is being used to discharge a debt that cannot be discharged in Chapter 7.

> "11 U.S.C. § 523(a)(15) provides a discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual Debtor from any debt (15) to a spouse, to a former spouse or child of the Debtor and not of the kind described in paragraph 5 that is incurred by the Debtor in the course of a divorce or separation, or in connection

with a separation agreement, divorce decree or other order of court of record...."

F. **Debtor's Request for the 90-day Extension on the Property's Sale Order was a Forbearance Request made under False Pretenses Per 11 U.S.C. § 523(a)(2)(A) and her Chapter 13 Case was Filed in an Unequitable Manner.**

Debtor's Forbearance Request for 90-days from February 25, 2022, on the entry of the property sale order was made under false pretenses. Debtor represented to the Family Law Court she needed 90 days to refinance her mortgages to obtain the $91,772 so to pay Raul. Based on this representation, Raul stipulated to the 90-day extension on the sale order. In truth, Debtor had no means or ability to refinance her mortgages. Rather, the 90-days was used to let her mortgages go into arrears and to file her Chapter 13 Case one day before the property sale order was to go into effect. According to Debtor's Statement of Financial Affairs, she began making installment payments to a Chapter 13 bankruptcy attorney on April 6, 2022.

The courts are divided as to whether forbearance alone constitutes an extension of credit, under § 523(a)(2)(A). The majority of courts have determined a payment forbearance is "an extension of credit" under § 523(a)(2) because a delay in demanding payment fits squarely within the technical definition of an "extension." See *In re Gerlach* 897 F.2d 1048 (10th Cir 1990) and (*In re Kim*), 163 B.R. 157, 161 (9th Cir. BAP 1994), aff'd, 62 F.3d 1511 (9th Cir. 1995).

G. **The Court Should Dismiss or Convert this Case because this Debtor's Chapter 13 Plan is not Feasible.**

11 U.S.C. § 1325(a)(6) states:

> "Except as provided in subsection (b), the Court shall confirm a plan if:
>
> (6) the debtor will be able to make all payments under the plan and comply with the plan."

In this case, on February 13, 2020, Raul recorded a Notice of Lis Pendens, on the real property in conjunction with the pending Dissolution of Marriage Action. By doing so, Raul became a secured creditor on the subject real property. In the case of *In re Lane*, 980 F.2d 601 (9th Cir. 1992), the court held that,

> "Under California Law, the recording of a Lis Pendens constitutes a transfer within the meaning of 11 U.S.C. § 547(e)(1)(a). Consequently, the creditor's interest in the Lane's property was not voidable as a preference transfer.
>
> The court went on to state,
>
> "Under California law, a party attains an interest superior to subsequent purchasers upon recordation of a lis pendens. It is the fact of attainment of a superior interest, not the creation of a lien or the rendering of a judgment, that creates a transfer under the Bankruptcy Code in both California and Arizona law.
>
> Accordingly, we hold that the filing of a valid lis pendens is a transfer within the meaning of the Bankruptcy Code. Hurst's interest in the Lane's property relates back in time to the filing of the lis pendens and is therefore not avoidable as a preference."

In this case, Raul's Lis Pendens recorded February 13, 2020. The Dissolution of Marriage judgment was signed by the Court, on April 8, 2022, and entered in the Ventura County Superior Court on April 11, 2022. This bankruptcy case was filed May 25, 2022. However, for preference purposes, the transfer occurred when the Lis

Pendens recorded on February 13, 2020, which was more than one year before this bankruptcy was filed on May 25, 2022. Therefore, Raul is a secured creditor.

As a secured creditor, pursuant to 11 U.S.C. under § 1325(a)(5)(b), Debtor's Chapter 13 Plan has to provide for equal monthly periodic payments over the proposed 36-month Plan to pay in full the sum of $91,772 owed to Raul. Whether a 36-month or a 60-month Plan, Debtor has insufficient income to make the required monthly plan payments and therefore, Debtor's Chapter 13 Plan cannot be confirmed. Accordingly, this Chapter 13 case should be dismissed or converted to Chapter 7.

## IV.
## CONCLUSION

In *Goeb vs Heid*, 675 F2d. 1386 (9th Cir. 1982), the Court considered the factors for determining Chapter 13 Good Faith. The Court held that,

> "Given the nature of Bankruptcy Courts, and the absence of congressional intent to specifically define "good faith," the proper inquiry is whether the Goeb's acted equitably in proposing their Chapter 13 Plan. The court cited Securities Exchange Commission vs. United States Realty Improvement Company, 310 U.S. 434, 60 S. Ct. 1044, 1053, "A bankruptcy court is a court of equity…and is guided by equitable doctrines and principles…

Equitable doctrines and principles don't condone a Debtor representing to the Family Law Court that she needs 90-days to refinance her mortgage, so to pay Raul, then she immediately stops paying her mortgages, so to create a mortgage arrearage for

her Chapter 13 case and thereby eliminated her ability to refinance her mortgage. For all of the above reasons, the court is respectfully requested to dismiss this Chapter 13 case for cause or convert Debtor's Chapter 13 case to a case under Chapter 7, or in the alternative, determine Raul is a secured creditor.

DATED August 1, 2022          NELSON COMIS KETTLE & KINNEY, LLP

By _____
William E. Winfield, Attorney for Raul Ramirez
Party in Interest and Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5811 Olivas Park Dr., Suite 202, Ventura, CA 93003**

A true and correct copy of the foregoing document entitled (*specify*): **Raul C. Ramirez's Motion to Dismiss Debtor's Chapter 13 Case With Prejudice and/or Convert to Chapter 7, or in the Alternative Motion for Determination of Secured Creditor Status; Memorandum of Points and Authorities; Declaration of Raul C. Ramirez in Support Thereof; and Request for Judicial Notice** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 2, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

On behalf of Creditor, Wells Fargo Bank, N.A.: **Sahm Lovan**    sahm.lovan@wellsfargo.com, sahm.lovan@wellsfargo.com, **Chapter 13 Trustee: Elizabeth (SV) F Rojas (TR)**    cacb_ecf_sv@ch13wla.com, **Counsel for Debtor: John K Rounds** jrounds@rslawllp.com, rsutter@rslawllp.com,admin@rslawllp.com, **On behalf of Creditor, UNIFY Financial Federal Credit Union: Brett P Ryan**    ziggy.valerio@unifyfcu.com, bankruptcydepartment@unifyfcu.com, **Interested Party: Valerie Smith** claims@recoverycorp.com, **Interested Party: Richard L. Stevenson**    bknotice@mccarthyholthus.com, **U.S. Trustee: United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 2, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ronald A. Clifford III, U.S. Bankruptcy Court, 1415 State St., Suite 233, Santa Barbara, CA 93101; U.S. Trustee 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017; Debtor: Linda M. Ramirez, 2213 Miramar Walk, Oxnard, CA 93035

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 8, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 2, 2022 | Sandy Cuevas | /s/ Sandy Cuevas |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

Linda M. Ramirez
Ch. 13 Case No. 9:22-bk-10383-RC
All Creditors (31):

County Assessor
County Government Center, Room 100
San Luis Obispo, CA 93408-0001

County Tax Collector
P.O. Box 357
Santa Barbara, CA 93102-0357

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

~~UNIFY FINANCIAL FEDERAL CREDIT
UNION
1899 WESTERN WAY
TORRANCE CA 90501-1145~~
**Service to Counsel via NEF**

Alliance One Receivables Management
4850 Street Rd. Suite 300
Feasterville Trevose, PA 19053-6643

CCB Ulta
Box 182120
Columbus, OH 43218-2120

CMH co Century Credit
1000 S Hill Rd Ste 112
Ventura, CA 93003-4455

CMRE FINANCIAL SERVICES INC
3075 E IMPERIAL HWY STE 200
BREA CA 92821-6753

Citi
701 E 60th St N
Sioux Falls, SD 57104-0432

Convergent Outsourcing Inc.
800 SW 39th St. Suite 100
Renton, WA 98057-4927

CreditOne Bank
585 S Pilot St
Las Vegas, NV 89119-3619

Greensky
245 Ridge Ave
Towson, MD 21286-5433

Greensky,LLC
1797 North East Expressway Ste. 100
Atlanta, GA 30329-2451

Hartley Lamas et al
5700 Ralston St Ste 210
Ventura, CA 93003-7887

Kohls Cap 1
Box 3115
Milwaukee, WI 53201-3115

LBPM HOA
Box 514017
Los Angeles, CA 90051-4017

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Laurie Peters Esq
80 Wood Rd Ste 300
Camarillo, CA 93010-8397

Physician's Billing Office
PO Box 240005
Los Angeles, CA 90024-9105

Physician's Billing Office /UCLA
PO Box 240005
Los Angeles, CA 90024-9105

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA 98083-0788

~~Raul C Ramirez~~
~~4045 South A Street~~
~~Oxnard, CA 93033-6141~~
**Service to Counsel via NEF**

Resurgent Capital Services
Attn: Bankruptcy
PO Box 510090
Livonia, MI 48151-6090

Salome Brand
800 S Victoria Ave.
Ventura, CA 93009-0002

TD Target
3701 Wayzata Bl MS 4AE
Minneapolis, MN 55416-3440

TD Target
PO Box 660170
Dallas, TX 75266-0170

~~UNIFY FINANCIAL FEDERAL CREDIT~~
~~UNION~~
~~1899 WESTERN WAY~~
~~TORRANCE CA 90501-1145~~
**Duplicate**

~~Unify FCU~~
~~14500 Aviation Bl~~
~~Hawthorne, CA 90250-6655~~
**Service to Counsel via NEF**

Upgrade Inc
Box 52210
Phoenix, AZ 85072-2210

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX 77210-4457

WebBank
215 S State St Ste 1000
Salt Lake City, UT 84111-2336

Wells Fargo Bank, N.A.
Default Document Processing
MAC# N9286-01Y
P.O. Box 1629
Minneapolis, MN 55440-1629

Wells Fargo Equity Line
Box 51172
Los Angeles, CA 90051-5472

Wells Fargo Mortgage
Box 51120
Los Angeles, CA 90051-5420

~~John K Rounds~~
~~Rounds & Sutter, LLP~~
~~674 County Square Drive, Suite 108~~
~~Ventura, CA 93003-0440~~
**Service via NEF**