William E. Winfield, SBN 122055
**Nelson Comis Kettle & Kinney, LLP**
5811 Olivas Park Drive, Suite 202
Ventura, CA 93003-7857
Telephone: (805) 604-4106; Fax: (805) 604-4150
wwinfield@calattys.com

Attorneys for Raul C. Ramirez
Creditor & Interested Party

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

In Re:

    Linda M. Ramirez

                Debtor.

CASE NO.  9:22-bk-10383-RC

Chapter 13

**DECLARATION OF RAUL C. RAMIREZ IN SUPPORT OF HIS MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE OR CONVERT IT TO CHAPTER 7, AND REQUEST FOR DETERMINATION AS SECURED CREDITOR**

I, **Raul C. Ramirez**, declare:

1. I am an interested party in this action and have personal knowledge of the facts stated in this declaration and could and would competently testify thereto if called upon to do so.

2. Debtor and I married on August 6, 2011 and separated on or about July 2, 2017. However, prior to this marriage, we lived together as husband and wife, on and off, for about 15 years over a 30-year period, I raised Debtor's oldest son from her prior marriage and the two of us had two children of our own. All three children are now adults.

1

Notice of Motion and Motion to Dismiss or Convert Debtor's Chapter 13 to a Chapter 7

3. On April 17, 2002, while Debtor and I were not married, Debtor purchased the real property commonly known as 2213 Miramar Walk, Oxnard, California, 93035 and hereinafter referred to as "the property" in her name only. The purchase price was $170,000 and the purchase mortgage was $159,600.

4. On July 6, 2017, Debtor filed a legal separation action against me in Ventura County Superior Court under Case #D382866; it was later changed to a Dissolution of Marriage action. I was served with process on the case on July 16, 2017 and filed my response on November 6, 2017.

5. After protracted and acrimonious litigation in the Family Law Court, the case finally went to trial in Ventura County Superior Court on February 25, 2022, before Honorable Judge Michael L. Lief.

6. An indication of how protracted this divorce litigation was, is Debtor's Schedule F filed in her Chapter 13 case. Debtor states she owes her divorce attorney, $152,301 for representing Debtor in the Dissolution of Marriage action against me.

7. At the trial on February 25, 2022, the Family Law Court found Debtor owned the real property prior to our marriage and further found Debtor owed me $91,772 for various reimbursements relating primarily to the property.

8. On February 25, 2022, the Ventura County Family Law Court was prepared to order the property sold so the $91,772 could be paid to me out of escrow. Debtor, through her family law counsel, however, represented Debtor could refinance her existing mortgage and requested a 90-day extension to refinance her home to raise the money to pay me the $91,772. Through my attorney, I

agreed to this 90-day extension. The transcript of hearing in the Family Law Court held on February 25, 2022 regarding this request includes the following:

On page 24, lines 8 through 13, Laurie Peters, the attorney for Raul, states,

> "I would remind the court that in order to pay my client,
> Mrs. Ramirez is probably going to have to sell the house."

On page 59, lines 7 through 12, the Family Law Judge states,

> "Very Good. And then the parties agree as well that the wife
> shall have 90 days to refinance and buy-out husband. And if
> it does not occur within 90-days, then the parties agree the
> house will be listed for sale and the parties will be ordered to
> cooperate to effectuate the sale."

On line 17, page 59, Ms. Hartley, the Debtor's Dissolution of Marriage lawyer, states:

> "Yes, your Honor."

On page 63, the court states,

> "Well, 90 days from today is May 26th. Absent any showing that
> it couldn't be done by May 26th, I think that 90 days from today
> is appropriate. If there's a problem with a lender, certainly the
> parties can talk to each other and not come back to court,
> because nobody wants to spend more money in this case.
>
> And given that the parties have settled all the issues, it seems to
> the court if there's documentary notice from a lender that we
> need we need it …I need it…it seems reasonable to the court
> that if a lender in the midst of refi could do something that said
> we need to actually see a judgment before we can do this,
> Respondent ought to cooperate with that. "

9. As can be seen by the above exchange, Debtor, through her Family Law Counsel, represented to the Family Law Judge, that Debtor needed 90 days from February 25, 2022 to refinance her mortgage in order to pay me the $91,772.

10. The Court granted the 90-day request and ordered that if the $91,772 was not paid within 90-days of February 25, 2022, the order to sell the property would go into effect on May 26, 2022, and the parties were further ordered to cooperate to effectuate the sale of the property.

11. During this 90-day period between February 25, 2022, and May 26, 2022, instead of refinancing her mortgage, to raise the $91,772, Debtor stopped making her monthly mortgage payments on her 1st and 2nd mortgages, went to work for her divorce attorney's husband as a "Prayer Clerk," and filed Chapter 13 on May 25, 2022, one day before the property sale order was to go into effect.

12. Filed with this Motion is my request for the Court to take Judicial Notice of a Certified Reporter's transcript of the February 25, 2022, Ventura County Superior Court's Family Law trial in Ramirez vs Ramirez, Case #D382866. Also, I request the Clerk to take Judicial Notice of my Dissolution of Marriage Judgment in Case D382866, dated April 8, 2022 and filed with the Ventura County Superior Court on April 11, 2022.  Of interest is, the Debtor, two days prior to the Judge signing this Judgment and Dissolution, had already paid her Chapter 13 bankruptcy attorney the initial Chapter 13 Retainer.

13. I am also requesting the Court take Judicial Notice of the Lis Pendens / Pendency of Action filed in the Dissolution of Marriage action and recorded in the Ventura County Recorder's Office on February 13, 2020, as instrument number 20200213-00019739-0 1/3, as evidence of my status as a secured creditor in this Chapter 13 bankruptcy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. This Declaration was executed on August ___, 2022, at Ventura, California.

_____
Raul C. Ramirez