William E. Winfield, SBN 122055
**Nelson Comis Kettle & Kinney, LLP**
5811 Olivas Park Drive, Suite 202
Ventura, CA 93003-7857
Telephone: (805) 604-4106; Fax: (805) 604-4150
wwinfield@calattys.com

Attorneys for Raul C. Ramirez
Creditor & Interested Party

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In Re:<br><br>    Linda M. Ramirez<br><br><br>                Debtor. | CASE NO.  9:22-bk-10383-RC<br><br>**Chapter 13**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RAUL C. RAMIREZ'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE FOR CAUSE AND OR CONVERT TO A CASE UNDER CHAPTER 7**<br><br>**DATE: September 15, 2022**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 201** |

    **COMES NOW,** party in interest and creditor, Raul C. Ramirez, hereinafter referred to as "Raul" and requests the court to take Judicial Notice of the documents attached hereto in support of Raul's Motion to Dismiss and/or convert Debtor's Chapter 13 case.

///

1

# MEMORANDUM OF POINTS & AUTHORITIES

## A. Rule 201.  Judicial Notice of Adjudicative Facts

(a) **Scope.**  This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

(b) **Kinds of Facts That May Be Judicially Noticed.**  The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) generally known within the trial court's territorial jurisdiction; or
can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c) **Taking Notice.**  The court:

(1) may take judicial notice on its own; or
(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d) **Timing.**  The court may take judicial notice at any stage of the proceeding.

(e) **Opportunity to Be Heard.**  On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

## B. The Court Can Take Judicial Notice of the Bankruptcy Court's Own Records

It is generally accepted that a bankruptcy judge may take judicial notice of the bankruptcy court's records.  *In re Ranieri*, 598 B.R. 450 (Bankr. N.D. Ill. 2019) (Bankruptcy court can take judicial notice of its own records, including a debtor's bankruptcy schedules.); *In re Faulkner*, 593 B.R. 263 (Bankr. E.D. Pa. 2018).

## C. The Court Can Take Judicial Notice of Documents Filed in Another Court

"A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774.

**D. A Bankruptcy Judge has Discretion to Take Judicial Notice of the Bankruptcy File.**

In determining certain issues such as "good faith" and motions to dismiss or to appoint a trustee, a bankruptcy judge has broad discretion to take judicial notice of the entire file as to what has or has not been filed and the outcome of previous proceedings brought before the court.  Note that these facts are properly noticed because they are beyond dispute. *In re Johnson*, 210 B.R. 134 (Bankr. W.D. Tenn. 1997)

**DOCUMENTS SUBJECT TO JUDICIAL NOTICE**          **EXHIBIT**

1. Debtor's Petitions, Schedules, Statement of Financial Affairs,     **A**
   and related documents filed on May 25, 2022, under Case
   #9:22-bk-10383-RC.

2. Debtor's proposed Chapter 13 Plan, filed on June 8, 2022     **B**
   In Case #9:22-bk-10383-RC.

3. A Certified Reporter's Transcript of the February 25, 2022,     **C**
   Ventura County Superior Court Family Law proceeding in
   Ramirez vs. Ramirez, Case #D382866

4. In re Marriage of Linda & Raul Ramirez Judgment of Dissolution     **D**
   Of Marriage, Case #382866, dated April 8, 2022, and filed in the
   Ventura County Superior Court on April 11, 2022.

5. Raul Ramirez's Notice of Lis Pendens/Pendency of Action, filed     **E**
   in case entitled, Linda Ramirez vs. Raul Ramirez, Ventura County
   Superior Court, Case #D382866, recorded in the Ventura County
   Recorder's Office on February 13, 2020, as Instrument number
   20200213-00019739-0 1/3.

DATED  August ___, 2022       **NELSON COMIS KETTLE & KINNEY, LLP**

                              **By** _____

                              **William E. Winfield, Attorney for Raul Ramirez**
                              **Party in Interest and Secured Creditor**

Request for Judicial Notice in Support of Raul C. Ramirez's Motion to Dismiss Debtor's Chapter 13 Case

# EXHIBIT "A"

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☒ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

02/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | Your full name<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Linda<br>First name<br><br>M<br>Middle name<br><br>Ramirez<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | All other names you have used in the last 8 years<br><br>Include your married or maiden names. | | |
| 3. | Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN) | xxx-xx-7131 | |

Exh. A Page 02 of 55

| Debtor 1 | Linda M Ramirez | | Case number (if known) | |

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☑ I have not used any business name or EINs.

☐ I have not used any business name or EINs.

Business name(s)

Business name(s)

EIN

EIN

---

**5. Where you live**

2213 Miramar Walk
Oxnard, CA 93035
Number, Street, City, State & ZIP Code

Ventura
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

Number, Street, City, State & ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here.  Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

---

**6. Why you are choosing *this district* to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

---

| Debtor 1 | Linda M Ramirez | | Case number (if known) | |

---

**Part 2:    Tell the Court About Your Bankruptcy Case**

7. **The chapter of the Bankruptcy Code you are choosing to file under**

   *Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

   ☐ Chapter 7

   ☐ Chapter 11

   ☐ Chapter 12

   ☑ Chapter 13

8. **How you will pay the fee**

   ☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

   ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

   ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

9. **Have you filed for bankruptcy within the last 8 years?**

   ☑ No.

   ☐ Yes.

   | District | _____ | When | _____ | Case number | _____ |
   | District | _____ | When | _____ | Case number | _____ |
   | District | _____ | When | _____ | Case number | _____ |

10. **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

    ☑ No

    ☐ Yes.

    | Debtor | _____ | | Relationship to you | _____ |
    | District | _____ | When | Case number, if known | _____ |
    | Debtor | _____ | | Relationship to you | _____ |
    | District | _____ | When | Case number, if known | _____ |

11. **Do you rent your residence?**

    ☑ No.    Go to line 12.

    ☐ Yes.    Has your landlord obtained an eviction judgment against you?

    ☐    No. Go to line 12.

    ☐    Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Exh. A Page 04 of 55

| Debtor 1 | Linda M Ramirez | | Case number (if known) | |

---

**Part 3:** **Report About Any Businesses You Own as a Sole Proprietor**

**12.** Are you a sole proprietor of any full- or part-time business?

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No.   Go to Part 4.

☐ Yes.   Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐   None of the above

---

**13.** Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**Part 4:** **Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14.** Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.   What is the hazard?   _____

If immediate attention is needed, why is it needed?   _____

Where is the property?   _____
_____
Number, Street, City, State & Zip Code

---

Exh. A Page 05 of 55

Debtor 1    __Linda M Ramirez__                                          Case number *(if known)*  _____

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
|  | *You must check one:* | *You must check one:* |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1 __Linda M Ramirez_____                Case number *(if known)* _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16.** What kind of debts do you have?

**16a.** Are your debts primarily **consumer debts**? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

**16b.** Are your debts primarily **business debts**? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

_____

**17.** Are you filing under Chapter 7?

■ No.    I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes.    I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18.** How many Creditors do you estimate that you owe?

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19.** How much do you estimate your assets to be worth?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**20.** How much do you estimate your liabilities to be?

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

*Linda M Ramirez* (signature)

__Linda M Ramirez_____
Signature of Debtor 1

Executed on __5/25/2022__
                MM / DD / YYYY

_____
Signature of Debtor 2

Executed on _____
                MM / DD / YYYY

Debtor 1    __Linda M Ramirez__                                     Case number (if known) _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

_____        Date    __5/25/2022__
Signature of Attorney for Debtor                              MM / DD / YYYY

**John K Rounds**
Printed name

**Rounds & Sutter, LLP**
Firm name

**674 County Square Drive, Suite 108**
**Ventura, CA 93003**
Number, Street, City, State & ZIP Code

Contact phone  **805-650-7100**                 Email address    **admin@rslawllp.com**

**170531 CA**
Bar number & State

---

# STATEMENT OF RELATED CASES
# INFORMATION REQUIRED BY LBR 1015-2
# UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    **Chapter 7 consumer, 9:14-10543 DS, filed 3/19/2014, discharged 7/7/2014, Central District of CA, Northern Division**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    **None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    **None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at __Ventura_____, California.

Date: __5/25/2022_____

_Linda M Ramirez_
Linda M Ramirez
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                Page 1            **F 1015-2.1.STMT.RELATED.CASES**

Exh. A Page 09 of 55

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Linda M Ramirez** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | | Your assets Value of what you own |
|---|---|---|
| 1. | Schedule A/B: Property (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................ | $ 476,500.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B.................................. | $ 22,498.27 |
| | 1c. Copy line 63, Total of all property on Schedule A/B............................................ | $ 498,998.27 |

### Part 2:    Summarize Your Liabilities

| | | Your liabilities Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... | $ 136,256.44 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $ 264,008.36 |
| | Your total liabilities | $ 400,264.80 |

### Part 3:    Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I) | |
| | Copy your combined monthly income from line 12 of *Schedule I*............................................................. | $ 3,512.46 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) | |
| | Copy your monthly expenses from line 22c of *Schedule J*.................................................................... | $ 2,923.25 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6.  Are you filing for bankruptcy under Chapters 7, 11, or 13?

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

7.  What kind of debt do you have?

☑ Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ Your debts are not primarily consumer debts. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    **Linda M Ramirez**                                                    Case number *(if known)*

8. **From the** *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.    $    400.00

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| From Part 4 on *Schedule E/F,* copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $    0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $    0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $    0.00 |
| 9d. Student loans. (Copy line 6f.) | $    0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $    0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$    0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $    0.00 |

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Linda M Ramirez | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | _____ | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☑ Yes. Where is the property?

---

1.1

**2213 Miramar Walk**
Street address, if available, or other description

**Oxnard**       **CA**    **93035-0000**
City              State    ZIP Code

**Ventura**
County

**What is the property?** Check all that apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $476,500.00 | $476,500.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

☐ Check if this is community property (see instructions)

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................=>      $476,500.00

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

---

Debtor 1    **Linda M Ramirez**                                      Case number *(if known)* _____

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **Chevrolet** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

| | Model: | **Malibu** | ■ Debtor 1 only | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|---|---|---|
| | Year: | **2011** | ☐ Debtor 2 only | | |
| | Approximate mileage: | **130,000** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other Information: | | ☐ At least one of the debtors and another | | |
| | | | ☐ Check if this is community property (see instructions) | $2,970.00 | $2,970.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories*

■ No
☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................⇒ | $2,970.00 |

**Part 3:  Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

**6. Household goods and furnishings**
*Examples: Major appliances, furniture, linens, china, kitchenware*
☐ No
■ Yes.  Describe.....

| Household goods, Furniture | $1,800.00 |
|---|---|

**7. Electronics**
*Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games*
☐ No
■ Yes.  Describe.....

| Household electronic equipment | $1,200.00 |
|---|---|

**8. Collectibles of value**
*Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles*
☐ No
■ Yes.  Describe.....

| Household print/reproduction art | $200.00 |
|---|---|

**9. Equipment for sports and hobbies**
*Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments*
☐ No
■ Yes.  Describe.....

Debtor 1   **Linda M Ramirez**                                          Case number *(if known)*

| | |
|---|---|
| Sporting goods | $200.00 |

**10. Firearms**
  *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
  ■ No
  ☐ Yes. Describe.....

**11. Clothes**
  *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
  ☐ No
  ■ Yes. Describe.....

| | |
|---|---|
| Clothes, shoes, jackets | $550.00 |

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
  ☐ No
  ■ Yes. Describe.....

| | |
|---|---|
| Rings, watches, costume jewelry | $900.00 |

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ■ No
  ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ■ No
  ☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...............................................

| |
|---|
| $4,850.00 |

**Part 4:   Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ☐ No
  ■ Yes.........................................................................

                                                         **Cash**          $40.00

**17. Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
  ☐ No
  ■ Yes.......................                Institution name:

                                             **Penfed FCU, 5 Christys Dr Ste 204, Chadds Ford, PA 19317, ac xxxx3690, Debtors**
                 17.1.   **Savings**         **Savings, from disability**          $5.00

---

| Debtor 1 | Linda M Ramirez | | Case number *(if known)* | |
|---|---|---|---|---|

|  | 17.2. | Savings | Premier America CU, Box 2178, Chatsworth, CA 91313, ac xxxx1641, Debtors Savings, from Social Security | $5.00 |
|  | 17.3. | Checking | Premier America CU, Box 2178, Chatsworth, CA 91313, ac xxxx1642, Debtors Savings, from Social Security | $214.27 |

**18. Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes.  Give specific information about them...................
                    Name of entity:                            % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
                    Issuer name:

**21. Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ☐ No
    ■ Yes. List each account separately.
                    Type of account:            Institution name:

|  | Retirement Savings | CalPERS, 400 Q Street, Sacramento, CA 95811, ac xxx xx 7131, held in the name of Debtor, from wages | $14,014.00 |
|---|---|---|---|

**22. Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ☐ No
    ■ Yes. ....................    Institution name or individual:

|  | Rent | Security Deposit: Tenant Joanna Pattont, held for rental lease agreement at 2213 Miramar Walk, Oxnard, CA 93035 | $400.00 |
|---|---|---|---|

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
    ■ No
    ☐ Yes.............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1  **Linda M Ramirez**                                    Case number *(if known)* _____

☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**

                                         **Current value of the
portion you own?**
Do not deduct secured
claims or exemptions.

**28. Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

                                          _____

**29. Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
        benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes.  Give specific information..

**31. Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
                    Company name:                    Beneficiary:                    Surrender or refund
                                                                          value:

**32. Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here...................................................................................    | **$14,678.27** |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37. Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    __Linda M Ramirez__                                                Case number *(if known)*    _____

---

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

---

**Part 7:**   Describe All Property You Own or Have an Interest In That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................      | $0.00 |

---

**Part 8:**   List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55. Part 1: Total real estate, line 2 ................................................................................ | | $476,500.00 |
| 56. Part 2: Total vehicles, line 5 | $2,970.00 | |
| 57. Part 3: Total personal and household items, line 15 | $4,850.00 | |
| 58. Part 4: Total financial assets, line 36 | $14,678.27 | |
| 59. Part 5: Total business-related property, line 45 | $0.00 | |
| 60. Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. Part 7: Total other property not listed, line 54    + | $0.00 | |
| 62. Total personal property. Add lines 56 through 61... | $22,498.27 | Copy personal property total   $22,498.27 |
| 63. Total of all property on Schedule A/B. Add line 55 + line 62 | | $498,998.27 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Linda M Ramirez | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:** Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>Check only one box for each exemption | Specific laws that allow exemption |
|---|---|---|---|
| 2213 Miramar Walk Oxnard, CA 93035<br>Ventura County<br>Line from *Schedule A/B*: 1.1 | $476,500.00 | ■ $344,120.46<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| 2011 Chevrolet Malibu 130,000 miles<br>Line from *Schedule A/B*: 3.1 | $2,970.00 | ■ $2,970.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| Household goods, Furniture<br>Line from *Schedule A/B*: 6.1 | $1,800.00 | ■ $1,800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Household electronic equipment<br>Line from *Schedule A/B*: 7.1 | $1,200.00 | ■ $1,200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Household print/reproduction art<br>Line from *Schedule A/B*: 8.1 | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

Debtor 1    Linda M Ramirez                                    Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Sporting goods**<br>Line from *Schedule A/B:* **9.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Clothes, shoes, jackets**<br>Line from *Schedule A/B:* **11.1** | $550.00 | ■ $550.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Rings, watches, costume jewelry**<br>Line from *Schedule A/B:* **12.1** | $900.00 | ■ $900.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Savings: Penfed FCU, 5 Christys Dr Ste 204, Chadds Ford, PA 19317, ac xxxx3690, Debtors Savings, from disability**<br>Line from *Schedule A/B:* **17.1** | $5.00 | ■ $5.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.080 |
| **Savings: Premier America CU, Box 2178, Chatsworth, CA 91313, ac xxxx1641, Debtors Savings, from Social Security**<br>Line from *Schedule A/B:* **17.2** | $5.00 | ■ $5.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.080 |
| **Checking: Premier America CU, Box 2178, Chatsworth, CA 91313, ac xxxx1642, Debtors Savings, from Social Security**<br>Line from *Schedule A/B:* **17.3** | $214.27 | ■ $214.27<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.080 |
| **Retirement Savings: CalPERS, 400 Q Street, Sacramento, CA 95811, ac xxx xx 7131, held in the name of Debtor, from wages**<br>Line from *Schedule A/B:* **21.1** | $14,014.00 | ■ $14,014.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.110 |
| **Rent: Security Deposit: Tenant Joanna Pattont, held for rental lease agreement at 2213 Miramar Walk, Oxnard, CA 93035**<br>Line from *Schedule A/B:* **22.1** | $400.00 | ■ $400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |

3. Are you claiming a homestead exemption of more than $189,050?
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ■ No

       ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Linda M Ramirez |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral | Unsecured |
| | | Do not deduct the | that supports this | portion |
| | | value of collateral. | claim | if any |
| **2.1** LBPM HOA | Describe the property that secures the claim: | $9,234.00 | $476,500.00 | $0.00 |
| Creditor's Name | 2213 Miramar Walk Oxnard, CA 93035  Ventura County | | | |

Box 514017
Los Angeles, CA 90051

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
■ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right of offset) _____

Date debt was incurred  5/2022        Last 4 digits of account number  0877

Debtor 1    Linda M Ramirez                              Case number (if known)

First Name     Middle Name           Last Name

| 2.2 | Wells Fargo Equity Line | Describe the property that secures the claim: | $42,973.58 | $476,500.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**2213 Miramar Walk Oxnard, CA 93035 Ventura County**

Box 51172
Los Angeles, CA 90051

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

Nature of lien. Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred   2009      Last 4 digits of account number   0001

| 2.3 | Wells Fargo Mortgage | Describe the property that secures the claim: | $84,048.86 | $476,500.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**2213 Miramar Walk Oxnard, CA 93035 Ventura County**

Box 51120
Los Angeles, CA 90051

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

Nature of lien. Check all that apply.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred   2009      Last 4 digits of account number   3059

Add the dollar value of your entries in Column A on this page. Write that number here:     **$136,256.44**

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:     **$136,256.44**

**Part 2:**   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | Linda M Ramirez | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | |
| Case number | | |
| (if known) | | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?

   ■ No. Go to Part 2.
   ☐ Yes.

**Part 2:**    List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| 4.1 | CCB Ulta | Last 4 digits of account number   6959 | $152.00 |
| | Nonpriority Creditor's Name | | |
| | Box 182120 | When was the debt incurred?   2/2022 | |
| | Columbus, OH 43218 | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims.
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   misc purchases

---

Debtor 1  __Linda M Ramirez__                                    Case number (if known) _____

| 4.2 | __Citi__ | Last 4 digits of account number  __8476__ | $1,956.00 |
|---|---|---|---|

Nonpriority Creditor's Name
__701 E 60th St N__
__Sioux Falls, SD 57104__
Number Street City State Zip Code

When was the debt incurred?  __2/2022__

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  __credit card__

---

| 4.3 | __CMH co Century Credit__ | Last 4 digits of account number  __51N1__ | $700.00 |
|---|---|---|---|

Nonpriority Creditor's Name
__1000 S Hill Rd Ste 112__
__Ventura, CA 93003__
Number Street City State Zip Code

When was the debt incurred?  __2020__

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  __medical collection__

---

| 4.4 | __Convergent Outsourcing Inc.__ | Last 4 digits of account number  __2228__ | $137.00 |
|---|---|---|---|

Nonpriority Creditor's Name
__800 SW 39th St. Suite 100__
__Renton, WA 98057__
Number Street City State Zip Code

When was the debt incurred?  __2021__

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  __Past due utilities__

---

Debtor 1  __Linda M Ramirez__                                    Case number (if known) _____

| 4.5 | **CreditOne Bank** |
|---|---|

Nonpriority Creditor's Name

585 S Pilot St
**Las Vegas, NV 89119**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number  __7572__          $1,842.00

When was the debt incurred?  __2021__

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  __credit card__

---

| 4.6 | **Greensky** |
|---|---|

Nonpriority Creditor's Name

245 Ridge Ave
**Towson, MD 21286**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number  __8887__          $911.00

When was the debt incurred?  __2021__

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  __personal loan__

---

| 4.7 | **Hartley Lamas et al** |
|---|---|

Nonpriority Creditor's Name

5700 Ralston St Ste 210
**Ventura, CA 93003**
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

■ No
☐ Yes

Last 4 digits of account number  __2809__          $152,301.00

When was the debt incurred?  __2/2022__

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  __legal fees__

---

Debtor 1  Linda M Ramirez _____    Case number (if known) _____

| 4.8 | Kohls Cap 1 | Last 4 digits of account number  9961 | $413.00 |

**Kohls Cap 1**
Nonpriority Creditor's Name
Box 3115
Milwaukee, WI 53201
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred?    2021

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **misc purchases**

---

| 4.9 | LBPM HOA | Last 4 digits of account number  0877 | $878.00 |

**LBPM HOA**
Nonpriority Creditor's Name
Box 514017
Los Angeles, CA 90051
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred?    2022

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Pre-Petition HOA Fees Not Secured By HOA Lien**

---

| 4.10 | LBPM HOA | Last 4 digits of account number  0877 | $4,605.36 |

**LBPM HOA**
Nonpriority Creditor's Name
Box 514017
Los Angeles, CA 90051
Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**

■ No
☐ Yes

When was the debt incurred?    2014-2022

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Unsecured annual interest amounts accruing after LBPM HOA's Notice of Lien recordation.**

---

Official Form 106 E/F          Schedule E/F: Creditors Who Have Unsecured Claims          Page 4 of 8

Debtor 1 __Linda M Ramirez__                                                    Case number (if known) _____

| 4.1 1 | **Physician's Biling Office** | Last 4 digits of account number | 7200 | $150.00 |

Nonpriority Creditor's Name
PO Box 240005
Los Angeles, CA 90024
Number Street City State Zip Code

When was the debt incurred? __2/8/2021__

Who Incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify __Medical__

---

| 4.1 2 | **Physician's Biling Office /UCLA** | Last 4 digits of account number | 7202 | $1,120.00 |

Nonpriority Creditor's Name
PO Box 240005
Los Angeles, CA 90024
Number Street City State Zip Code

When was the debt incurred? __11/30/2021__

Who Incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify __Medical__

---

| 4.1 3 | **Raul C Ramirez** | Last 4 digits of account number | marriage of Ramirez | $91,772.00 |

Nonpriority Creditor's Name
4045 South A Street
Oxnard, CA 93030
Number Street City State Zip Code

When was the debt incurred? __2/25/2022__

Who Incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a  community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify __Marital offset payment from 2/25/22 Order__

---

Exh. A Page 26 of 55

Debtor 1  __Linda M Ramirez__                                    Case number (if known) _____

| 4.1 4 | **Salome Brand** | Last 4 digits of account number | **irez** | $78.00 |

Nonpriority Creditor's Name
**800 S Victoria Ave.**
**Ventura, CA 93009**
Number Street City State Zip Code

When was the debt incurred?   __2/2022__

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  __misc services__

---

| 4.1 5 | **TD Target** | Last 4 digits of account number | **1141** | $1,290.00 |

Nonpriority Creditor's Name
**3701 Wayzata Bl MS 4AE**
**Minneapolis, MN 55416**
Number Street City State Zip Code

When was the debt incurred?   __2021__

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  __misc purchases__

---

| 4.1 6 | **TD Target** | Last 4 digits of account number | **4794** | $1,060.00 |

Nonpriority Creditor's Name
**PO Box 660170**
**Dallas, TX 75266-0170**
Number Street City State Zip Code

When was the debt incurred?   __2019__

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☑ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  __Credit card__

---

Debtor 1    **Linda M Ramirez**                                                         Case number *(if known)* _____

---

| 4.1 7 | **Unify FCU** | Last 4 digits of account number | **0002** | $2,028.00 |

Nonpriority Creditor's Name

**14500 Aviation Bl**
**Hawthorne, CA 90250**
Number Street City State Zip Code

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

☑ No
☐ Yes

When was the debt incurred?    **2021**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **credit card**

---

| 4.1 8 | **Upgrade Inc** | Last 4 digits of account number | **xx25** | $1,415.00 |

Nonpriority Creditor's Name

**Box 52210**
**Phoenix, AZ 85072**
Number Street City State Zip Code

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

☑ No
☐ Yes

When was the debt incurred?    **2020**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **personal loan**

---

| 4.1 9 | **WebBank** | Last 4 digits of account number | **37A6** | $1,200.00 |

Nonpriority Creditor's Name

**215 S State St Ste 1000**
**Salt Lake City, UT 84111**
Number Street City State Zip Code

Who incurred the debt? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

☑ No
☐ Yes

When was the debt incurred?    **2019**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **personal loan**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address                              On which entry in Part 1 or Part 2 did you list the original creditor?

Official Form 106 E/F                 Schedule E/F: Creditors Who Have Unsecured Claims                    Page 7 of 8

| Debtor 1 | Linda M Ramirez | | Case number (if known) | |

| | | | |
|---|---|---|---|
| **Alliance One Receivables Management**<br>4850 Street Rd. Suite 300<br>Feasterville Trevose, PA 19053 | Line **4.16** of (Check one): | ☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims | |
| | Last 4 digits of account number | 4794 | |
| Name and Address<br>**CMRE Financial Services, Inc.**<br>3075 E. Imperial Hwy Suite 200<br>Brea, CA 92821-6753 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.12** of (Check one): | ☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims | |
| | Last 4 digits of account number | 8459 | |
| Name and Address<br>**CMRE Financial Services, Inc.**<br>3075 E. Imperial Hwy Suite 200<br>Brea, CA 92821-6753 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.11** of (Check one): | ☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims | |
| | Last 4 digits of account number | 8458 | |
| Name and Address<br>**Laurie Peters Esq**<br>80 Wood Rd Ste 300<br>Camarillo, CA 93010 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.13** of (Check one): | ☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims | |
| | Last 4 digits of account number | | |
| Name and Address<br>**Resurgent Capital Services**<br>Attn: Bankruptcy<br>PO Box 510090<br>Livonia, MI 48151-6090 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.5** of (Check one): | ☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims | |
| | Last 4 digits of account number | 4263 | |

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

|   | | | | | **Total Claim** |
|---|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ | 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ | 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ | 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority. Add lines 6a through 6d.** | 6e. | $ | 0.00 |
| | | | | | **Total Claim** |
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ | 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ | 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 264,008.36 |
| | 6j. | **Total Nonpriority. Add lines 6f through 6i.** | 6j. | $ | 264,008.36 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Linda M Ramirez | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106G

### Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  Do you have any executory contracts or unexpired leases?
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases:

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1   Tenant: Joanna Patton<br>2213 Miramar Walk<br>Oxnard, CA 93035 | Room Rental: 2213 Miramar Walk, Oxnard, CA 93035, $800.00 month to month, since 5/2022, $400.00 Security Deposit. |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Linda M Ramirez |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors
12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

    ☐ No
    ■ Yes.

    In which community state or territory did you live?    -NONE-    . Fill in the name and current address of that person.

    _____
    Name of your spouse, former spouse, or legal equivalent
    Number, Street, City, State & Zip Code

3. **In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: Your codebtor<br>Name, Number, Street, City, State and ZIP Code | Column 2: The creditor to whom you owe the debt<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>Number    Street<br>City    State    ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>Number    Street<br>City    State    ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

| | | |
|---|---|---|
| Official Form 106H | Schedule H: Your Codebtors | Page 1 of 1 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Linda M Ramirez |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number<br>(if known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Prayer Clerk *Prayer Clerk* | |
| Employer's name | Hallel LLC | |
| Employer's address | 5700 Ralston St Ste 200<br>Ventura, CA 93003 | |
| How long employed there? | Since 3/1/2022 | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 1,200.00 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | 3. +$ 0.00 | +$ N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. $ 1,200.00 | $ N/A |

Debtor 1  __Linda M Ramirez__                                    Case number *(if known)* _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ............................................................ | 4. | $ 1,200.00 | $ N/A |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 45.90 | $ N/A |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. Insurance | 5e. | $ 12.64 | $ N/A |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ N/A |

| | | | |
|---|---|---|---|
| 6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 58.54 | $ N/A |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 1,141.46 | $ N/A |

8. **List all other income regularly received:**

| | | | |
|---|---|---|---|
| 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. Social Security | 8e. | $ 1,346.00 | $ N/A |
| 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: __Food Stamps__ | 8f. | $ 225.00 | $ N/A |
| 8g. Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. Other monthly income. Specify: __Room Rental income__ | 8h.+ | $ 800.00 + | $ N/A |

| | | | |
|---|---|---|---|
| 9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,371.00 | $ N/A |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10. **Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 3,512.46 | + $ N/A | = | $ 3,512.46 |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____                                    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies

| | |
|---|---|
| 12. | $ 3,512.46 |

Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**

■ No.
☐ Yes. Explain: [_____]

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 **Linda M Ramirez** | |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA** | |
| Case number (if known) | |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1.   **Is this a joint case?**

■ No. Go to line 2.

☐ Yes. Does Debtor 2 live in a separate household?

☐ No

☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.   **Do you have dependents?**   ■ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents names.

☐ Yes. Fill out this information for each dependent.............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
| --- | --- | --- |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3.   **Do your expenses include expenses of people other than yourself and your dependents?**

■ No
☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | |
| --- | --- | --- |
| 4.   The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4.  $ | 1,154.66 |
| If not included in line 4: | | |
| 4a.   Real estate taxes | 4a.  $ | 0.00 |
| 4b.   Property, homeowner's, or renter's insurance | 4b.  $ | 0.00 |
| 4c.   Home maintenance, repair, and upkeep expenses | 4c.  $ | 50.00 |
| 4d.   Homeowner's association or condominium dues | 4d.  $ | 360.00 |
| 5.   Additional mortgage payments for your residence, such as home equity loans | 5.  $ | 394.73 |

Debtor 1  **Linda M Ramirez**                                         Case number (if known)

| 6. | Utilities: | | |
|---|---|---|---|
| | 6a. | Electricity, heat, natural gas | 6a. $ 120.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ 135.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ 65.00 |
| | 6d. | Other. Specify: | 6d. $ 0.00 |
| 7. | Food and housekeeping supplies | | 7. $ 300.00 |
| 8. | Childcare and children's education costs | | 8. $ 0.00 |
| 9. | Clothing, laundry, and dry cleaning | | 9. $ 45.00 |
| 10. | Personal care products and services | | 10. $ 45.00 |
| 11. | Medical and dental expenses | | 11. $ 20.00 |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ 150.00 |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | | 13. $ 20.00 |
| 14. | Charitable contributions and religious donations | | 14. $ 0.00 |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. | Life insurance | 15a. $ 0.00 |
| | 15b. | Health insurance | 15b. $ 0.00 |
| | 15c. | Vehicle insurance | 15c. $ 63.86 |
| | 15d. | Other insurance. Specify: | 15d. $ 0.00 |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ 0.00 |
| 17. | Installment or lease payments: | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ 0.00 |
| | 17c. | Other. Specify: | 17c. $ 0.00 |
| | 17d. | Other. Specify: | 17d. $ 0.00 |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I). | | 18. $ 0.00 |
| 19. | Other payments you make to support others who do not live with you. Specify: | | 19. |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*. | | |
| | 20a. | Mortgages on other property | 20a. $ 0.00 |
| | 20b. | Real estate taxes | 20b. $ 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ 0.00 |
| 21. | Other: Specify: | | 21. +$ 0.00 |

| 22. | Calculate your monthly expenses | | |
|---|---|---|---|
| | 22a. Add lines 4 through 21. | 22a. | $ 2,923.25 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | $ |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | $ 2,923.25 |

| 23. | Calculate your monthly net income. | | |
|---|---|---|---|
| | 23a. Copy line 12 (*your combined monthly income*) from Schedule I. | 23a. | $ 3,512.46 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ 2,923.25 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ 589.21 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.     | Explain here: |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Linda M Ramirez |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _Linda M Ramirez_    X _____
Linda M Ramirez    Signature of Debtor 2
Signature of Debtor 1

Date  5/25/22    Date _____

Official Form 106Dec    Declaration About an Individual Debtor's Schedules

**Fill in this information to identify your case:**

Debtor 1    Linda M Ramirez
            First Name        Middle Name        Last Name

Debtor 2
(Spouse if, filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)    _____

☐ Check if this is an
   amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy          04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  What is your current marital status?

    ☐  Married
    ■  Not married

2.  During the last 3 years, have you lived anywhere other than where you live now?

    ■  No
    ☐  Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

    | Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
    |---|---|---|---|

3.  Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ☐  No
    ■  Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  Did you have any income from employment or from operating a business during this year or the two previous calendar years?
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐  No
    ■  Yes. Fill in the details.

    |  | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
    |---|---|---|---|---|
    | From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | $1,200.00 | ☐ Wages, commissions, bonuses, tips | |
    |  | ■ Operating a business | | ☐ Operating a business | |

Debtor 1    Linda M Ramirez

Case number (if known)

|  | Debtor 1 Sources of Income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of Income Check all that apply. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| For last calendar year: (January 1 to December 31, 2021) | ■ Wages, commissions, bonuses, tips | $2,477.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |
| For the calendar year before that: (January 1 to December 31, 2020 ) | ■ Wages, commissions, bonuses, tips | $0.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

5. **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No

■ Yes. Fill in the details.

| | Debtor 1 Sources of Income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of Income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| From January 1 of current year until the date you filed for bankruptcy: | Soc Sec Disability | $6,064.00 | | |
| | Alimony / Maintenance | $1,300.00 | | |
| | Room Rental Income | $800.00 | | |
| | Food Stamps | $975.00 | | |
| For last calendar year: (January 1 to December 31, 2021 ) | Soc Sec Disability | $17,177.00 | | |
| | Alimony / Maintenance | $7,800.00 | | |
| | Food Stamps | $750.00 | | |
| For the calendar year before that: (January 1 to December 31, 2020 ) | Soc Sec Disability | $16,949.00 | | |
| | Alimony / Maintenance | $7,800.00 | | |
| | Room Rental Income | $4,800.00 | | |

| Debtor 1 | Linda M Ramirez | | Case number (if known) | |

---

### Part 3:   List Certain Payments You Made Before You Filed for Bankruptcy

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ **No.** **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts are* defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

☐ **No.** Go to line 7.

☐ **Yes** List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

■ **Yes.** **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ **No.** Go to line 7.

☐ **Yes** List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

---

### Part 4:   Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Linda Ramirez  v  Raul C Ramirez D382866 | Dissolution of Marriage | Ventura Superior Court 800 S Victoria Ave Ventura, CA 93009 | ☐ Pending ☐ On appeal ■ Concluded |

---

| Debtor 1 | Linda M Ramirez | | Case number (if known) | |

**10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

| **Part 5:** | **List Certain Gifts and Contributions** |

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

| **Part 6:** | **List Certain Losses** |

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss Include the amount that insurance has paid. List pending insurance claims on line 33 of Schedule A/B: Property. | Date of your loss | Value of property lost |
|---|---|---|---|

| **Part 7:** | **List Certain Payments or Transfers** |

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid Address Email or website address Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 4

Debtor 1    Linda M Ramirez _____    Case number (if known) _____

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Rounds & Sutter, LLP<br>674 County Square Drive, Suite 108<br>Ventura, CA 93003<br>admin@rslawllp.com | Attorney Fees | 4/6, 4/27, 5/4.<br>5/23/2022 | $3,500.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called asset-protection devices.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Unify FCU<br>PO Box 10018<br>Manhattan Beach, CA 90267 | XXXX-8401 | ☐ Checking<br>■ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | 4/8/2022 | $5.48 |
| Unify FCU<br>PO Box 10018<br>Manhattan Beach, CA 90267 | XXXX-8402 | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | 4/8/2022 | $0.00 |

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Exh. A Page 41 of 55

| Debtor 1 | Linda M Ramirez | | Case number *(if known)* | |
|---|---|---|---|---|

**21.** Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution<br>Address (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>Address (Number, Street, City,<br>State and ZIP Code) | Describe the contents | Do you still<br>have it? |
|---|---|---|---|

**22.** Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access<br>to it?<br>Address (Number, Street, City,<br>State and ZIP Code) | Describe the contents | Do you still<br>have it? |
|---|---|---|---|

### Part 9:   Identify Property You Hold or Control for Someone Else

**23.** Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP<br>Code) | Describe the property | Value |
|---|---|---|---|

### Part 10:   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24.** Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

**25.** Have you notified any governmental unit of any release of hazardous material?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

Debtor 1  Linda M Ramirez _____    Case number (if known) _____

**26.** Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**27.** Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ No. None of the above applies. Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**28.** Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No
☐ Yes. Fill in the details below.

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

*Linda M Ramirez* _____    _____
Linda M Ramirez                                              Signature of Debtor 2
Signature of Debtor 1

Date  **5/25/2022** _____    Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re    <u>Linda M Ramirez</u>    Case No. _____

Debtor(s)    Chapter    <u>13</u>

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept .......................................... $ _____3,500.00_____

    Prior to the filing of this statement I have received .......................... $ _____3,500.00_____

    Balance Due ................................................................................. $ _____0.00_____

2.  The source of the compensation paid to me was:

    ☑ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ☑ Debtor    ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Consulting with you regarding the progress of your case after the Chapter 13 petition has been filed and until your case is discharged; Timely serve the Chapter 13 Plan and mandatory notice on all creditors; Responding to any inquiries from the U.S. Trustee office, the appointed interim bankruptcy trustee for your case, and any creditors (including timely submitting all documents required by the Chapter 13 Trustee); Monitor all incoming case information throughout the case; Review the claims register and the Chapter 13 trustee's notice of intent to pay claims after entry of a plan confirmation order; Filing of required discharge statement.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

    (a) Litigation involving confirmation or other adversary proceedings. (b) Motion, order, and other services to vacate an order of dismissal. (c) Prepare, file and serve timely regarding modification or amendment of the Chapter 13 Plan after confirmation. (d) Prepare, file, and serve motions to buy, sell, or refinance real or other property or related contracts and issues regarding mortgage and payments. (e) Prepare, file, and serve motions regarding any adversary proceedings, lawsuits, or contested matters in the bankruptcy case or otherwise. (f) Motions objecting to relief of the automatic release stay or impose or extend the automatic stay. (g) File objections to improper or invalid claims, when appropriate. (h) Prepare and file a proof of claim, when appropriate, if a creditor fails to do so. (i) Matters involving the business of the debtor. (j) All services rendered after order of conversion to a Chapter 7 bankruptcy. (k) Review and preparation of objections to Trustee's intention to pay claims. (l) Preparation of responses to Trustee's objection to claims. (m) Preparation of any reports required by the confirmation order. (n) Preparation of any motions and orders to continue proceedings, change address, or change employment statements. (o) Review and preparation of any necessary responses to reports and accounts of the Trustee. (p) Preparation of applications and orders for conversion or dismissal of case. (q) Preparation of requests to dispose of property. (r) Preparation of requests to incur debt. (s) Review, analysis, and negotiation of any reaffirmation agreement required by creditor in regard to secured property (t) Representation of you in any administrative proceeding, or any proceeding before any regulatory agency; (u) Representation at any examination conducted under Federal Rule of Bankruptcy Procedures §2004 which states in part that "[o]n motion of any party in interest, the court may order the examination of any entity." (v) Appearance at any continued hearing.

In re    **Linda M Ramirez** _____    Case No. _____

                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

| CERTIFICATION |
|---|

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

5/25/2022
_____
*Date*

John K Rounds
*Signature of Attorney*
**Rounds & Sutter, LLP**
**674 County Square Drive, Suite 108**
**Ventura, CA 93003**
**Ph: 805-650-7100  Fax: 805-632-6315**
**jrounds@rslawllp.com**
*Name of law firm*

| Fill in this information to identify your case: | | Check as directed in lines 17 and 21: |
|---|---|---|

**Fill in this information to identify your case:**

Debtor 1    Linda M Ramirez

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number
(if known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).
- ■ 3. The commitment period is 3 years.
- ☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:    Calculate Your Average Monthly Income**

1. What is your marital and filing status? Check one only.
   - ■ Not married. Fill out Column A, lines 2-11.
   - ☐ Married. Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case; 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | Your gross wages, salary, tips, bonuses, overtime, and commissions (before all payroll deductions). | $ 400.00 | $ |
| 3. | Alimony and maintenance payments. Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support. Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ |
| 5. | Net income from operating a business, profession, or farm | | |

5. Net income from operating a business, profession, or farm    **Debtor 1**

| | |
|---|---|
| Gross receipts (before all deductions) | $ 0.00 |
| Ordinary and necessary operating expenses | -$ 0.00 |
| Net monthly income from a business, profession, or farm | $ 0.00 Copy here -> $ 0.00    $ |

6. Net income from rental and other real property    **Debtor 1**

| | |
|---|---|
| Gross receipts (before all deductions) | $ 0.00 |
| Ordinary and necessary operating expenses | -$ 0.00 |
| Net monthly income from rental or other real property | $ 0.00 Copy here -> $ 0.00    $ |

| Debtor 1 | Linda M Ramirez | | Case number *(if known)* | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ |
| 8. | **Unemployment compensation** | $ 0.00 | $ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| | | |
|---|---|---|
| For you | $ | 0.00 |
| For your spouse | $ | |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.    $ 0.00    $

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

| | | | |
|---|---|---|---|
| | | $ 0.00 | $ |
| | | $ 0.00 | $ |
| Total amounts from separate pages, if any. | | + $ 0.00 | $ |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ 400.00    + $    = $ 400.00

Total average monthly income

| Part 2: | **Determine How to Measure Your Deductions from Income** |

12. Copy your total average monthly income from line 11.    $ 400.00

13. **Calculate the marital adjustment. Check one:**

■ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| | | | |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | + $ | |
| Total | | $ 0.00 | Copy here=>    -    0.00 |

14. **Your current monthly income.** Subtract line 13 from line 12.    $ 400.00

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=>    $ 400.00

Exh. A Page 47 of 55

Debtor 1 __Linda M Ramirez_____     Case number *(if known)* _____

|  |  |  |
|---|---|---|
| Multiply line 15a by 12 (the number of months in a year). |  | **x 12** |
| **15b.** The result is your current monthly income for the year for this part of the form. ........................... | $ | **4,800.00** |

**16. Calculate the median family income that applies to you. Follow these steps:**

**16a.** Fill in the state in which you live.   **CA**

**16b.** Fill in the number of people in your household.   **1**

**16c.** Fill in the median family income for your state and size of household.   $ __65,895.00__
To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

**17a.** ■ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* Go to Part 3. Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

**17b.** ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* Go to Part 3 and fill out *Calculation of Your Disposable Income* (Official Form 122C-2). On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

**18.** Copy your total average monthly income from line 11 .   $ __400.00__

**19.** Deduct the marital adjustment if it applies. If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

**19a.** If the marital adjustment does not apply, fill in 0 on line 19a.   -$ __0.00__

**19b.** Subtract line 19a from line 18.   $ __400.00__

**20.** Calculate your current monthly income for the year. Follow these steps:

**20a.** Copy line 19b ...................................................................................   $ __400.00__

Multiply by 12 (the number of months in a year).   **x 12**

**20b.** The result is your current monthly income for the year for this part of the form   $ __4,800.00__

**20c.** Copy the median family income for your state and size of household from line 16c   $ __65,895.00__

**21. How do the lines compare?**

■ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X *Linda M Ramirez*
**Linda M Ramirez**
Signature of Debtor 1

Date __5 / 25 / 2022__
     MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Debtor 1   **Linda M Ramirez** _____   Case number (*if known*) _____

Official Form 122C-1   Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period   **page 4**

Exh. A Page 49 of 55

| Debtor 1 | **Linda M Ramirez** | Case number *(if known)* |
|---|---|---|

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period 11/01/2021 to 04/30/2022.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Haliel LLC**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 11/2021 | $0.00 |
| 5 Months Ago: | 12/2021 | $0.00 |
| 4 Months Ago: | 01/2022 | $0.00 |
| 3 Months Ago: | 02/2022 | $0.00 |
| 2 Months Ago: | 03/2022 | $1,200.00 |
| Last Month: | 04/2022 | $1,200.00 |
| | Average per month: | $400.00 |

Attorney or Party Name, Address, Telephone & FAX Nos.,
State Bar No. & Email Address

**John K Rounds**
**674 County Square Drive, Suite 108**
**Ventura, CA 93003**
**805-650-7100 Fax: 805-632-6315**
**California State Bar Number: 170531 CA**
**admin@rslawllp.com**

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

    **Linda M Ramirez**

CASE NO.:

CHAPTER: 13

### VERIFICATION OF MASTER
### MAILING LIST OF CREDITORS

### [LBR 1007-1(a)]

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____5/25/2022_____

          *Linda M Ramirez*
          Signature of Debtor 1

Date: _____

          Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____5/25/2022_____

          Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    **F 1007-1.MAILING.LIST.VERIFICATION**

Exh. A Page 51 of 55

Linda M Ramirez
2213 Miramar Walk
Oxnard, CA 93035


John K Rounds
Rounds & Sutter, LLP
674 County Square Drive, Suite 108
Ventura, CA 93003


Alliance One Receivables Management
4850 Street Rd. Suite 300
Feasterville Trevose, PA 19053


CCB Ulta
Box 182120
Columbus, OH 43218


Citi
701 E 60th St N
Sioux Falls, SD 57104


CMH co Century Credit
1000 S Hill Rd Ste 112
Ventura, CA 93003


CMRE Financial Services, Inc.
3075 E. Imperial Hwy Suite 200
Brea, CA 92821-6753


Convergent Outsourcing Inc.
800 SW 39th St. Suite 100
Renton, WA 98057

CreditOne Bank
585 S Pilot St
Las Vegas, NV 89119


Greensky
245 Ridge Ave
Towson, MD 21286


Hartley Lamas et al
5700 Ralston St Ste 210
Ventura, CA 93003


Kohls Cap 1
Box 3115
Milwaukee, WI 53201


Laurie Peters Esq
80 Wood Rd Ste 300
Camarillo, CA 93010


LBPM HOA
Box 514017
Los Angeles, CA 90051


Physician's Biling Office
PO Box 240005
Los Angeles, CA 90024


Physician's Biling Office /UCLA
PO Box 240005
Los Angeles, CA 90024

Raul C Ramirez
4045 South A Street
Oxnard, CA 93030


Resurgent Capital Services
Attn: Bankruptcy
PO Box 510090
Livonia, MI 48151-6090


Salome Brand
800 S Victoria Ave.
Ventura, CA 93009


TD Target
3701 Wayzata Bl MS 4AE
Minneapolis, MN 55416


TD Target
PO Box 660170
Dallas, TX 75266-0170


Unify FCU
14500 Aviation Bl
Hawthorne, CA 90250


Upgrade Inc
Box 52210
Phoenix, AZ 85072


WebBank
215 S State St Ste 1000
Salt Lake City, UT 84111

```
Wells Fargo Equity Line
Box 51172
Los Angeles, CA 90051


Wells Fargo Mortgage
Box 51120
Los Angeles, CA 90051
```

# EXHIBIT "B"

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br>**John K Rounds, Esq. (SBN 170531)**<br>**Rounds & Sutter LLP**<br>**674 County Square Drive, Suite 108**<br>**Ventura, CA 93003**<br>**Tel: 805-650-7100;  Fax: 805-832-6315**<br>**Email: jrounds@rslawllp.com** | FOR COURT USE ONLY |
|---|---|
| ☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br>    Linda M Ramirez | CASE NUMBER:<br><br>CHAPTER 13 |
|---|---|
| | **CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ _____ Amended*<br><br>*list below which sections have been changed:<br>_____<br>[FRBP 3015(b); LBR 3015-1] |
| | **11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:<br>Time:<br>Address:<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:<br>Time:<br>Address: |
| Debtor(s). | |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

**Part 1: PRELIMINARY INFORMATION**

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.
*April 2019*                    Page *1*                    **F3015-1.01.CHAPTER13.PLAN**

Exh. B Page 002 of 16

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☐ Included    ☒ Not included

1.2 **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included    ☒ Not included

1.3 **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included    ☒ Not included

1.4 **Other Nonstandard Plan provisions, set out in Section IV:**
☐ Included    ☒ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:
$ _589.21_____ per month for months _1_____ through _36_____ totaling $ _21,211.56_____ .
For a total plan length of 36 months totaling $21,211.56.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                  Page 2                          F3015-1.01.CHAPTER13.PLAN

Exh. B Page 003 of 16

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $264,008.36.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

   a. ☑ "Percentage" plan: <u>2</u>% of the total amount of these claims, for an estimated total payment of $5,650.52.

   b. ☑ "Residual" plan: The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $5,650.52 and 2% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

   (a) the sum of $30.00, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

   (b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning on the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.
*April 2019*                    Page 3                    F3015-1.01.CHAPTER13.PLAN

Exh. B Page 004 of 16

G. The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K. Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A. ORDER OF PAYMENT OF CLAIMS:**

**1st**   If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**   Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**   Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B. CLASSIFICATION AND TREATMENT OF CLAIMS:**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                                    Page 4                                    F3015-1.01.CHAPTER13.PLAN

Exh. B Page 005 of 16

| CLASS 1 | | | |
|---|---|---|---|

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| **a. Administrative Expenses** | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | | | |
| (3) Chapter 7 Trustee's Fees | | | |
| (4) Other | | | |
| (5) Other | | | |
| **b. Other Priority Claims** | | | |
| (1) Internal Revenue Service | | | |
| (2) Franchise Tax Board | | | |
| (3) Domestic Support Obligation | | | |
| (    )    Other | | | |
| **c. Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)** | | | |
| *(specify creditor name):* | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

| CLASS 2 | |
|---|---|

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE**

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*          Page 5          F3015-1.01.CHAPTER13.PLAN

Exh. B Page 006 of 16

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| Wells Fargo Equity Line | xxxxxxxxxx0001 | $775.00 | 0.00% | $86.11 | $775.00 | ☐ Trustee ☑ Debtor |
| Wells Fargo Mortgage | xxxxxx3059 | $3,450.00 | 0.00% | $383.33 | $3,450.00 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*    Page 6    F3015-1.01.CHAPTER13.PLAN

Exh. B Page 007 of 16

(a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

   (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

   (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

   ☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

   ☑ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| Name of Creditor | Last 4 Digits of Account NUMBER | CLAIM TOTAL | INTEREST RATE | Estimated Monthly Payment | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| LBPM HOA | xxxx0877 | $9,234.00 | 0.00 | $513.00 | $9,234.00 |

### CURE AND MAINTAIN CLAIMS

☑ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.
*April 2019*   Page 7   F3015-1.01.CHAPTER13.PLAN

Exh. B Page 008 of 16

contrary amount listed below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle     acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page *8*                          F3015-1.01.CHAPTER13.PLAN

Exh. B Page 009 of 16

| CLASS 4 |
|---|

**OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)**

*Check one.*

☑ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 4.

| CLASS 5A |
|---|

**NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED**
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

**SEPARATE CLASSIFICATION:**
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*
☑ None. *If "None" is checked, the rest of this form for Class 5 need not be completed.*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 9                    F3015-1.01.CHAPTER13.PLAN

| CLASS 5B | | | | |
|---|---|---|---|---|

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

| CLASS 5C | | | | |
|---|---|---|---|---|

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
| | | | | |

☐ See attachment for additional claims in Class 5.

| CLASS 6 |
|---|

### SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

Creditor Name: _____    Description: _____

☐ See attachment for additional claims in Class 6.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 10                    F3015-1.01.CHAPTER13.PLAN

Exh. B Page 011 of 16

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

Creditor Name: _____

Description: _____
    ☐ Rejected         ☐ Assumed; cure amount (if any): $ _____
                            to be paid over _____ months

Creditor Name: _____

Description: _____
    ☐ Rejected         ☐ Assumed; cure amount (if any): $ _____
                            to be paid over _____ months

Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.

☐ See attachment for additional claims in Class 7.

Section III. PLAN SUMMARY

| | |
|---|---|
| CLASS 1a | $0.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $4,225.00 |
| CLASS 3B | $0.00 |

| | |
|---|---|
| CLASS 3C | $9,234.00 |
| CLASS 3D | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5A | $5,650.52 |
| CLASS 5C | $0.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*            Page 11           F3015-1.01.CHAPTER13.PLAN

Exh. B Page 012 of 16

| CLASS 7 | $0.00 |
|---|---|
| SUB-TOTAL | $19,109.52 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $2,102.04 |
| TOTAL PAYMENT | $21,211.56 |

## Section IV. NON-STANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is **ineffective**. A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.): _____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.): _____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.): _____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☐ C. Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*    Page 12    F3015-1.01.CHAPTER13.PLAN

Exh. B Page 013 of 16

## DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** _____

☐      Real property collateral (street address and/or legal description or document recording number, including county of recording):

        *(attach page with legal description of property or document recording number as appropriate).*

☐      Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

☐      **11 U.S.C. § 522(f)** – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐      **11 U.S.C. § 506(a) and (d)** – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

        (1) discharge under 11 U.S.C. § 1328, or

        (2) Upon completion of all Plan payments.

Value of collateral: .............................................................................................. $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ _____ + $ _____ = .. ($ _____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):......................................... ($ _____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ........................... $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

     D. **Other Non-Standard Plan Provisions (*use attachment, if necessary*):**

## V. REVESTING OF PROPERTY

     Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                   Page 13                                   F3015-1.01.CHAPTER13.PLAN

Exh. B Page 014 of 16

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: 5/25/2022

John K Rounds
Attorney for Debtor

Linda M Ramirez
Debtor 1

Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 14                          F3015-1.01.CHAPTER13.PLAN

Exh. B Page 015 of 16

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☑ **None.** *If "None" is checked, the rest of this Attachment A need non be completed.*

1. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2ⁿᵈ Lien on 123 Main St.): _____

2. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3ʳᵈ Lien on 123 Main St.): _____

3. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4ᵗʰ Lien on 123 Main St.): _____

4. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2ⁿᵈ Lien on 456 Broadway): _____

5. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3ʳᵈ Lien on 456 Broadway): _____

6. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4ᵗʰ Lien on 456 Broadway): _____

7. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2ⁿᵈ Lien on 789 Crest Ave.): _____

8. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3ʳᵈ Lien on 789 Crest Ave.): _____

9. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4ᵗʰ Lien on 789 Crest Ave.): _____

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date) _____

Printed name:  **John K Rounds** _____    Signature: _____

☑ Attorney for Debtor or    ☐ Debtor appearing without attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 15                                    F3015-1.01.CHAPTER13.PLAN

Exh. B Page 016 of 16

# EXHIBIT "C"

Exh. C Page 001 of 75

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 1

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                     FOR THE COUNTY OF VENTURA

 3

 4     COURTROOM 32              HON. MICHAEL S. LIEF, JUDGE

 5                                    ┌─────────────────────┐
                                      │   CERTIFIED COPY    │
 6     In re the Matter of      )     └─────────────────────┘
                                )
 7     Petitioner: LINDA RAMIREZ )
                                )
 8        and                   )     Case No. D382866
                                )
 9     Respondent: RAUL C. RAMIREZ )
       ─────────────────────────── )
10

11

12            REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                  FRIDAY, FEBRUARY 25, 2022

14

15

16     APPEARANCES:

17     For Petitioner:        HARTLEY, LAMAS, ET AL.
                              BY:  CARLA HARTLEY, ATTORNEY AT LAW
18                            BY:  PATRICIA LAMAS, ATTORNEY AT LAW
                              5700 Ralston Street, Unit 210,
19                            Ventura, CA 93003
                              805.639.0600
20

21     For Respondent:        LAURIE PETERS & ASSOCIATES
                              BY:  LAURIE PETERS, ATTORNEY AT LAW
22                            80 Wood Road, Suite 300
                              Camarillo, California  93010
23                            805.484.6885

24     Also present:          JULIE RENA, GUARDIAN AD LITEM

25

26
       Reported by:           SALOME M. BRAND, CSR No. 12126
27                            Official Reporter Pro Tempore

28
```

*JD Court Reporting | 818-851-9910*

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 2

```
 1                            SESSIONS

 2    DATE                                              PAGE

 3    FEBRUARY 25, 2022

 4       A.M. SESSION                                      5
            Hearing                                        5
 5
         P.M. SESSION                                     55
 6          Hearing (continued)                           55

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

*JD Court Reporting | 818-851-9910*

```
 1                        INDEX

 2            CHRONOLOGICAL INDEX OF WITNESSES

 3

 4   RESPONDENT'S WITNESS                              PAGE

 5   LINDA RAMIREZ

 6        Direct-Examination by MS. PETERS              6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

*JD Court Reporting | 818-851-9910*

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                          Page 4

```
 1                           INDEX

 2                          EXHIBITS

 3

 4                                                    FIRST
       RESPONDENT'S EXHIBITS                        REFERENCE
 5

 6   EXHIBIT A      Tax Returns - July 6, 2017          29

 7   EXHIBIT B      Tax Returns - December 20, 2019     30

 8   EXHIBIT I      Objections to Demand For Production 33
                    (600 pages)
 9
     EXHIBIT J      Supplemental Responses             37
10                  (916 pages)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

*JD Court Reporting | 818-851-9910*

1      VENTURA, CALIFORNIA; FRIDAY, FEBRUARY 25, 2022

2                      A.M. SESSION

3                        --oOo--

4

5              THE COURT:  Good morning.  Let's go on the

6      record in the Ramirez matter.  May I have appearances,

7      please.

8              MS. HARTLEY:  Carla Hartley appearing for the

9      petitioner Linda Ramirez and Pat Lamas also appearing.

10     The guardian ad litem Julie Rena is present and the

11     petitioner Linda Ramirez is present.

12             MS. PETERS:  Good morning, your Honor.

13     Laurie Peters from Laurie Peters & Associates appearing

14     with respondent who's present at counsel table.

15             THE COURT:  Good morning to everyone.  There

16     are a number of people in the audience.  If any of them

17     are witnesses that need to be excluded, we should

18     probably take care of that.

19             MS. PETERS:  I think we should get the facts

20     first so that if we get the appropriate facts, my

21     expert is here, so then he'll be able to leave.  I

22     don't know who that is.  I know --

23             MS. HARTLEY:  Ben is an attorney.  She's not

24     a witness.

25             MS. PETERS:  And I don't know who --

26             MS. HARTLEY:  These other two are paralegals

27     in my office.

28             THE COURT:  Hold on.  So only one witness in

1  the audience who may eventually end up being excused,

2  correct?

3          MS. HARTLEY:  On the issues of the attorneys

4  fees if I can authenticate the settlement letter

5  history, then neither of them would be witnesses.  If I

6  can't authenticate, the Court wouldn't find me somebody

7  to authenticate that, Josh will be my witness.

8          THE COURT:  Let's do this because we are

9  going to be talking some facts.  The Court is going to

10  order anyone who is a potential witness is excluded

11  from the courtroom and ordered not to discuss his or

12  her testimony with anybody else during the pendency of

13  that action.  If we end up not needing these witnesses,

14  we'll have the bailiff let you know, you can come in

15  and stay and observe or leave.  But at this time, I'll

16  ask the potential witnesses to step out.

17          MS. PETERS:  Thank you, your Honor.

18          MS. HARTLEY:  Thank you, your Honor.

19          THE COURT:  All right.  Nobody leave.  Just

20  go in the hallway, all right.  And just to save time,

21  let's also swear the parties.

22          THE CLERK:  Please stand and raise your right

23  hand.

24          THE COURT:  I'll ask the guardian ad litem to

25  stand as well.

26          THE CLERK:  Do you and each of you solemnly

27  swear the testimony you may give in the matter now

28  pending before this court shall be the truth, the whole

```
 1    truth and nothing but the truth, so help you God?

 2              THE RESPONDENT:  Yes.

 3              THE PETITIONER:  Yes.

 4              GUARDIAN AD LITEM:  Yes.

 5              THE CLERK:  Thank you.

 6         (All parties sworn in by the clerk.)

 7              THE COURT:  All right.  Ms. Peters.

 8              MS. PETERS:  Okay.  Your Honor, in chambers

 9    we had discussed that there were certain things we

10    would stipulate to.  And that is the rental value for

11    the community was $18,494 under Watts.

12              MS. HARTLEY:  I think we should first

13    stipulate to we agreed it was 2,475 per month --

14              MS. PETERS:  Okay.

15              MS. HARTLEY:  -- and establish the months.

16              THE COURT:  All right.  So you just want to

17    give the math on the record.

18              MS. HARTLEY:  I want to get the math on the

19    record.

20              THE COURT:  Let me put on the record what the

21    Court's understanding is.  The Court's understanding is

22    that it was $2,475 a month for four years and seven

23    months resulting in a total of 136,125 -- 125,000 --

24    I'm sorry.  $136,125 less $63,150 for a total of

25    $73,975 with the community percentage of that being

26    $18,494.  25 percent divided by two, therefore, is

27    $9,247.  Is that consistent with your figures,

28    Ms. Peters?
```

1           MS. PETERS:  It is, your Honor.

2           THE COURT:  Is that consistent with your

3    understanding, Ms. Hartley?

4           MS. HARTLEY:  It is, your Honor.

5           THE COURT:  All right.  Does counsel

6    therefore believe that's the figure that should be

7    stipulated to with regards to the Watts credits,

8    $9,247?

9           MS. HARTLEY:  Yes, your Honor.

10          MS. PETERS:  Yes, your Honor.

11          THE COURT:  Mr. Ramirez, do you join in that?

12    In other words, you accept that?

13          THE RESPONDENT:  Yes.

14          THE COURT:  All right.  Ms. Ramirez, do you

15    agree that that's the correct number?

16          THE PETITIONER:  (Nodding head.)

17          THE COURT:  You have to answer out loud.

18          THE PETITIONER:  Yes.

19          THE COURT:  And guardian ad litem, do you

20    agree as well?

21          GUARDIAN AD LITEM:  Yes.

22          THE COURT:  So that's done.  And with regards

23    to the Moore Marsden, the figure that the Court has is

24    $70,542 divided in half resulting in $35,271; is that

25    correct?

26          MS. HARTLEY:  That would be the Moore Marsden

27    reimbursement.

28          THE COURT:  Yes.  Is that correct?

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 9

```
 1            MS. PETERS:  That's correct, your Honor.
 2            THE COURT:  Mr. Ramirez, do you agree that's
 3    correct?
 4            THE RESPONDENT:  Yes.
 5            THE COURT:  Ms. Ramirez, do you agree that's
 6    correct?
 7            THE PETITIONER:  Yes.
 8            THE COURT:  And the guardian ad litem, do you
 9    agree?
10            GUARDIAN AD LITEM:  Yes.
11            MS. HARTLEY:  Can we get a stipulation that
12    the house is separate property and he's never been
13    placed on title?
14            THE COURT:  That comports with the
15    understanding of the facts.  Is that stipulated?
16            MS. PETERS:  It's stipulated and separate
17    property.  Whether or not he's on title, I don't think
18    is relevant.  And I don't know if that's what happened.
19    It's her separate property and Rena's separate property
20    and my client has no further interest than the Moore
21    Marsden.
22            THE COURT:  Mr. Ramirez, do you agree with
23    that stipulation, you have no interest going forward?
24            THE RESPONDENT:  Yes.
25            THE COURT:  And Ms. Ramirez, you agree?
26            THE PETITIONER:  Yes.
27            THE COURT:  Guardian ad litem agrees?
28            GUARDIAN AD LITEM:  Yes.
```

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 10

```
 1              THE COURT:  All right.  Ms. Peters, what's
 2   next?
 3              MS. PETERS:  The parties agree that my client
 4   paid $8,004 in HOA fees.
 5              THE COURT:  That's at the rate of $276 a
 6   month for 29 months; is that correct?
 7              MS. PETERS:  That's correct.
 8              THE COURT:  Ms. Hartley?
 9              MS. HARTLEY:  The documents bear that out.
10   Yes, we stipulate to that.
11              THE COURT:  Mr. Ramirez, you agree?
12              THE RESPONDENT:  Yes.
13              THE COURT:  Ms. Ramirez, you agree?
14              THE PETITIONER:  Yes.
15              THE COURT:  Guardian ad litem?
16              GUARDIAN AD LITEM:  Yes.
17              THE COURT:  All right.
18              MS. PETERS:  And husband paid for
19   Ms. Ramirez's separate property, 2011 Chevy Malibu,
20   $250 per month for a total of $7,250.
21              THE COURT:  7,000 -- I didn't get the number.
22              MS. PETERS:  $250.
23              THE COURT:  250.  And that's a 2011 Malibu?
24              MS. PETERS:  Correct.
25              THE COURT:  Ms. Hartley, is that correct,
26   $250 a month for a total of $7,250 paid for your
27   client's 2011 Chevy Malibu?
28              MS. HARTLEY:  The documents bear that out.
```

*JD Court Reporting | 818-851-9910*

1    We'll stipulate to that.

2           THE COURT:  All right.  Mr. Ramirez, you

3    agree?

4           THE RESPONDENT:  Yes.

5           THE COURT:  That's correct?

6           THE RESPONDENT:  Yes.

7           THE COURT:  Ms. Ramirez, you agree that's

8    correct?

9           THE PETITIONER:  Yes.

10          THE COURT:  And guardian ad litem, you agree

11   that's correct?

12          GUARDIAN AD LITEM:  Yes.

13          MS. PETERS:  Your Honor, just for

14   clarification, Ms. Hartley is throwing something, if

15   the documents bear it out.

16          MS. HARTLEY:  I didn't say that.  I said the

17   documents do bear it out.

18          MS. PETERS:  Oh, okay.  Thank you.

19          THE COURT:  The Court understood that to be

20   she was joining in the stipulation.

21          MS. PETERS:  Okay.  Thank you, your Honor.

22          And spousal support will continue for 11 more

23   months in the amount of $650 per month.

24          THE COURT:  $650 a month for 11 months.  And

25   that would take us to February -- I'm sorry.  That

26   would take us to January of 2023.

27          MS. PETERS:  Correct.

28          THE COURT:  So agreed that the last month of

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 12

1    spousal support then would be January of 2023, or is it
2    December?
3                MS. PETERS:  I believe it's supposed to be
4    January 2023.
5                THE COURT:  Agreed.
6                MS. HARTLEY:  Agreed, your Honor.  I would
7    like --
8                THE COURT:  I'm sorry?
9                MS. HARTLEY:  I would like the Court to know
10   that I do not have the authority to agree to a
11   termination of jurisdiction, but I do recognize and my
12   client is aware that you have the authority to
13   terminate jurisdiction effective that date.
14               THE COURT:  Mr. Ramirez, do you agree?
15               THE RESPONDENT:  Yes.
16               THE COURT:  Ms. Ramirez, do you agree?
17               THE PETITIONER:  Yes.
18               THE COURT:  Guardian ad litem?
19               GUARDIAN AD LITEM:  Yes.
20               THE COURT:  The Court notes the stipulation
21   and the Court would note that the Court's jurisdiction
22   with regards to spousal support will also terminate on
23   that date.
24               MS. PETERS:  Thank you, your Honor.
25               THE COURT:  Anything else, Ms. Peters, for
26   stipulations?
27               MS. PETERS:  Not for stipulation.  Can I let
28   my expert go?

*JD Court Reporting | 818-851-9910*

1        THE COURT:  That would be appropriate.
2    Correct, Ms. Hartley?
3        MS. HARTLEY:  Yes, your Honor.
4        THE COURT:  Yes, you may.
5        MS. HARTLEY:  May Ms. Ramirez return to the
6    anteroom or do you wish for her to remain here?
7        THE COURT:  Let's see where we are in a
8    moment.
9        MS. HARTLEY:  Okay.
10       MS. PETERS:  Thank you, your Honor.
11       THE COURT:  All right.  So where are we at
12   with regards to the remaining issues then?
13       MS. HARTLEY:  I think for trial brief leaves
14   remaining the issue of insurance.  I think we need the
15   Court to award vehicles.  And then I think the issue of
16   retirement, that should be divided by a domestic
17   relations order.
18       MS. PETERS:  We have no evidence of a car
19   insurance, your Honor.  So we are going to have to
20   either reserve or have the Court find there is no
21   evidence.  Submitted.
22       THE COURT:  All right.  The Court finds
23   there's no evidence supporting the request on the issue
24   of the car insurance, and therefore, that's
25   respectfully denied.
26       MS. HARTLEY:  We would like the Court to
27   order his pension and retirement, if any, to be divided
28   by domestic relations order pursuant to the time rule.

1          MS. PETERS:  It's my client's position that

2     he didn't have any retirement until after separation.

3     But if Ms. Ramirez wants to seek a QDRO using the time

4     rule under Brown to see if there is an interest, we

5     have no objection.  But it would have to be at her

6     cost.

7          MS. HARTLEY:  I think the cost should be

8     shared if the Court is to review the preliminary

9     declaration of disclosure.  It was mentioned in the

10    preliminary declaration of disclosure that Mr. Ramirez

11    filed.  I think my client cannot bear the finances of

12    this alone.  And I think as a matter of law, she is

13    entitled to, if there is an interest, to have an

14    interest.

15         MS. PETERS:  I would ask that we put on

16    evidence and save that argument for our closing.

17         THE COURT:  All right.  Let's table the QDRO

18    for now.  With regards to the vehicles, it would seem

19    appropriate to simply award each vehicle to the

20    respective party and they assume all responsibility

21    going forward for the vehicles.  Would you agree?

22         MS. PETERS:  I think we both agree that the

23    vehicles they have were purchased either pre or post

24    separation, so they are separate property.

25         THE COURT:  All right.  Let's just put on the

26    record what the vehicles are then so that's clear.

27         Your client's vehicle is what?

28         MS. PETERS:  2000 Chevy pickup.

*JD Court Reporting | 818-851-9910*

```
1              THE RESPONDENT:  Silverado.
2              THE COURT:  2000 Chevy Silverado pickup is
3    awarded to the respondent.  It's year 2000, model year
4    2000?
5              THE RESPONDENT:  Yes.
6              THE COURT:  That's 22 years old.  It's
7    awarded to him.  He bears all responsibilities going
8    forward for that.
9              And then the vehicle for petitioner?
10             MS. HARTLEY:  He also has a 2008 Harley
11   identified in his preliminary disclosure.
12             THE COURT:  We'll get to that.  Her vehicle?
13             MS. HARTLEY:  Her vehicle is a 2011 Chevy
14   Malibu.
15             THE COURT:  And that's the one we previously
16   discussed.  The 2011 Chevy Malibu is awarded to
17   petitioner.  All responsibility for it financially goes
18   to her.  The parties are ordered, if necessary, to sign
19   any releases or paperwork so that title is solely with
20   the respective parties.
21             What about the Harley which was -- when was
22   that purchased?
23             MS. PETERS:  After separation.
24             THE COURT:  After separation?  Is there any
25   dispute that it was purchased after separation?
26             MS. HARTLEY:  I don't have a date of its
27   purchase in the preliminary hearing disclosure,
28   however, I do understand that it was identified as
```

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                        Page 16

1    respondent's separate property consistently in every

2    document.

3              MS. PETERS:  It says "R" on the disclosures

4    and he purchased it like two years ago, so we were

5    already well into litigation at that point.

6              THE COURT:  Let me just inquire since he's

7    under oath.

8              Sir, when did you purchase the Harley?

9              THE RESPONDENT:  I got it like two and a half

10   years ago.

11             THE COURT:  Two and a half years ago would

12   take us to approximately 2019, which is about two years

13   after the date of separation.  Ms. Hartley?

14             MS. HARTLEY:  That seems appropriate.

15             THE COURT:  And the Harley is what year?

16             MS. HARTLEY:  2008, I believe.

17             THE COURT:  2008 Harley Davidson motorcycle

18   awarded to respondent, his sole responsibility.  Date

19   of acquisition postdates date of separation.  So that's

20   all the vehicles.

21             MS. HARTLEY:  We have two debts on the house

22   that should be cleared up.  There is a home equity line

23   of credit that was incurred before marriage that should

24   be awarded to my client along with the house and it is

25   her sole and separate debt.

26             THE COURT:  HELOC debt premarriage.

27   Ms. Peters, does your client object to petitioner

28   taking on that debt as her sole responsibility?

*JD Court Reporting | 818-851-9910*

1       MS. PETERS:  My client has no objection and

2  agrees it's her sole and separate debt.

3       THE COURT:  All right.  So the HELOC debt

4  that attaches to the property at issue is a separate

5  obligation of the petitioner.  And respondent has no

6  responsibility.  And she'll execute any paperwork if

7  there's any necessary to release him from any

8  responsibility for that debt.  Okay.

9       MS. HARTLEY:  Thank you, your Honor.  In

10  addition, there is a homeowner's association debt that

11  was incurred before separation or before marriage that

12  should also be awarded to her and it is attached to the

13  house.

14       THE COURT:  And that amount?

15       MS. HARTLEY:  I believe it is in the amount

16  of $11,000 plus interest.

17       THE COURT:  I missed that.  I didn't see

18  that.

19       MS. HARTLEY:  I believe it's -- it has

20  been -- was uncovered in discovery.  We had the Scott

21  -- it was Scott Horton [sic] had subpoenaed this.  It's

22  about $11,300.

23       THE PETITIONER:  I think it was 9000

24  something.  Under 10,000.  It was Scott Hunter.

25       MS. HARTLEY:  Scott Hunter.  And then we have

26  interest on top of that, so the initial was 9- to

27  $10,000 and any accruals on that would also be her

28  separate property.

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT, on 02/25/2022

1        THE COURT:  So it would be any HOA fees that

2    predates the marriage plus interest associated with it.

3    The best estimate at this time would be more than

4    $11,000, but any HOA arrearages and interest

5    premarriage are assigned as the separate debt and

6    obligation of the petitioner.  And husband is therefore

7    released and not liable for any of that.  Is that

8    correct, Ms. Hartley?

9        MS. HARTLEY:  Yes, your Honor.  And I

10   apologize, the homeowner's association went out of

11   business and we had to go to the actual counsel for the

12   second homeowner's association.  So that is correct to

13   the best of my knowledge and to the best of the

14   attorney's knowledge for the HOA.

15       THE COURT:  But the stipulation certainly

16   should be --

17       MS. HARTLEY:  That does cover it, yes.

18       THE COURT:  -- that husband bears no legal

19   obligation or responsibility for any arrearages from

20   the HOA premarriage, correct?

21       MS. HARTLEY:  That is correct.

22       THE COURT:  Ms. Peters?

23       MS. PETERS:  Correct, it's her property.

24       THE COURT:  It's her separate debt.  Let me

25   just get it on the record.

26       Mr. Ramirez, you agree?

27       THE RESPONDENT:  Yes.

28       THE COURT:  Ms. Ramirez, you agree?

*JD Court Reporting | 818-851-9910*

1           THE PETITIONER:  Yes.

2           THE COURT:  Guardian ad litem, you agree?

3           GUARDIAN AD LITEM:  Yes.

4           THE COURT:  Okay.  Let's just keep going.

5    The issues are falling like bowling pins.

6           MS. HARTLEY:  I think we are back to his

7    retirement and fees.

8           THE COURT:  So it's the QDRO?

9           MS. PETERS:  Well, I think we were going to

10   put on evidence and reserve that for part of it.

11          THE COURT:  Understood.  Let me ask

12   conceptually though if he was adding to his retirement

13   between August of 2011 and July of 2017, it would

14   appear that wife has some interest there and that would

15   be determined via QDRO, wouldn't it?

16          MS. PETERS:  Except for he wasn't working in

17   2011 where he's working now.  As a matter of fact, one

18   of Ms. Hartley's argument was that the wife helped him

19   get his vocational certificate.  But according to my

20   client, when he finally did start working -- remember,

21   this was a short-term marriage -- he wasn't entitled to

22   retirement until after -- what was the first year of --

23          THE RESPONDENT:  Two years.

24          MS. PETERS:  He wasn't entitled to retirement

25   at the time.  So during the marriage, he didn't receive

26   any retirement.

27          THE COURT:  So you are saying he didn't

28   accrue any credits, nothing towards his retirement

1   between August 2011 and July 2017?

2          MS. PETERS:  Let me just confirm with him

3   briefly.

4          THE COURT:  Sure.

5          (Whereupon counsel confers with respondent

6          inside the courtroom.)

7          MS. PETERS:  So according to my client, he

8   applied for it six months before they separated.  And I

9   think it's just a 401K.

10         Did you apply for the job or the 401K?

11         THE RESPONDENT:  The 401K.

12         THE COURT:  Ms. Hartley.

13         MS. HARTLEY:  The timeline on this has always

14  been very unclear.  It's very hard -- it's hard to

15  prove a negative.  But I've never had any information

16  from Ms. Peters proving, I think, that conclusively.  I

17  think having an expert look at it is not inappropriate.

18  It may be such a minimus interest.  If I could consult

19  with Ms. Rena, it might not be worth paying the expert

20  to do.

21         THE COURT:  That also sounds like a

22  reasonable position to take, but the juice isn't worth

23  the squeeze given what's going on here.  Why don't you

24  take five minutes and talk to her.  I'll step down so

25  you can do that.  And that may resolve this other

26  issue.

27         MS. HARTLEY:  Thank you, your Honor.

28         MS. PETERS:  Thank you, your Honor.

*JD Court Reporting | 818-851-9910*

1              (Recess taken.)

2              THE COURT:  Back on the record.  All parties

3    present with counsel.

4              Ms. Hartley.

5              MS. HARTLEY:  Your Honor, neither my clients

6    -- we have Mr. Ramirez testimony -- my client --

7              Oh, I'm sorry.  We'll stipulate to the court

8    reporter.  She represents that she is licensed.  I've

9    seen her before in here.

10             MS. PETERS:  Yes.  Although she used to work

11   here, she's no longer an employee of the Ventura County

12   Superior Court but we hired her for today's

13   proceedings.

14             THE COURT:  Okay.  Very good.

15             Ms. Hartley.

16             MS. PETERS:  And we stipulate to the court

17   reporter.

18             MS. HARTLEY:  On the issue of the QDRO, my

19   client has no recollection that would contradict

20   Mr. Ramirez's testimony.  Ms. Rena has no recollection

21   that would contradict his testimony.  Based only his

22   testimony, any interest would be minimus and we are

23   going to waive any interest in his retirement.

24             THE COURT:  Is that correct, Ms. Ramirez?

25             THE PETITIONER:  Yes.

26             THE COURT:  Is that correct, Madam Guardian

27   ad Litem?

28             GUARDIAN AD LITEM:  Yes.

*JD Court Reporting | 818-851-9910*

1          THE COURT:  Petitioner waives any interest in

2     the pension.

3          MS. PETERS:  So it's ordered to my client as

4     his sole and separate property, your Honor?

5          THE COURT:  It is.  And we inch ever closer

6     to resolving the remaining issues.

7          What next?

8          MS. HARTLEY:  I would ask that all personal

9     property in either party's possession be awarded to him

10    or her without offset.

11         MS. PETERS:  I would agree.

12         THE COURT:  Mr. Ramirez, do you agree?

13         THE RESPONDENT:  Yes.

14         THE COURT:  Ms. Ramirez, do you agree?

15         THE PETITIONER:  Yes.

16         THE COURT:  Madam Guardian ad Litem?

17         GUARDIAN AD LITEM:  Yes.

18         THE COURT:  All personal property in the

19    possession of each party is awarded to them

20    individually as their separate property.

21         MS. HARTLEY:  I would ask any debts in either

22    party's name include -- that have not already been

23    dealt with be awarded to him or her as their sole and

24    separate property.

25         THE COURT:  Ms. Peters?

26         MS. PETERS:  I would agree.

27         THE COURT:  Sir, do you agree?

28         THE RESPONDENT:  Yes.

*JD Court Reporting | 818-851-9910*

1           THE COURT:  Ms. Ramirez, do you agree?

2           THE PETITIONER:  Yes.

3           THE COURT:  Madam Guardian ad Litem?

4           GUARDIAN AD LITEM:  Yes.

5           THE COURT:  Any debts in the parties' names

6    not otherwise addressed throughout this proceeding are

7    awarded to them as their separate debt.  All right.

8           MS. HARTLEY:  Furniture, furnishings, stuff

9    like that, that falls under personal property?

10          THE COURT:  It should.

11          MS. PETERS:  Well, it doesn't, but we'll

12   agree that the furniture, furnishings and fixtures in

13   the possession of each party is their sole and separate

14   property.

15          THE COURT:  Right.  We are not going to get

16   down to dividing up the pots and pans.  Whatever you

17   folks have in your possession is yours.  Okay?

18          MS. PETERS:  Thank you, your Honor.

19          THE COURT:  All right.  What else can we wrap

20   up here and now?

21          MS. HARTLEY:  I think that constitutes the

22   issues -- constitutes all of the issues before the

23   Court except fees.

24          THE COURT:  Ms. Peters.

25          MS. PETERS:  I would -- I would agree

26   including discovery sanctions, of course.

27          THE COURT:  Right.  Okay.  So --

28          MS. PETERS:  And I would need to take

*JD Court Reporting | 818-851-9910*

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 24

```
 1   Ms. Ramirez's testimony and go through some exhibits to
 2   prove my point.
 3          MS. HARTLEY:  I would ask the Court to make a
 4   threshold finding as to whether the fees from the
 5   Court's perspective has been reasonable and whether
 6   there is a fund that the Court sees from which fees can
 7   be made payable.
 8          MS. PETERS:  And in making that threshold
 9   finding, I would remind the Court that in order to pay
10   my client, Ms. Ramirez is probably going to have to
11   sell the house.  So there's money within the house and
12   some of the sanctions could go towards her client -- I
13   mean towards counsel personally.
14          THE COURT:  All right.  Let's take a brief
15   break and let me see counsel one more time in chambers.
16          (Recess taken.)
17          THE COURT:  We are back on the record in the
18   Ramirez matter.  Both parties are present with counsel.
19          Ms. Hartley, we had discussed the matter of
20   the guardian ad litem in chambers.  What's the current
21   status?
22          MS. HARTLEY:  Yes.  Ms. Rena has no
23   percipient knowledge of the issues, I believe,
24   certainly before she was appointed as guardian ad
25   litem.  And she would like to be excused and
26   Ms. Ramirez is okay with her being excused because she
27   has a commitment that she has to make that has arisen
28   unexpectedly.
```

*JD Court Reporting | 818-851-9910*

```
 1              THE COURT:  So with regards to the issues

 2    before the Court, it would appear that the guardian ad

 3    litem would have no knowledge?

 4              MS. PETERS:  Correct.

 5              THE COURT:  Ms. Ramirez, are you comfortable

 6    with the guardian ad litem being excused and you remain

 7    present for the balance of the proceeding with your

 8    attorney?

 9              THE PETITIONER:  Yes.

10              THE COURT:  And you believe that you are able

11    to understand what's going on and to be able to consult

12    with your attorney and ask her questions and understand

13    her responses?

14              You have to answer out loud.

15              THE PETITIONER:  Yes.

16              THE COURT:  All right.  Ms. Peters, any

17    comment?

18              MS. PETERS:  No, your Honor.

19              THE COURT:  Okay.  Very good.  Then the

20    request is granted.  Guardian ad litem can be excused

21    for the balance of the proceeding today.

22              MS. HARTLEY:  If the Court is going to make

23    its ruling today, just to verify, the existence of the

24    guardian ad litem appointment ceases upon judgment,

25    right?

26              THE COURT:  Yes.

27              MS. HARTLEY:  Thank you, your Honor.

28              MS. PETERS:  And your Honor, can we do
```

1    status?

2            THE COURT:  You'd like to take status now?

3            MS. PETERS:  Ms. Hartley took status.  If we

4    could get status out of the way.

5            THE COURT:  Sure.  All right.  Parties have

6    previously been sworn.

7            Ms. Ramirez, are you the petitioner in this

8    matter?

9            THE PETITIONER:  Yes.

10           THE COURT:  When you filed your petition,

11   have you been a resident of the State of California for

12   the preceding six months and a resident of this county

13   for the preceding three months?

14           THE PETITIONER:  Yes.

15           THE COURT:  During the course of your

16   marriage, did certain irreconcilable differences lead

17   to the irremediable breakdown of your marriage?

18           THE PETITIONER:  Yes.

19           THE COURT:  Do you think that the passage of

20   time, the assistance of this court or any counseling

21   could help save your marriage?

22           THE PETITIONER:  No.

23           THE COURT:  Are you requesting that your

24   former name be restored?

25           THE PETITIONER:  Yes.

26           THE COURT:  And what's your former name?

27           THE PETITIONER:  Linda Flores.

28           THE COURT:  Linda Flores.  Any middle name?

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT, on 02/25/2022                           Page 27

```
 1              THE PETITIONER:  No.
 2              THE COURT:  The Court acquired jurisdiction
 3    on --
 4              THE CLERK:  7/16/17 by service.
 5              THE COURT:  -- 7/16/2017 by service.  Court
 6    grants judgment of dissolution of marriage and orders
 7    that the marriage be dissolved and the marital status
 8    is terminated effective today, February 25th, 2022.
 9              Court further orders that the petitioner's
10    former name be restored and that name is Linda Flores.
11    However, for this proceeding, it was filed under Linda
12    Ramirez, remains your name on this proceeding -- on
13    this file, I should say, or this action.
14              All right.  Anything else with regards to
15    status?
16              MS. PETERS:  I think that's it.  If the Court
17    will return the parties to their single status.
18              THE COURT:  You are both returned to single
19    status.  You are now single people.  So February 25th,
20    2022 at 10:59 a.m.
21              MS. HARTLEY:  Thank you, your Honor.
22              THE COURT:  You are welcome.  All right.  I
23    believe this is Ms. Peters.
24              MS. PETERS:  The petitioner goes first
25    unless -- do you have anything?
26              MS. HARTLEY:  I'm not seeking fees.
27              MS. PETERS:  Okay.
28              MS. HARTLEY:  I don't think there's a
```

*JD Court Reporting | 818-851-9910*

```
 1    foundational basis.  I don't think there's a financial
 2    basis for fees.
 3              THE COURT:  So petitioner is not seeking any
 4    fees?
 5              MS. HARTLEY:  We are not.
 6              THE COURT:  Okay.  Very good.
 7              MS. PETERS:  Thank you, your Honor.  Can I
 8    call Ms. Ramirez as a 776 witness and I have a exhibit
 9    book over there for her.
10              THE COURT:  You may.
11              Ma'am, if you'll just come around and walk
12    down that row and take a seat in front of the
13    microphone where the binder is.  And then if you'll
14    pull the microphone, just bend it down so it's pointed
15    directly at your mouth and make sure that you speak up
16    so we can hear you.
17              Ms. Peters is going to ask you questions.  I
18    want you to listen closely and do your best to answer
19    the question.  Don't answer the question that you wish
20    or prefer she asked.  Do your best to answer the
21    question she's asking.  If there is an objection, stop
22    talking so that the Court can rule on it.  If an
23    objection is sustained, it means you may not answer.
24    If the objection is overruled, it means you may go
25    ahead and answer the question.  And if you can't
26    remember what to do, don't worry about it.  The Court
27    will let you know.
28              All right.  The court reporter is taking
```

1    everything down.  It's very important that we only have

2    one person speaking at a time because the court

3    reporter can't report and have an accurate record if we

4    have people talking over each other.  So if you know or

5    you believe you know where Ms. Peters is going with a

6    question before she's done asking it, don't start

7    answering while she's still talking.  Okay?

8              All right.  Very good.  Thank you.

9              Ms. Peters, you may inquire.

10             MS. PETERS:  Thank you, your Honor.

11

12                   LINDA RAMIREZ,

13        a witness called by the Respondent

14        was examined and testified as follows:

15

16                 DIRECT EXAMINATION

17   BY MS. PETERS:

18       Q.    Ms. Ramirez, if you look at what's been --

19   there's a binder in front of you.  Do you have that?

20       A.    Yes.

21       Q.    If you can turn to Exhibit A.  Do you see that

22   document there?

23       A.    Yes.

24       Q.    And at the bottom on 7/6/2017, is that your

25   signature?

26       A.    Yes.

27       Q.    Okay.  Now, did you -- looking at the next

28   one, two -- next two pages that's attached or one page

1   it looks like that's attached, did you serve these on

2   Mr. Ramirez?

3       A.    That is my signature, but -- yeah, I don't

4   know.  This was a long time ago.

5       Q.    But you filled this out; is that correct?

6       A.    I'm not sure.  I think I may have had help

7   with this.

8       Q.    Okay.  But you did sign it under penalty of

9   perjury what the values of this was, correct, the

10  assets?

11      A.    Looks like I may have did it in a hurry.

12      Q.    Okay.  But you are the one who -- if someone

13  helped you with this, would that be the Self Help

14  Center?

15      A.    I believe so.

16      Q.    Okay.  But you gave them the values, correct?

17      A.    Yes, it looks like I did.

18      Q.    Okay.  And if you'll turn to Exhibit B at the

19  bottom of this page, 12/2019, that's your signature,

20  correct?

21      A.    Yes, it looks like it.

22      Q.    And so this is now more than two years after

23  your initial disclosures; is that right?

24             THE COURT:  You are referring to the date for

25  Exhibit A?

26             MS. PETERS:  Exhibit A shows 2017, July and

27  Exhibit B shows December 20th, 2019.

28

1    BY MS. PETERS:

2        Q.    Is that when you signed this, December 20th,

3    2019?

4        A.    That's the date on here.  You are asking me to

5    remember this stuff.  I see that date on here.

6        Q.    Okay.  So if you can turn -- so if you turn

7    the page, it has a statement regarding disclosure of all

8    material facts.  Do you see that?  Were you aware of

9    this document when you signed it?

10       A.    I can't remember this.

11       Q.    Okay.  If you don't remember, you don't

12   remember.  All right.  So go to the next page.  Do you

13   remember providing these tax returns?

14       A.    I don't remember.

15       Q.    Okay.

16       A.    I believe Raul has access to this too.

17       Q.    I'm sorry?

18       A.    I believe Raul has access to this.

19       Q.    Okay.  So if you turn -- pass the two sets of

20   tax returns and there's a Form FL141.  You see that,

21   right?

22       A.    Yes.

23       Q.    And then you turn to the next page.  So now it

24   says regarding the assets, to be determined.  Is there a

25   reason why -- if you look at page one, two, three, four

26   of the document, there are no values this time.  Is

27   there a reason why you didn't know what the values were

28   now but you knew what they were in 2017?

```
 1      A.    I can't remember this.

 2      Q.    Okay.

 3      A.    I can't remember this.

 4      Q.    Okay.  Was there a way for you to figure out

 5  what the value of your house was?

 6      A.    Yes, through my appraiser.

 7      Q.    And you had a value in 2017, correct?

 8      A.    I don't know.

 9      Q.    Okay.  Did you do anything to try to determine

10  what the value was?

11            MS. HARTLEY:  At what time?

12            THE COURT:  Sustained as to time.

13  BY MS. PETERS:

14      Q.    So this document was signed in 2000 --

15  December of 2019.  Before signing this document, what,

16  if anything, did you do to find out what the value of

17  those assets were?

18      A.    I can't recall.

19      Q.    So is it your testimony you don't remember

20  doing anything to determine what the assets were?

21      A.    No, I don't.

22      Q.    How do you pay your bills?

23      A.    By the statement that comes in.

24      Q.    So your statements come to your house?

25      A.    Yes.

26      Q.    Do you have access to statements online?

27      A.    No.  I have a little difficulty getting in

28  there.  I don't trust being on the internet.  I don't
```

*JD Court Reporting | 818-851-9910*

1    like it.  I don't do social media.  I don't like any of

2    that.  No.

3         Q.    So your testimony right now is you don't go on

4    the internet to get any information?

5         A.    No.

6         Q.    Is that no, you don't go on the internet or

7    no, that's not your testimony for clarification?

8              MS. HARTLEY:  I think it's become compound.

9              Can we make it a clear question?

10             THE COURT:  I'll allow you to rephrase,

11   Counsel.

12   BY MS. PETERS:

13        Q.    So my question was:  Is it your testimony that

14   you don't go on to the internet to obtain information

15   regarding your billing?

16        A.    I'm trying to think what bills I pull out of

17   there.  They usually come in the mail.

18        Q.    Okay.  So do you have a roommate?

19        A.    No.

20        Q.    Do you recall a time where our office sent

21   your attorney discovery requests to produce documents?

22   Look at Exhibit I and tell me if you've seen this

23   document before.

24        A.    All these documents look the same to me to be

25   honest with you.

26        Q.    Okay.  So --

27        A.    You are asking me to recall this.  No.

28        Q.    So were you asked to obtain documents to give

```
 1    to our office?

 2              MS. HARTLEY:  Objection.  Attorney-client

 3    privilege.

 4              THE COURT:  Overruled with regards to whether

 5    or not she was asked to provide documents responsive to

 6    a discovery request.

 7              MS. HARTLEY:  Fair enough.

 8              THE COURT:  So you can answer, ma'am.  Were

 9    you asked to provide documents to give to your attorney

10    for a discovery request by the other side?

11              MS. HARTLEY:  And I would ask for

12    clarification as to time.

13              THE COURT:  And that's a fair point.  If you

14    can give us a timeframe, Ms. Peters.

15              MS. PETERS:  At some point in March of 2020.

16              THE COURT:  So approximately March of 2020,

17    is that what you said?

18    BY MS. PETERS:

19        Q.    Well, March 11th is when I propounded it.  So

20    at some point in March 2020, were you asked to provide

21    documents?

22        A.    I don't know if March 2020 -- I don't know.

23    You are asking me to give you a certain timeframe.  I

24    don't know.

25        Q.    Okay.  Absent a timeframe, were you ever asked

26    to provide documents that were going to be given to my

27    office?

28        A.    They were subpoenaed.  The documents were
```

1    subpoenaed from my attorney.

2        Q.    So what do you mean by that?

3        A.    She subpoenaed the documents.

4        Q.    Okay.  So she subpoenaed some documents but

5    did she ever ask you for documents to provide to me?

6            MS. HARTLEY:  Objection.  Attorney-client

7    privilege.

8            THE COURT:  So again, same response from the

9    Court.  This is all about whether or not she was asked

10   to provide documents responsive to a request, a

11   discovery request from the other side.  So it's not

12   about the contents of the discussions between the

13   attorney and the client beyond a request for

14   information passed through the attorney to the client.

15   So the Court does not sustain that objection.

16           Were you asked through your attorney to

17   provide documents to give to the other side at any

18   time?

19           The Court is not putting a timeframe on it

20   because she testified she's having a difficult time

21   with timeframes.

22           So were you ever asked by your attorney to

23   provide documents to give to the other side?

24           THE WITNESS:  I can't recall.

25           MS. PETERS:  So your Honor, I'm going to ask

26   that Exhibit I be moved into evidence.

27           THE COURT:  Give me just a moment, please.

28   And I'll save it for argument, but I want it in

```
 1   evidence.

 2            MS. HARTLEY:  I think I is already in

 3   evidence in pleadings previously filed with this court.

 4            THE COURT:  I think it's more appropriate for

 5   the Court to take judicial notice of Petitioner's

 6   objections to demand for production which is marked as

 7   I, but the Court already has it.  It's a distinction

 8   without a difference.  The Court will receive I.  It's

 9   all for the same purpose.

10            MS. PETERS:  Okay.  Thank you, your Honor.

11            So I'm going to show the witness which has

12   been marked as Exhibit I's attachment because it didn

13   fit in the book.

14            THE COURT:  Is this the 917 copies?

15            MS. HARTLEY:  I have a copy if you want to

16   use it or --

17            MS. PETERS:  That would be helpful.

18            MS. HARTLEY:  Okay.

19            THE COURT:  Is that your only copy,

20   Ms. Peters?

21            MS. PETERS:  It is, your Honor.

22            THE COURT:  Why don't you let Ms. Hartley

23   provide it to the witness.

24            MS. PETERS:  If you can give it to her in a

25   way that she can -- it would be easier if she can sit

26   at a table.

27            THE COURT:  So your client is most

28   comfortable not sitting with counsel, is that correct,
```

1    Ms. Hartley?

2           MS. HARTLEY:  That is correct.  I mean I'd

3    like to have my client next to me, but she's more

4    comfortable being socially distanced.  If Ms. Lamas can

5    sit back here, the witness can sit here.

6           THE COURT:  All right.  So Ms. Ramirez, if

7    you'd take your binder and you go sit at counsel table.

8    Ms. Lamas will move away from counsel table and

9    Ms. Hartley will sit as far away from you as she can.

10   And that should make it easier for you to take a look

11   at the stuff.

12          And Ms. Hartley, if you'll put that

13   microphone towards your client so we can hear her.

14          MS. HARTLEY:  Now I don't have a copy of this

15   exhibit.

16          MS. PETERS:  If you can turn to Exhibit J.

17          MS. HARTLEY:  Do you know what Bates stamp

18   page that is?

19          THE COURT:  Wait a minute.  Are we still in

20   your exhibit book right now?

21          MS. PETERS:  We are in the Exhibit B to

22   coordinate with the 917 pages is the actual request.

23   And that's Exhibit J so we can follow along as we go,

24   what was asked for and what was produced.

25          THE COURT:  All right.  So you want to go to

26   Exhibit J in the book?

27          MS. PETERS:  In the book.

28          THE COURT:  So Ms. Ramirez, if you'll turn to

1    Exhibit J in that binder, please.

2             MS. HARTLEY:  Your Honor, the Court has

3    already made a ruling on this.  So I'm not sure of the

4    point of consuming the Court's time on this.

5             MS. PETERS:  The Court said it would review

6    these documents at trial, which it hadn't done before.

7    You know, I could just save this and have the Court

8    look to specific Bates stamps which would probably

9    still make my point if the Court wants to do that.

10            THE COURT:  Whatever gets it done the fastest

11   is going to be the best use of the Court's time and

12   your client's time, quite frankly.

13            MS. PETERS:  I agree.  So I'll skip a lot of

14   this stuff to save time.

15            THE COURT:  All right.  So is the Court

16   looking at the attachments for Exhibit I or Exhibit J?

17            MS. PETERS:  Exhibit -- well, hold on.

18            THE COURT:  Exhibit I is 600 pages.  Exhibit

19   J is 916 pages.

20            MS. PETERS:  We are looking at Exhibit I.

21            THE COURT:  Okay.  600 pages is -- hold on.

22   600 pages is J.  916 pages is I.

23            MS. PETERS:  So we want I.

24            MS. HARTLEY:  I haven't been provided Exhibit

25   J.  Is that the supplemental responses?

26            THE COURT:  Well, we are looking at I right

27   now, the 916 pages.

28            MS. PETERS:  Yes.

1        THE COURT:  Okay.

2        MS. PETERS:  I want to start with before we

3   get to the voluminous documents to note this was after

4   the Court's order and the responses if you look to --

5   well, first there's preliminary objections which are

6   not appropriate.  They weren't responded to on time,

7   which makes all objections waived.

8        But if the Court will look starting on page

9   three, the demand one was objected to.  And it was for

10  a request for other income, but they were objected to.

11  And if you go all the way down to just before item two,

12  it says "Alternative additional documents, if they

13  exist, may be subpoenaed from the Social Security

14  office," which I think was inappropriate.  If you look

15  at --

16        MS. HARTLEY:  If I may, your Honor.  Let's

17  make sure we have the complete thing.  The body of this

18  is -- she's -- request is burdensome as it requires

19  respondent party to leave the residence during a

20  quarantine to accomplish nonessential activity when she

21  is immunocompromised, request is compound.  It goes on.

22        THE COURT:  Let's deal with this argument.

23  Let's have this witness, whatever you want to ask her

24  about the 916 pages, ask her about it.  And then we can

25  deal with whatever argument you folks are going to

26  have.

27        MS. PETERS:  Okay.

28        THE COURT:  So the Court's got attachment

```
 1    one, the 916 pages before it.
 2              MS. PETERS:  Okay.  Can we just move this
 3    into evidence and then I'll save all of it for
 4    argument?  I think we can do it that way because I
 5    anticipate no recollection to most things.
 6              But let me ask a couple of questions first
 7    though.
 8    BY MS. PETERS:
 9        Q.    All right.  Turning to -- mine were Bates
10    stamped and the Court's were Bates stamped, but this one
11    is not.
12              THE COURT:  When Ms. Peters refers to Bates
13    stamped, the numbers in the bottom of the right-hand
14    side corner in the stack of paper.  She's going to
15    refer you to a page based on the number in the
16    right-hand corner.
17    BY MS. PETERS:
18        Q.    When you go through here and you get to
19    attachment one.
20              MS. HARTLEY:  What's the Bates?  The one you
21    are referring to is Bates stamped.
22              MS. PETERS:  I don't have --
23    BY MS. PETERS:
24        Q.    It's Bates stamped number one.  If you go past
25    number one to Bates stamp number two, do you see that
26    document?
27              THE COURT:  It will have a two in the bottom
28    right-hand corner.
```

1    BY MS. PETERS:

2        Q.    Okay.  So this document is from the Social

3    Security administration, correct?

4        A.    Yes.

5        Q.    Okay.  And is this income you received after

6    filing your last tax return?

7              MS. HARTLEY:  Wait.  Vague as to time.  Which

8    tax return are we talking about?

9              MS. PETERS:  The last tax return she had

10   filed.

11             MS. HARTLEY:  Foundation.

12             THE COURT:  Hold on.  Objection is sustained.

13   Give us a calendar year or something.

14             MS. PETERS:  Okay.  Well, the request for

15   production was for her to file -- to provide all income

16   she received after filing her last tax return.  And by

17   way of example was if she filed her last tax return in

18   2018, then any income she received at that point.  Now,

19   she filed tax returns as we saw 2017 and 2018.

20   BY MS. PETERS:

21       Q.    So my question is was this income you received

22   after filing your last tax return?

23             All right.  What you have here on page --

24             MS. HARTLEY:  We can wait for her to answer.

25             THE COURT:  Right.  Let's wait for her to

26   answer.  Yes.  No.  I don't know.  I don't understand

27   the question.

28             THE WITNESS:  I don't know.  I don't

```
 1    understand the question.  I see a comment here.  It
 2    says -- it's confusing.
 3    BY MS. PETERS:
 4        Q.    Do you know what this document is?
 5        A.    I know what the document is.
 6        Q.    What is this document?
 7        A.    My Social Security income.
 8        Q.    And this is for when?
 9        A.    It says from December 2017 to December through
10    December -- or 2017, yeah.
11        Q.    Okay.  And who wrote that comment in the
12    corner up on the right-hand corner?
13        A.    That looks like my writing.
14        Q.    Okay.
15        A.    Where it says it's confusing.
16        Q.    Well, it says, "See page six.  Attached two
17    copies.  2F confusing.  Three different follow."  So
18    what are 2Fs?
19        A.    Excuse me.  Can you repeat that?
20              THE COURT:  Hold on.  Is this your writing in
21    the upper right-hand corner?
22              THE PETITIONER:  It looks like my writing.
23              MS. PETERS:  What does it say?  Just read it
24    to us.
25              THE WITNESS:  It says, "Hartley see page six.
26    Attached two copies.  It's confusing."
27              MS. PETERS:  Okay.
28
```

1    BY MS. PETERS:

2        Q.    So what did you mean by three different to

3    follow?

4        A.    I don't know if -- I don't know.  I don't know

5    when I wrote that.  I don't know.

6        Q.    Okay.  So were you receiving any income in

7    2020?

8              MS. HARTLEY:  This is in evidence already.

9    It's on her I&E.  She was receiving disability income

10   and she was receiving I think by 2020 support from

11   Mr. Ramirez.

12             MS. PETERS:  Okay.  And the question is going

13   to be, well, then why isn't any of that here?

14             MS. HARTLEY:  It is here.  That's her Social

15   Security statement.

16             MS. PETERS:  From 2017 over and over again

17   for 47 pages, correct?

18             MS. HARTLEY:  I don't think it should be the

19   same one.

20             THE PETITIONER:  It shouldn't be.

21             MS. HARTLEY:  It's not.

22             THE COURT:  The Court is looking at it.  The

23   first 15 pages are all from that statement.  It's dated

24   December 11, 2017.  In the upper right-hand corner, it

25   says page 14 of 14.  And the Court looks at Bates stamp

26   page 15.  And it's a three-page letter regarding

27   benefits in 2018.  So that doesn't appear to be the

28   same item.  And the Court moves to the next document

*JD Court Reporting | 818-851-9910*

1    which is a two-page letter from the Social Security

2    administration dated October 8, 2019.

3            And then Bates stamped page 21 is another

4    communication from the Social Security administration

5    dealing with February of 2020, and it's a three-page

6    document.  So, so far the Court is not seeing a

7    repetition.

8            And then beginning at Bates stamped page 24,

9    there are money grounds.

10           MS. PETERS:  If we can go to Bates stamp 23.

11           THE COURT:  Bates stamp 23.

12   BY MS. PETERS:

13       Q.    Can you tell me what that is?

14       A.    That is my Social Security disability.

15       Q.    Are you -- are you sure it's your Social

16   Security disability?

17       A.    Oh.  No.

18           MS. HARTLEY:  It says "SDI."

19           THE WITNESS:  Yeah.

20   BY MS. PETERS:

21       Q.    But these are your yearly earnings through

22   Social Security; is that correct?

23       A.    I don't know.  It says three of three.

24       Q.    Right.  But you only provided the one page,

25   three of three, correct?

26       A.    I'm not sure.

27       Q.    And at the bottom it says date produced was

28   4/29/2019.  Do you remember how you got this document?

```
 1        A.    No, I don't.  No.

 2        Q.    Okay.

 3        A.    I'm shocked to see that date there.

 4        Q.    Okay.  And then if you look at the page before

 5   and the page after, this is the only document here,

 6   correct?

 7              MS. HARTLEY:  Well, not the only document.

 8   BY MS. PETERS:

 9        Q.    The only page of this particular document,

10   correct?

11        A.    It looks to be that way.

12        Q.    Okay.  So on Bates stamp 24, this -- can you

13   tell me what this is?

14        A.    Uh-huh.  This is alimony payment.

15        Q.    And it was received in 8/6/2020?

16        A.    I think so.

17        Q.    And did you write that?

18        A.    I did write that.

19        Q.    Okay.  And so you provided one, two, three,

20   four, five payments of alimony that you received,

21   correct?

22              THE COURT:  And those are Bates stamped

23   pages?

24              MS. PETERS:  24 through 29.

25              THE COURT:  Bates stamped pages 24 through

26   29.  So the question was are these copies of alimony or

27   spousal support payments?

28              THE WITNESS:  Those are some copies, yes.
```

*JD Court Reporting | 818-851-9910*

1    BY MS. PETERS:

2        Q.    And when did you take those copies?

3        A.    I don't know.

4        Q.    And then there's 1099s related to your actual

5    tax returns, correct?

6              THE COURT:  Bates stamped pages what?

7              MS. PETERS:  Page 30 through 32.

8              THE COURT:  Pages 30 through 32.  Are those

9    1099s, ma'am?  Your 1099s?

10             THE WITNESS:  Yes.

11   BY MS. PETERS:

12       Q.    And then we have Social Security letters

13   again, right?

14       A.    Yes.

15       Q.    Are these the same ones you produced

16   previously?

17       A.    This one here, I think I just got this one

18   through the mail.

19             THE COURT:  What Bates stamp page are you

20   discussing, ma'am?

21             THE PETITIONER:  32.

22             MS. PETERS:  33, I think it is.

23             THE COURT:  Look at the bottom right-hand

24   corner.  It's the Social Security letter.  What page

25   number?

26             THE WITNESS:  This one is 31, or 33.

27             THE COURT:  33, okay.

28

```
 1    BY MS. PETERS:
 2        Q.    Okay.  So that's -- so it's Social Security
 3    information all the way from 33 to 37, correct?
 4    Actually, it's until 38, correct?
 5              MS. HARTLEY:  I think it goes over to 43.
 6    And then we go to the next attachment.
 7              THE COURT:  Page 39 looks like it's part of
 8    that letter as well.
 9    BY MS. PETERS:
10        Q.    Right.  Is there a reason we only have a
11    picture of the envelope?
12              THE COURT:  What page are you referring to?
13              MS. PETERS:  39, that the Court is referring
14    to.
15              THE COURT:  Page 39, the Court has page three
16    of three.  So 37 is page one of a letter dated
17    April 15, 2019.  And then page Bates stamp 38 is page
18    two of that letter.  And then Bates stamped 39 appears
19    to be simply the last page of the letter stating what
20    the enclosures are.  That's what the Court has.
21              MS. PETERS:  And I have something different.
22              So then when we get to Bates stamp 44, does
23    the Court have Attachment No. 3?
24              THE COURT:  Bates stamp 44, Attachment No. 3.
25    BY MS. PETERS:
26        Q.    So this entire one was supposed to be for
27    income since your last tax returns.  So other than the
28    Social Security income and your spousal support, did you
```

1    have any other income at all?

2         A.    For what year?

3         Q.    After 2018 -- or what you attached here

4    because we ended up not getting anything until

5    September, right?

6         A.    You expect me to remember all this?

7         Q.    Okay.

8              THE COURT:  Ma'am, I don't want you to give

9    that kind of commentary.  If you can answer the

10   question.  You know, you don't know.  Let's keep it

11   pretty tight here.

12             Okay.  So Ms. Peters, ask a question and then

13   get a response.

14             THE WITNESS:  Repeat the question, please.

15   BY MS. PETERS:

16        Q.    Okay.  These are documents in response to any

17   income you had past your last tax returns filed in 2018.

18   Were there any other documents other than the Social

19   Security documents from 2017, 2018 and 2019?

20        A.    I don't think so.

21        Q.    Okay.

22             MS. HARTLEY:  This response was verified on

23   in 2020, I think September 2020.

24             MS. PETERS:  So I just ask the Court note

25   when you get to Bates stamp 95 through 104, they are

26   all upside down.

27             THE COURT:  Well, there are a number of them

28   upside down.  There's some that are upside down, there

1    are some that are right-side up, as the Court thumbs

2    through.

3              MS. PETERS:  Okay.  And I'm going to skip

4    through some of this just to get to the more -- so if

5    you can get to 158.

6              THE COURT:  Bates stamp 158.

7              MS. PETERS:  Yes, please.  This is in

8    response to loans.

9    BY MS. PETERS:

10        Q.    Can you tell me what 158 is?

11        A.    CMH.

12        Q.    And did you borrow money from them?

13        A.    No.  That's a hospital.

14        Q.    Okay.  And so 159, the credit union statement

15   showing $5.  Did you borrow money from them?

16        A.    No.

17        Q.    And so on the bottom of Bates stamp 160, which

18   is page -- appears to be page two, it says -- it shows

19   mail Yahoo.  What is that, do you know?

20             MS. HARTLEY:  Where are you looking?

21             MS. PETERS:  All the way at the bottom of

22   Bates stamped page 160.  It appears to be from the

23   internet.

24   BY MS. PETERS:

25        Q.    Do you know why that's there?

26             THE COURT:  Court's looking at Bates stamp

27   page 160, bottom.  Appears to show an e-mail address

28   and a date of 1/22/2020.  And then at the very top, the

```
 1    Court would interpret that as the subject line:
 2    Receipt for payment miscommunications from a debt
 3    collector - Yahoo mail.  That's what the Court is
 4    looking at.
 5            The question is:  What is that, ma'am?
 6            THE PETITIONER:  This does look like a
 7    receipt that was sent to my e-mail.
 8    BY MS. PETERS:
 9       Q.   So you do have an e-mail account?
10       A.   I do.
11            MS. HARTLEY:  She didn't say she didn't.
12            THE PETITIONER:  No.
13    BY MS. PETERS:
14       Q.   So when you testified earlier that you have
15    nothing to do with the computer and online --
16            MS. HARTLEY:  Misstates the evidence.
17            THE COURT:  Sustained.  What the Court heard
18    the witness state is she doesn't participate in social
19    media.  She doesn't do online banking.  That's what the
20    Court heard.  The Court heard nothing about whether or
21    not she uses e-mail.
22            MS. PETERS:  Okay.
23    BY MS. PETERS:
24       Q.   When you get to 166 --
25            THE COURT:  Bates stamped 166?
26            MS. PETERS:  166.  So this is the -- it's
27    disclosures, but not the actual --
28            THE COURT:  I couldn't hear you, Ms. Peters.
```

*JD Court Reporting | 818-851-9910*

1    BY MS. PETERS:

2        Q.    It's disclosures but it's not actually a loan

3    document, correct?

4              MS. HARTLEY:  I think the document speaks for

5    itself.  It's a loan for a loan disclosure.

6              THE COURT:  It's a three-page document, goes

7    from Bates stamp 166 through 168.  And page three,

8    which has no signature states at the top, "Copy of

9    Disclosure Describing Equity Line of Credit."

10             So certainly looks to the Court like just a

11   disclosure statement.

12   BY MS. PETERS:

13       Q.    But it wasn't signed, right?

14             THE COURT:  Ma'am, was it signed, this copy,

15   166 through 168 Bates stamp is?

16             THE PETITIONER:  No.

17   BY MS. PETERS:

18       Q.    Okay.  Was that loan taken out after 2017?

19             MS. HARTLEY:  This is the home equity line of

20   credit.  We already stipulated that was taken out

21   before marriage and it's hers.

22             MS. PETERS:  My demand was for documents from

23   2017 to production for loan applications, so this was

24   taken out in when?  2005?

25             MS. HARTLEY:  I need to see the demand.

26             THE COURT:  The Court notes page Bates stamp

27   page 169 has a date on it.  Good faith estimate for a

28   HELOC from 2005.

1          MS. PETERS:  Okay.  And so this goes on for

2     all the way through 2000 -- 237 Bates stamp with no

3     signatures.

4          THE COURT:  Through page Bates stamp 237.

5     Give me a moment.

6          MS. HARTLEY:  Ms. Peters, did you also put

7     the demand into evidence?

8          MS. PETERS:  If not, I will.  You can follow

9     along with me if you want.

10          MS. HARTLEY:  I don't have your demand in my

11     exhibit book.  What attachment is this?

12          MS. PETERS:  So this is all attachment three.

13          MS. HARTLEY:  Okay.

14          THE COURT:  So the Court's paging through it

15     and it looks like certainly an application for a loan.

16     The Court doesn't see any signatures on it.  It's all

17     premarriage.  The Court sees the early Oct for dates.

18     This is all concerning the Miramar Walk property,

19     including estimates of costs.

20          And the Court finally comes across a

21     signature where petitioner, Bates stamp 244, 245,

22     conditional loan approval July of '05 with what

23     purports to be her signature on 245.

24          MS. HARTLEY:  Okay.  The misunderstanding

25     here may be we look at -- she's asking for loans from

26     2017 on.  She's been paying on this from 2017 on, so --

27          THE COURT:  So that will be an argument,

28     then, we can hear a little later.

1            MS. HARTLEY:  That's why this is responsive.

2            THE COURT:  So we'll hear that later on.

3            MS. PETERS:  I would ask the Court to take

4    notice of the sheer volume of this response with the

5    amortization table in here at least twice, maybe three

6    times going all the way through to --

7            THE COURT:  So let me save everybody some

8    time here.  The Court is happy to take notice of what

9    was produced and what you are arguing and what we have.

10           MS. PETERS:  Okay.

11           THE COURT:  I think it's pretty clear that

12   nobody is going to dispute that it was produced by

13   petitioner.  Petitioner is not going to dispute that

14   this was sent over to you.  So I'm happy to hear

15   argument from counsel.  I'm happy to look at all this.

16   The Court will readily admit it's a lot of paper and it

17   sounds like there's some argument about why some of it

18   was provided, which I'll hear later as well.  There's

19   an ex parte the Court wants to take up.  I am going to

20   order the parties during lunch to meet and confer and

21   at least go over some of this and see if there's

22   anything we can do to streamline the afternoon.  And

23   I'll see everybody back at 1:30.

24           You don't have to take everything with you.

25   Feel free to leave your stuff at counsel table.

26           MS. HARTLEY:  I'm not touching it.

27           THE COURT:  The Court understands the issues.

28   Quite Frankly, it seems like if the parties are able to

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                  Page 54

1    meet and confer during lunch, they may even be able to

2    narrow this a little more or maybe even reach some

3    resolution.  The parties have made great stride this

4    morning.  I'll see everybody back at 1:30.

5                   (Lunch recess taken.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*JD Court Reporting | 818-851-9910*

```
 1          VENTURA, CALIFORNIA; FRIDAY, FEBRUARY 25, 2022
 2                          P.M. SESSION
 3                            --o0o--
 4
 5          THE COURT:  Good afternoon, everyone.  Going
 6   back on the record on the Ramirez matter.  All parties
 7   are present with counsel.  Court had a brief discussion
 8   with the attorneys who have been hard at work during
 9   lunch.  And I believe we have a resolution with perhaps
10   one matter the Court has to rule on.  Is that correct?
11          MS. HARTLEY:  That's correct.  Yes, your
12   Honor.
13          MS. PETERS:  And there was one thing you just
14   remembered.
15          MS. HARTLEY:  Yes.  When the judgment is
16   final, when the ruling is final, my client needs 90
17   days to try to refinance the house.  And I think
18   Ms. Peters agrees.
19          MS. PETERS:  And if not, it gets sold, right?
20          MS. HARTLEY:  If not, it gets sold.
21          THE COURT:  All right.  The Court's
22   understanding is there remains a question with regards
23   to 29 mortgage payments made post separation by
24   husband.  Having reviewed the file, the Court believes
25   the amount at issue is approximately $32,000, the issue
26   being whether or not husband is due reimbursement for
27   that amount.  Does that fairly state the issue,
28   Ms. Hartley?
```

*JD Court Reporting | 818-851-9910*

1          MS. HARTLEY:  Yes.  The documentary evidence
2     shows he did make those payments and that is the
3     approximate amount.
4          MS. PETERS:  Correct.
5          MS. HARTLEY:  That we've agreed as being the
6     amount at issue.
7          THE COURT:  All right.  And Ms. Peters, I
8     don't think I need to hear anything from you at this
9     point.  So let me ask Ms. Hartley what your comments
10    are on this issue.
11         MS. HARTLEY:  Well, husband is obtaining a
12    Moore Marsden reimbursement, so his payments towards
13    this should be treated in one of two ways, neither of
14    which would include him getting a reimbursement for
15    that.  One is that it would -- he was not paying any
16    support at that time so he should receive
17    reimbursement.  This should be treated in lieu of the
18    support or at a minimum reduced because the support he
19    would have been paying, granted, would have been less
20    than what he was paying for the mortgage.
21         So I think that's a double dip that would be
22    appropriate for the Court to ease and not give his
23    reimbursement for the entire amount.  It is sticky,
24    granted, because he was making payments post separation
25    for her separate property house.  However, he's also
26    getting a portion of the fair rental value from the
27    house, so it did increase his interest in the property
28    as a result of the increased value in the house over

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT, on 02/25/2022                                    Page 57

```
 1    the years.  And I think he's already been made whole
 2    with the fair rental value and with the Moore Marsden.
 3              I think this is within the Court's discretion
 4    to go either way.  And that is a question of law, not
 5    of fact.  So I'm asking the Court to rule on that.
 6              THE COURT:  Thank you, Ms. Hartley.
 7              Ms. Peters, a brief response.
 8              MS. PETERS:  Thank you, your Honor.
 9    According to Marriage of Mohler, instead of getting
10    increased interest for the house in the payments he was
11    entitled to reimbursement.  So he paid on a house
12    that's not his separate property so he got no benefit
13    from that.  And I think he's entitled to all of it
14    back.  And it was way more than any support she would
15    have been entitled to.  On that, I'll submit.
16              THE COURT:  Well, the Court, again, has
17    reviewed this file multiple times and prepared for
18    today's trial.  And the Court agrees with respondent
19    that it is appropriate for him to be reimbursed for the
20    payments on the mortgage he made post separation.  And
21    so the Court does order that the $32,000 be reimbursed
22    to him by petitioner.
23              MS. HARTLEY:  Not half of it, but the entire
24    amount?
25              THE COURT:  That seems appropriate, yes.
26              MS. HARTLEY:  Okay.  If that is the Court's
27    ruling, we submit to it.
28
```

*JD Court Reporting | 818-851-9910*

```
 1              THE COURT:  Yes.

 2              Let's see.  Is there a stipulation with

 3   regards to spousal support then?

 4              MS. HARTLEY:  We have agreed that spousal

 5   support will terminate today.  This is a marriage of

 6   short duration.  My client agrees that spousal support

 7   will terminate today.

 8              THE PETITIONER:  Yes.

 9              MS. HARTLEY:  And we have further agreed that

10   both parties will waive all attorneys fees and costs

11   including sanctions.

12              THE COURT:  Parties will bear their own

13   costs?

14              MS. PETERS:  Correct, I agree.

15              THE COURT:  Mr. Ramirez, you agree?

16              THE RESPONDENT:  Yes.

17              THE COURT:  And Ms. Ramirez, you agree?

18              THE PETITIONER:  Yes.

19              MS. PETERS:  And the equalization payment

20   will be paid within 90 days.

21              THE COURT:  We'll get to that.

22              MS. HARTLEY:  On entry of judgment because I

23   have to get it to you to look at.

24              THE COURT:  Spousal terminates effective

25   today and Court terminates jurisdiction with regard to

26   spousal support today.

27              Attorney's fees and costs as well as requests

28   for sanctions are waived.  Parties shall bear their own
```

```
 1   fees and costs.

 2             Are the parties going to stipulate that they

 3   will share the cost of the court reporter and the cost

 4   of the transcript?

 5             MS. PETERS:  Yes, your Honor.

 6             MS. HARTLEY:  Yes, your Honor.

 7             THE COURT:  Very good.  And then the parties

 8   agree as well that wife shall have 90 days to refinance

 9   and buy out husband.  And if it does not occur within

10   90 days, then the parties agree the house will be

11   listed for sale and the parties will be ordered to

12   cooperate to effectuate the sale.

13             MS. HARTLEY:  Well, she's the only party on

14   title, but I don't know if he'd have to cooperate.

15             THE COURT:  To the extent that anybody has to

16   cooperate.

17             MS. HARTLEY:  Yes, your Honor.

18             MS. PETERS:  There's two liens that need to

19   be removed in escrow.

20             MS. HARTLEY:  Those have been waived to her,

21   so --

22             THE COURT:  Sounds like that's taken care of.

23   What else do we need to put on the record now?

24             MS. PETERS:  Ms. Hartley is going to draft --

25             THE WITNESS:  Ms. Hartley, you'll draft the

26   judgment?

27             MS. HARTLEY:  Yes.  I am requesting a

28   transcript to be sent to me.  I'm going to rely heavily
```

1    on the transcript for the judgment.  So I would like to

2    be relieved from the 10-day requirement that I get it

3    out.  I don't know how long it's going to take.  The

4    court reporters are often very backed up.

5              MS. PETERS:  If the court reporter can take a

6    break and answer that question.

7              (Discursion held off the record.)

8              MS. HARTLEY:  That takes me out of the 10

9    days so I need to be relieved from that.

10             MS. PETERS:  So she'll have 15 days.

11             MS. HARTLEY:  10 days from the time I get the

12   transcript.

13             MS. PETERS:  There you go.

14             THE COURT:  All right.  10 days after receipt

15   of transcript for the judgment.

16             MS. HARTLEY:  And then 5.125 then will kick

17   in on the receipt of the transcript for me to get the

18   judgment to her and for her to get -- the 20 days to

19   get the response back to me.

20             THE COURT:  That sounds appropriate as well.

21   So ordered.  Any other unresolved issues?

22             MS. PETERS:  I think we got it all covered at

23   this point.

24             MS. HARTLEY:  If I could think of another

25   one, I would definitely bring it to your attention.

26             THE COURT:  All right.  I believe that wraps

27   it up then.  The judgment essentially should serve as

28   the order after hearing.

1          MS. PETERS:  Right.

2          THE COURT:  Okay.  Let me just take a moment

3    to note that the attorneys have worked very hard in

4    representing the interest of their clients.  There's

5    been a little bit of movement by the parties as well in

6    the spirit of compromise in an effort to get this thing

7    done so you folks can get on with your lives.  And I

8    want to commend both the parties and their attorneys

9    for working together today to get this wrapped up.  You

10   folks have waited a long time for this day and your

11   attorneys did good work and worked hard on behalf of

12   both of you.

13         Given that, we essentially have a settlement,

14   Ms. Peters, did you want to stipulate that the exhibits

15   are unmarked and may be returned to the parties?

16         MS. PETERS:  Yes.

17         THE COURT:  Since there's no need for them.

18   Any objection?

19         MS. HARTLEY:  No objection.

20         THE COURT:  So we'll return the exhibits to

21   the parties.

22         MS. HARTLEY:  I have one point of

23   clarification based on Ms. Lamas.  The 90 days is from

24   the entry of judgment because I need a judgment before

25   she can refinance.

26         MS. PETERS:  Well, it doesn't have to be --

27   you don't need a judgment.

28         MS. HARTLEY:  My understanding is she needs a

*JD Court Reporting | 818-851-9910*

```
 1    judgment before she can refinance.  When does the 90
 2    days start ticking?
 3            THE COURT:  It would seem reasonable to the
 4    Court -- hold on a second.
 5            MS. PETERS:  It's her sole and separate
 6    property.
 7            THE COURT:  Right.
 8            MS. PETERS:  So all we need to do is sign
 9    lien releases.
10            MS. HARTLEY:  I think it's a lender
11    requirement.  I'm not aware of exactly what it is.  But
12    I've run into this with other clients who have been
13    unable to do so.
14            THE COURT:  The Court doesn't have any
15    information about what lender requirements are.  It's
16    clear that it's her separate property.  Certainly to
17    the extent that you wanted to draft an order after
18    hearing or stipulation because there's been an
19    agreement here.
20            MS. HARTLEY:  Judgment based on the
21    transcript.
22            THE COURT:  Sure.
23            MS. PETERS:  And you'll have the transcript.
24            MS. HARTLEY:  Yes, in a couple of weeks.
25            THE COURT:  Right.  It's going to be in a
26    couple of weeks.
27            MS. PETERS:  She can start the refinance,
28    submit that into escrow.  The transcript will show but
```

```
 1    it doesn't even matter, it's her separate property.
 2              MS. HARTLEY:  I need a judgment showing she
 3    is divorced and he has no interest.  That has been my
 4    experience lately.
 5              THE COURT:  Well, 90 days from today is
 6    May 26th.  Absent any showing that it couldn't be done
 7    by May 26th, I think 90 days from today is appropriate.
 8    If there's a problem with a lender, certainly the
 9    parties can talk to each other and not come back to
10    Court because nobody wants to spend more money in this
11    case.
12              And given that the parties have settled all
13    the issues, it seems to the Court if there's
14    documentary notice from a lender that we need -- I need
15    it -- it seems reasonable to the Court that if a lender
16    in the midst of refi could do something that said we
17    need to actually see a judgment before we can do this,
18    respondent ought to cooperate with that.
19              MS. PETERS:  It's in the best interest to do
20    that.
21              MS. HARTLEY:  By then, hopefully we'll have
22    that.
23              THE COURT:  So the Court is going to say 90
24    days from today.  And if the parties run into a
25    problem, they'll communicate and get it done.  Nothing
26    the Court is hearing would be anything other than a
27    third party throwing an obstacle in the way.  If
28    there's no third party obstacle, it will be done 90
```

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                                    Page 64

```
 1    days.  90 days from today is May 26th.
 2              MS. PETERS:  Fair enough.
 3              MS. HARTLEY:  Thank you, your Honor.
 4              THE COURT:  Thank you, everyone.
 5              (Proceedings concluded.)
 6                   --oOo--
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT, on 02/25/2022                                    Page 65

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                     FOR THE COUNTY OF VENTURA

3

4    In re the Matter of           )
                                    )
5    Petitioner: LINDA RAMIREZ     ) Case No. D382866
                                    )
6         and                       ) REPORTER'S CERTIFICATE
                                    )
7    Respondent: RAUL C. RAMIREZ   )
     ──────────────────────────────)

8

9

10

11

12          I, SALOME M. BRAND, CSR 12126, Certified

13   Shorthand Reporter of the State of California, for the

14   County of Ventura, do hereby certify that the foregoing

15   pages 1 through 65, inclusive, are a full, true and correct

16   transcript of the proceedings held on Friday, February 25

17   2022, in the above-entitled cause.

18        Dated at Camarillo, California, this 14th day March,

19   2022.

20

21

22                              _____
                                SALOME M. BRAND, CSR 12126
23                              Official Court Reporter

24

25

26

27

28

*JD Court Reporting | 818-851-9910*

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,   on 02/25/2022                    Index: $10,000..agrees

| $ | | | | |
|---|---|---|---|---|
| **$10,000** 17:27 | **10:59** 27:20 | **2022** 5:1 27:8,20 55:1 | **5** | **account** 50:9 |
| **$11,000** 17:16 18:4 | **11** 11:22,24 43:24 | **2023** 11:26 12:1,4 | **5.125** 60:16 | **accruals** 17:27 |
| **$11,300** 17:22 | **11th** 34:19 | **20th** 30:27 31:2 | | **accrue** 19:28 |
| **$136,125** 7:23 | **12/2019** 30:19 | **21** 44:3 | **6** | **accurate** 29:3 |
| **$18,494** 7:11,26 | **125,000** 7:23 | **22** 15:6 | **600** 38:18,21,22 | **acquired** 27:2 |
| **$2,475** 7:22 | **136,125** 7:23 | **23** 44:10,11 | | **acquisition** 16:19 |
| **$250** 10:20,22,26 | **14** 43:25 | **237** 52:2,4 | **7** | **action** 6:13 27:13 |
| **$276** 10:5 | **15** 43:23,26 47:17 60:10 | **24** 44:8 45:12,24, 25 | **7,000** 10:21 | **activity** 39:20 |
| **$32,000** 55:25 57:21 | **158** 49:5,6,10 | **244** 52:21 | **7/16/17** 27:4 | **actual** 18:11 37:22 46:4 50:27 |
| **$35,271** 8:24 | **159** 49:14 | **245** 52:21,23 | **7/16/2017** 27:5 | **ad** 5:10 6:24 7:4 8:19,21 9:8,10,27, 28 10:15,16 11:10,12 12:18,19 19:2,3 21:27,28 22:16,17 23:3,4 24:20,24 25:2,6, 20,24 |
| **$5** 49:15 | **160** 49:17,22,27 | **25** 5:1 7:26 55:1 | **7/6/2017** 29:24 | |
| **$63,150** 7:24 | **166** 50:24,25,26 51:7,15 | **250** 10:23 | **776** 28:8 | |
| **$650** 11:23,24 | **168** 51:7,15 | **25th** 27:8,19 | | |
| **$7,250** 10:20,26 | **169** 51:27 | **26th** 63:6,7 64:1 | **8** | |
| **$70,542** 8:24 | **1:30** 53:23 54:4 | **29** 10:6 45:24,26 55:23 | **8** 44:2 | |
| **$73,975** 7:25 | | **2F** 42:17 | **8/6/2020** 45:15 | **adding** 19:12 |
| **$8,004** 10:4 | **2** | **2fs** 42:18 | | **addition** 17:10 |
| **$9,247** 7:27 8:8 | **2,475** 7:13 | | **9** | **additional** 39:12 |
| | **20** 60:18 | **3** | **9-** 17:26 | **address** 49:27 |
| **-** | **2000** 14:28 15:2, 3,4 32:14 52:2 | **3** 47:23,24 | **90** 55:16 58:20 59:8,10 61:23 62:1 63:5,7,23,28 64:1 | **addressed** 23:6 |
| **--oOo--** 5:3 55:3 64:6 | **2005** 51:24,28 | **30** 46:7,8 | | **administration** 41:3 44:2,4 |
| | **2008** 15:10 16:16, 17 | **31** 46:26 | **9000** 17:23 | **admit** 53:16 |
| **0** | **2011** 10:19,23,27 15:13,16 19:13,17 20:1 | **32** 46:7,8,21 | **916** 38:19,22,27 39:24 40:1 | **afternoon** 53:22 55:5 |
| **05** 52:22 | | **33** 46:22,26,27 47:3 | **917** 36:14 37:22 | **agree** 8:15,20 9:2,5,9,22,25 10:3,11,13 11:3,7, 10 12:10,14,16 14:21,22 18:26,28 19:2 22:11,12,14, 26,27 23:1,12,25 38:13 58:14,15,17 59:8,10 |
| **1** | **2017** 19:13 20:1 30:26 31:28 32:7 41:19 42:9,10 43:16,24 48:19 51:18,23 52:26 | **37** 47:3,16 | **95** 48:25 | |
| **1/22/2020** 49:28 | | **38** 47:4,17 | | |
| **10** 60:8,11,14 | **2018** 41:18,19 43:27 48:3,17,19 | **39** 47:7,13,15,18 | **A** | |
| **10,000** 17:24 | **2019** 16:12 30:27 31:3 32:15 44:2 47:17 48:19 | **4** | **a.m.** 5:2 27:20 | **agreed** 7:13 11:28 12:5,6 56:5 58:4,9 |
| **10-day** 60:2 | | **4/29/2019** 44:28 | **Absent** 34:25 63:6 | |
| **104** 48:25 | **2020** 34:15,16,20, 22 43:7,10 44:5 48:23 | **401K** 20:9,10,11 | **accept** 8:12 | **agreement** 62:19 |
| **1099s** 46:4,9 | | **43** 47:5 | **access** 31:16,18 32:26 | **agrees** 9:27 17:2 55:18 57:18 58:6 |
| | | **44** 47:22,24 | **accomplish** 39:20 | |
| | | **47** 43:17 | | |

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,   on 02/25/2022                    Index: ahead..conceptually

ahead 28:25

alimony 45:14, 20,26

**Alternative** 39:12

amortization 53:5

amount 11:23 17:14,15 55:25,27 56:3,6,23 57:24

answering 29:7

anteroom 13:6

anticipate 40:5

apologize 18:10

appearances 5:6

appearing 5:8,9, 13

appears 47:18 49:18,22,27

application 52:15

applications 51:23

applied 20:8

apply 20:10

appointed 24:24

appointment 25:24

appraiser 32:6

approval 52:22

approximate 56:3

approximately 16:12 34:16 55:25

April 47:17

arguing 53:9

argument 14:16 19:18 35:28 39:22,25 40:4 52:27 53:15,17

arisen 24:27

arrearages 18:4,

19

assets 30:10 31:24 32:17,20

assigned 18:5

assistance 26:20

**Associates** 5:13

association 17:10 18:10,12

assume 14:20

attached 17:12 29:28 30:1 42:16, 26 48:3

attaches 17:4

attachment 36:12 39:28 40:19 47:6,23,24 52:11, 12

attachments 38:16

attention 60:25

attorney 5:23 25:8,12 33:21 34:9 35:1,13,14, 16,22

attorney's 18:14 58:27

Attorney-client 34:2 35:6

attorneys 6:3 55:8 58:10 61:3,8, 11

audience 5:16 6:1

August 19:13 20:1

authenticate 6:4, 6,7

authority 12:10, 12

award 13:15 14:19

awarded 15:3,7, 16 16:18,24 17:12 22:9,19,23 23:7

aware 12:12 31:8 62:11

---

**B**

back 19:6 21:2 24:17 37:5 53:23 54:4 55:6 57:14 60:19 63:9

backed 60:4

bailiff 6:14

balance 25:7,21

banking 50:19

based 21:21 40:15 61:23 62:20

basis 28:1,2

Bates 37:17 38:8 40:9,10,12,20,21, 24,25 43:25 44:3, 8,10,11 45:12,22, 25 46:6,19 47:17, 18,22,24 48:25 49:6,17,22,26 50:25 51:7,15,26 52:2,4,21

bear 10:9,28 11:15,17 14:11 58:12,28

bears 15:7 18:18

beginning 44:8

behalf 61:11

believes 55:24

Ben 5:23

bend 28:14

benefit 57:12

benefits 43:27

billing 33:15

bills 32:22 33:16

binder 28:13 29:19 37:7 38:1

bit 61:5

body 39:17

book 28:9 36:13 37:20,26,27 52:11

borrow 49:12,15

bottom 29:24 30:19 40:13,27 44:27 46:23 49:17,21,27

bowling 19:5

break 24:15 60:6

breakdown 26:17

briefly 20:3

bring 60:25

**Brown** 14:4

burdensome 39:18

business 18:11

buy 59:9

---

**C**

calendar 41:13

**California** 5:1 26:11 55:1

call 28:8

called 29:13

car 13:18,24

care 5:18 59:22

**Carla** 5:8

case 63:11

ceases 25:24

**Center** 30:14

certificate 19:19

chambers 7:8 24:15,20

**Chevy** 10:19,27 14:28 15:2,13,16

clarification 11:14 33:7 34:12 61:23

clear 14:26 33:9 53:11 62:16

cleared 16:22

clerk 6:22,26 7:5, 6 27:4

client 9:20 10:3 12:12 14:11 16:24,27 17:1 19:20 20:7 21:6, 19 22:3 24:10,12 35:13,14 36:27 37:3,13 55:16 58:6

client's 10:27 14:1,27 38:12

clients 21:5 61:4 62:12

closely 28:18

closer 22:5

closing 14:16

**CMH** 49:11

collector 50:3

comfortable 25:5 36:28 37:4

commend 61:8

comment 25:17 42:1,11

commentary 48:9

comments 56:9

commitment 24:27

communicate 63:25

communication 44:4

community 7:11, 25

complete 39:17

comports 9:14

compound 33:8 39:21

compromise 61:6

computer 50:15

conceptually 19:12

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,   on 02/25/2022

concluded 64:5

conclusively 20:16

conditional 52:22

confer 53:20 54:1

confers 20:5

confirm 20:2

confusing 42:2, 15,17,26

consistent 7:27 8:2

consistently 16:1

constitutes 23:21,22

consult 20:18 25:11

consuming 38:4

contents 35:12

continue 11:22

contradict 21:19, 21

cooperate 59:12, 14,16 63:18

coordinate 37:22

copies 36:14 42:17,26 45:26,28 46:2

copy 36:15,19 37:14 51:8,14

corner 40:14,16, 28 42:12,21 43:24 46:24

correct 6:2 8:15, 25,28 9:1,3,6 10:6,7,24,25 11:5, 8,11,27 13:2 18:8, 12,20,21,23 21:24,26 25:4 30:5,9,16,20 32:7 36:28 37:2 41:3 43:17 44:22,25 45:6,10,21 46:5 47:3,4 51:3 55:10, 11 56:4 58:14

cost 14:6,7 59:3

costs 52:19 58:10,13,27 59:1

counsel 5:14 8:5 18:11 20:5 21:3 24:13,15,18 33:11 36:28 37:7,8 53:15,25 55:7

counseling 26:20

county 21:11 26:12

couple 40:6 62:24,26

court 5:5,15,28 6:6,8,9,19,24,28 7:7,16,20 8:2,5, 11,14,17,19,22, 23,28 9:2,5,8,14, 22,25,27 10:1,5,8, 11,13,15,17,21, 23,25 11:2,5,7,10, 19,24,28 12:5,8,9, 14,16,18,20,21,25 13:1,4,7,11,15,20, 22,26 14:8,17,25 15:2,6,12,15,24 16:6,11,15,17,26 17:3,14,17 18:1, 15,18,22,24,28 19:2,4,8,11,27 20:4,12,21 21:2,7, 12,14,16,24,26 22:1,5,12,14,16, 18,25,27 23:1,3,5, 10,15,19,23,24,27 24:3,6,9,14,17 25:1,2,5,10,16,19, 22,26 26:2,5,10, 15,19,20,23,26,28 27:2,5,9,16,18,22 28:3,6,10,22,26, 28 29:2 30:24 32:12 33:10 34:4, 8,13,16 35:8,9,15, 19,27 36:3,4,5,7, 8,14,19,22,27 37:6,19,25,28 38:2,5,7,9,10,15, 18,21,26 39:1,8, 22,28 40:12,27 41:12,25 42:20 43:22,25,28 44:6,

11 45:22,25 46:6, 8,19,23,27 47:7, 12,13,15,20,23,24 48:8,24,27 49:1,6, 26 50:1,3,17,20, 25,28 51:6,10,14, 26 52:4,14,16,17, 20,27 53:2,3,7,8, 11,16,19,27 55:5, 7,10,21,24 56:7, 22 57:5,6,16,18, 21,25 58:1,12,15, 17,21,24,25 59:3, 7,15,22 60:4,5,14, 20,26 61:2,17,20 62:3,4,7,14,22,25 63:5,10,13,15,23, 26 64:4

Court's 7:21 12:21 24:5 38:4, 11 39:4,28 40:10 49:26 52:14 55:21 57:3,26

courtroom 6:11 20:6

cover 18:17

covered 60:22

credit 16:23 49:14 51:9,20

credits 8:7 19:28

current 24:20

─────────

D

date 12:13,23 15:26 16:13,18,19 30:24 31:4,5 44:27 45:3 49:28 51:27

dated 43:23 44:2 47:16

dates 52:17

Davidson 16:17

day 61:10

days 55:17 58:20 59:8,10 60:9,10, 11,14,18 61:23 62:2 63:5,7,24 64:1

deal 39:22,25

dealing 44:5

dealt 22:23

debt 16:25,26,28 17:2,3,8,10 18:5, 24 23:7 50:2

debts 16:21 22:21 23:5

December 12:2 30:27 31:2 32:15 42:9,10 43:24

declaration 14:9, 10

demand 36:6 39:9 51:22,25 52:7,10

denied 13:25

Describing 51:9

determine 32:9, 20

determined 19:15 31:24

difference 36:8

differences 26:16

difficult 35:20

difficulty 32:27

dip 56:21

DIRECT 29:16

directly 28:15

disability 43:9 44:14,16

disclosure 14:9, 10 15:11,27 31:7 51:5,9,11

disclosures 16:3 30:23 50:27 51:2

discovery 17:20 23:26 33:21 34:6, 10 35:11

discretion 57:3

discursion 60:7

discuss 6:11

discussed 7:9 15:16 24:19

discussing 46:20

discussion 55:7

discussions 35:12

dispute 15:25 53:12,13

dissolution 27:6

dissolved 27:7

distanced 37:4

distinction 36:7

divided 7:26 8:24 13:16,27

dividing 23:16

divorced 63:3

document 16:2 29:22 31:9,26 32:14,15 33:23 40:26 41:2 42:4,5, 6 43:28 44:6,28 45:5,7,9 51:3,4,6

documentary 56:1 63:14

documents 10:9, 28 11:15,17 33:21,24,28 34:5, 9,21,26,28 35:3,4, 5,10,17,23 38:6 39:3,12 48:16,18, 19 51:22

domestic 13:16, 28

double 56:21

draft 59:24,25 62:17

due 55:26

duration 58:6

─────────

E

e-mail 49:27 50:7,9,21

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,   on 02/25/2022

Index: earlier..hired

earlier 50:14

early 52:17

earnings 44:21

ease 56:22

easier 36:25 37:10

effective 12:13 27:8 58:24

effectuate 59:12

effort 61:6

employee 21:11

enclosures 47:20

end 6:1,13

ended 48:4

entire 47:26 56:23 57:23

entitled 14:13 19:21,24 57:11, 13,15

entry 58:22 61:24

envelope 47:11

equalization 58:19

equity 16:22 51:9,19

escrow 59:19 62:28

essentially 60:27 61:13

establish 7:15

estimate 18:3 51:27

estimates 52:19

eventually 6:1

evidence 13:18, 21,23 14:16 19:10 35:26 36:1,3 40:3 43:8 50:16 52:7 56:1

EXAMINATION 29:16

examined 29:14

excluded 5:17 6:10

Excuse 42:19

excused 6:1 24:25,26 25:6,20

execute 17:6

exhibit 28:8 29:21 30:18,25, 26,27 33:22 35:26 36:12 37:15,16, 20,21,23,26 38:1, 16,17,18,20,24 52:11

exhibits 24:1 61:14,20

exist 39:13

existence 25:23

expect 48:6

experience 63:4

expert 5:21 12:28 20:17,19

extent 59:15 62:17

F

fact 19:17 57:5

facts 5:19,20 6:9 9:15 31:8

fair 34:7,13 56:26 57:2 64:2

fairly 55:27

faith 51:27

falling 19:5

falls 23:9

fastest 38:10

February 5:1 11:25 27:8,19 44:5 55:1

Feel 53:25

fees 6:4 10:4 18:1 19:7 23:23 24:4,6 27:26 28:2,4

58:10,27 59:1

figure 8:6,23 32:4

figures 7:27

file 27:13 41:15 55:24 57:17

filed 14:11 26:10 27:11 36:3 41:10, 17,19 48:17

filing 41:6,16,22

filled 30:5

final 55:16

finally 19:20 52:20

finances 14:11

financial 28:1

financially 15:17

find 6:6 13:20 32:16

finding 24:4,9

finds 13:22

fit 36:13

fixtures 23:12

FL141 31:20

Flores 26:27,28 27:10

folks 23:17 39:25 61:7,10

follow 37:23 42:17 43:3 52:8

Form 31:20

forward 9:23 14:21 15:8

Foundation 41:11

foundational 28:1

frankly 38:12 53:28

free 53:25

FRIDAY 5:1 55:1

front 28:12 29:19

fund 24:6

furnishings 23:8,12

furniture 23:8,12

G

gave 30:16

give 6:27 7:17 33:28 34:9,14,23 35:17,23,27 36:24 41:13 48:8 52:5 56:22

God 7:1

good 5:5,12,15 21:14 25:19 28:6 29:8 51:27 55:5 59:7 61:11

granted 25:20 56:19,24

grants 27:6

great 54:3

grounds 44:9

guardian 5:10 6:24 7:4 8:19,21 9:8,10,27,28 10:15,16 11:10,12 12:18,19 19:2,3 21:26,28 22:16,17 23:3,4 24:20,24 25:2,6,20,24

half 8:24 16:9,11 57:23

hallway 6:20

hand 6:23

happened 9:18

happy 53:8,14,15

hard 20:14 55:8 61:3,11

Harley 15:10,21 16:8,15,17

Hartley 5:8,23,26 6:3,18 7:12,15,18

8:3,4,9,26 9:11 10:8,9,25,28 11:14,16 12:6,9 13:2,3,5,9,13,26 14:7 15:10,13,26 16:13,14,16,21 17:9,15,19,25 18:8,9,17,21 19:6 20:12,13,27 21:4, 5,15,18 22:8,21 23:8,21 24:3,19, 22 25:22,27 26:3 27:21,26,28 28:5 32:11 33:8 34:2,7, 11 35:6 36:2,15, 18,22 37:1,2,9,12, 14,17 38:2,24 39:16 40:20 41:7, 11,24 42:25 43:8, 14,18,21 44:18 45:7 47:5 48:22 49:20 50:11,16 51:4,19,25 52:6, 10,13,24 53:1,26 55:11,15,20,28 56:1,5,9,11 57:6, 23,26 58:4,9,22 59:6,13,17,20,24, 25,27 60:8,11,16, 24 61:19,22,28 62:10,20,24 63:2, 21 64:3

Hartley's 19:18

he'll 5:21

head 8:16

hear 28:16 37:13 50:28 52:28 53:2, 14,18 56:8

heard 50:17,20

hearing 15:27 60:28 62:18 63:26

heavily 59:28

held 60:7

HELOC 16:26 17:3 51:28

helped 19:18 30:13

helpful 36:17

hired 21:12

*JD Court Reporting | 818-851-9910*

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022

Index: history..minute

history 6:5

HOA 10:4 18:1,4, 14,20

hold 5:28 38:17, 21 41:12 42:20 62:4

home 16:22 51:19

homeowner's 17:10 18:10,12

honest 33:25

Honor 5:12 6:17, 18 7:8 8:1,4,9,10 9:1 11:13,21 12:6, 24 13:3,10,19 17:9 18:9 20:27, 28 21:5 22:4 23:18 25:18,27,28 27:21 28:7 29:10 35:25 36:10,21 38:2 39:16 55:12 57:8 59:5,6,17 64:3

Horton 17:21

hospital 49:13

house 9:12 16:21,24 17:13 24:11 32:5,24 55:17 56:25,27,28 57:10,11 59:10

Hunter 17:24,25

hurry 30:11

husband 10:18 18:6,18 55:24,26 56:11 59:9

**I**

I&e 43:9

I's 36:12

identified 15:11, 28

immunocompromised 39:21

important 29:1

inappropriate

20:17 39:14

inch 22:5

include 22:22 56:14

including 23:26 52:19 58:11

income 39:10 41:5,15,18,21 42:7 43:6,9 47:27, 28 48:1,17

increase 56:27

increased 56:28 57:10

incurred 16:23 17:11

individually 22:20

information 20:15 33:4,14 35:14 47:3 62:15

initial 17:26 30:23

inquire 16:6 29:9

inside 20:6

insurance 13:14, 19,24

interest 9:20,23 14:4,13,14 17:16, 26 18:2,4 19:14 20:18 21:22,23 22:1 56:27 57:10 61:4 63:3,19

internet 32:28 33:4,6,14 49:23

interpret 50:1

irreconcilable 26:16

irremediable 26:17

issue 13:14,15,23 17:4 20:26 21:18 55:25,27 56:6,10

issues 6:3 13:12 19:5 22:6 23:22 24:23 25:1 53:27 60:21 63:13

item 39:11 43:28

**J**

January 11:26 12:1,4

job 20:10

join 8:11

joining 11:20

Josh 6:7

judgment 25:24 27:6 55:15 58:22 59:26 60:1,15,18, 27 61:24,27 62:1, 20 63:2,17

judicial 36:5

juice 20:22

Julie 5:10

July 19:13 20:1 30:26 52:22

jurisdiction 12:11,13,21 27:2 58:25

**K**

kick 60:16

kind 48:9

knew 31:28

knowledge 18:13,14 24:23 25:3

**L**

Lamas 5:9 37:4,8 61:23

Laurie 5:13

law 14:12 57:4

lead 26:16

leave 5:21 6:15, 19 39:19 53:25

leaves 13:13

legal 18:18

lender 62:10,15 63:8,14,15

letter 6:4 43:26 44:1 46:24 47:8, 16,18,19

letters 46:12

liable 18:7

licensed 21:8

lien 62:9

liens 59:18

lieu 56:17

Linda 5:9,11 26:27,28 27:10,11 29:12

listed 59:11

listen 28:18

litem 5:10 6:24 7:4 8:19,21 9:8, 10,27,28 10:15,16 11:10,12 12:18,19 19:2,3 21:27,28 22:16,17 23:3,4 24:20,25 25:3,6, 20,24

litigation 16:5

lives 61:7

loan 51:2,5,18,23 52:15,22

loans 49:8 52:25

long 30:4 60:3 61:10

longer 21:11

lot 38:13 53:16

loud 8:17 25:14

lunch 53:20 54:1, 5 55:9

**M**

Madam 21:26 22:16 23:3

made 24:7 38:3 54:3 55:23 57:1,

20

mail 33:17 46:18 49:19 50:3

make 24:3,27 25:22 28:15 33:9 37:10 38:9 39:17 56:2

makes 39:7

making 24:8 56:24

Malibu 10:19,23, 27 15:14,16

March 34:15,16, 19,20,22

marital 27:7

marked 36:6,12

marriage 16:23 17:11 18:2 19:21, 25 26:16,17,21 27:6,7 51:21 57:9 58:5

Marsden 8:23,26 9:21 56:12 57:2

material 31:8

math 7:17,18

matter 5:6 6:27 14:12 19:17 24:18,19 26:8 55:6,10 63:1

means 28:23,24

media 33:1 50:19

meet 53:20 54:1

mentioned 14:9

microphone 28:13,14 37:13

middle 26:28

midst 63:16

mine 40:9

minimum 56:18

minimus 20:18 21:22

minute 37:19

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                    Index: minutes..position

minutes 20:24

Miramar 52:18

miscommunications 50:2

missed 17:17

Misstates 50:16

misunderstanding 52:24

model 15:3

Mohler 57:9

moment 13:8
35:27 52:5 61:2

money 24:11
44:9 49:12,15
63:10

month 7:13,22
10:6,20,26 11:23,
24,28

months 7:15,23
10:6 11:23,24
20:8 26:12,13

Moore 8:23,26
9:20 56:12 57:2

morning 5:5,12,
15 54:4

mortgage 55:23
56:20 57:20

motorcycle
16:17

mouth 28:15

move 37:8 40:2

moved 35:26

movement 61:5

moves 43:28

multiple 57:17

N

names 23:5

narrow 54:2

needing 6:13

negative 20:15

nodding 8:16

nonessential
39:20

note 12:21 39:3
48:24 61:3

notes 12:20
51:26

notice 36:5 53:4,
8 63:14

number 5:16
8:15 10:21 40:15,
24,25 46:25 48:27

numbers 40:13

O

oath 16:7

object 16:27

objected 39:9,10

objection 14:5
17:1 28:21,23,24
34:2 35:6,15
41:12 61:18,19

objections 36:6
39:5,7

obligation 17:5
18:6,19

observe 6:15

obstacle 63:27,
28

obtain 33:14,28

obtaining 56:11

occur 59:9

Oct 52:17

October 44:2

office 5:27 33:20
34:1,27 39:14

offset 22:10

online 32:26
50:15,19

order 6:10 13:17,
27,28 24:9 39:4
53:20 57:21 60:28
62:17

ordered 6:11
15:18 22:3 59:11
60:21

orders 27:6,9

overruled 28:24
34:4

P

P.M. 55:2

pages 29:28
37:22 38:18,19,
21,22,27 39:24
40:1 43:17,23
45:23,25 46:6,8

paging 52:14

paid 10:4,18,26
57:11 58:20

pans 23:16

paper 40:14
53:16

paperwork 15:19
17:6

paralegals 5:26

part 19:10 47:7

parte 53:19

participate 50:18

parties 6:21 7:6
10:3 15:18,20
21:2 24:18 26:5
27:17 53:20,28
54:3 55:6 58:10,
12,28 59:2,7,10,
11 61:5,8,15,21
63:9,12,24

parties' 23:5

party 14:20 22:19
23:13 39:19 59:13
63:27,28

party's 22:9,22

pass 31:19

passage 26:19

passed 35:14

past 40:24 48:17

Pat 5:9

pay 24:9 32:22

payable 24:7

paying 20:19
52:26 56:15,19,20

payment 45:14
50:2 58:19

payments 45:20,
27 55:23 56:2,12,
24 57:10,20

penalty 30:8

pendency 6:12

pending 6:28

pension 13:27
22:2

people 5:16
27:19 29:4

percent 7:26

percentage 7:25

percipient 24:23

perjury 30:9

person 29:2

personal 22:8,18
23:9

personally 24:13

perspective 24:5

Peters 5:12,13,
19,25 6:17 7:7,8,
14,28 8:1,10 9:1,
16 10:1,3,7,18,22,
24 11:13,18,21,27
12:3,24,25,27
13:10,18 14:1,15,
22,28 15:23 16:3,
27 17:1 18:22,23
19:9,16,24 20:2,7,
16,28 21:10,16
22:3,11,25,26
23:11,18,24,25,28
24:8 25:4,16,18,
28 26:3 27:16,23,
24,27 28:7,17
29:5,9,10,17
30:26 31:1 32:13
33:12 34:14,15,18
35:25 36:10,17,

20,21,24 37:16,
21,27 38:5,13,17,
20,23,28 39:2,27
40:2,8,12,17,22,
23 41:1,9,14,20
42:3,23,27 43:1,
12,16 44:10,12,20
45:8,24 46:1,7,11,
22 47:1,9,13,21,
25 48:12,15,24
49:3,7,9,21,24
50:8,13,22,23,26,
28 51:1,12,17,22
52:1,6,8,12 53:3,
10 55:13,18,19
56:4,7 57:7,8
58:14,19 59:5,18,
24 60:5,10,13,22
61:1,14,16,26
62:5,8,23,27
63:19 64:2

petition 26:10

petitioner 5:9,11
7:3 8:16,18 9:7,26
10:14 11:9 12:17
15:9,17 16:27
17:5,23 18:6 19:1
21:25 22:1,15
23:2 25:9,15 26:7,
9,14,18,22,25,27
27:1,24 28:3
42:22 43:20 46:21
50:6,12 51:16
52:21 53:13 57:22
58:8,18

petitioner's 27:9
36:5

pickup 14:28
15:2

picture 47:11

pins 19:5

pleadings 36:3

point 16:5 24:2
34:13,15,20 38:4,
9 41:18 56:9
60:23 61:22

pointed 28:14

portion 56:26

position 14:1
20:22

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022

Index: possession..respondent

**possession**
22:9,19 23:13,17

**post** 14:23 55:23
56:24 57:20

**postdates** 16:19

**potential** 6:10,16

**pots** 23:16

**pre** 14:23

**preceding** 26:12,
13

**predates** 18:2

**prefer** 28:20

**preliminary**
14:8,10 15:11,27
39:5

**premarriage**
16:26 18:5,20
52:17

**prepared** 57:17

**present** 5:10,11,
14 21:3 24:18
25:7 55:7

**pretty** 48:11
53:11

**previously** 15:15
26:6 36:3 46:16

**privilege** 34:3
35:7

**problem** 63:8,25

**proceeding** 23:6
25:7,21 27:11,12

**proceedings**
21:13 64:5

**produce** 33:21

**produced** 37:24
44:27 46:15 53:9,
12

**production** 36:6
41:15 51:23

**property** 9:12,17,
19 10:19 14:24
16:1 17:4,28
18:23 22:4,9,18,
20,24 23:9,14

52:18 56:25,27
57:12 62:6,16
63:1

**propounded**
34:19

**prove** 20:15 24:2

**provide** 34:5,9,
20,26 35:5,10,17,
23 36:23 41:15

**provided** 38:24
44:24 45:19 53:18

**providing** 31:13

**proving** 20:16

**pull** 28:14 33:16

**purchase** 15:27
16:8

**purchased** 14:23
15:22,25 16:4

**purports** 52:23

**purpose** 36:9

**pursuant** 13:28

**put** 7:20 14:15,25
19:10 37:12 52:6
59:23

**putting** 35:19

**Q**

**QDRO** 14:3,17
19:8,15 21:18

**quarantine** 39:20

**question** 28:19,
21,25 29:6 33:9,
13 41:21,27 42:1
43:12 45:26
48:10,12,14 50:5
55:22 57:4 60:6

**questions** 25:12
28:17 40:6

**R**

**raise** 6:22

**Ramirez** 5:6,9,11
8:11,14 9:2,5,22,

25 10:11,13 11:2,
7 12:14,16 13:5
14:3,10 18:26,28
21:6,24 22:12,14
23:1 24:10,18,26
25:5 26:7 27:12
28:8 29:12,18
30:2 37:6,28
43:11 55:6 58:15,
17

**Ramirez's** 10:19
21:20 24:1

**rate** 10:5

**Raul** 31:16,18

**reach** 54:2

**read** 42:23

**readily** 53:16

**reason** 31:25,27
47:10

**reasonable**
20:22 24:5 62:3
63:15

**recall** 32:18
33:20,27 35:24

**receipt** 50:2,7
60:14,17

**receive** 19:25
36:8 56:16

**received** 41:5,16,
18,21 45:15,20

**receiving** 43:6,9,
10

**recess** 21:1
24:16 54:5

**recognize** 12:11

**recollection**
21:19,20 40:5

**record** 5:6 7:17,
19,20 14:26 18:25
21:2 24:17 29:3
55:6 59:23 60:7

**reduced** 56:18

**refer** 40:15

**referring** 30:24
40:21 47:12,13

**refers** 40:12

**refi** 63:16

**refinance** 55:17
59:8 61:25 62:1,
27

**regard** 58:25

**reimbursed**
57:19,21

**reimbursement**
8:27 55:26 56:12,
14,17,23 57:11

**related** 46:4

**relations** 13:17,
28

**release** 17:7

**released** 18:7

**releases** 15:19
62:9

**relevant** 9:18

**relieved** 60:2,9

**rely** 59:28

**remain** 13:6 25:6

**remaining** 13:12,
14 22:6

**remains** 27:12
55:22

**remember** 19:20
28:26 31:5,10,11,
12,13,14 32:1,3,
19 44:28 48:6

**remembered**
55:14

**remind** 24:9

**removed** 59:19

**Rena** 5:10 20:19
21:20 24:22

**Rena's** 9:19

**rental** 7:10 56:26
57:2

**repeat** 42:19
48:14

**repetition** 44:7

**rephrase** 33:10

**report** 29:3

**reporter** 21:8,17
28:28 29:3 59:3
60:5

**reporters** 60:4

**representing**
61:4

**represents** 21:8

**request** 13:23
25:20 34:6,10
35:10,11,13 37:22
39:10,18,21 41:14

**requesting** 26:23
59:27

**requests** 33:21
58:27

**requirement**
60:2 62:11

**requirements**
62:15

**requires** 39:18

**reserve** 13:20
19:10

**residence** 39:19

**resident** 26:11,
12

**resolution** 54:3
55:9

**resolve** 20:25

**resolving** 22:6

**respectfully**
13:25

**respective** 14:20
15:20

**responded** 39:6

**respondent** 5:14
7:2 8:13 9:4,24
10:12 11:4,6
12:15 15:1,3,5
16:9,18 17:5
18:27 19:23 20:5,
11 22:13,28 29:13
39:19 57:18 58:16
63:18

*JD Court Reporting | 818-851-9910*

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,  on 02/25/2022                    Index: respondent's..sustain

**respondent's** 16:1

**response** 35:8 48:13,16,22 49:8 53:4 57:7 60:19

**responses** 25:13 38:25 39:4

**responsibilities** 15:7

**responsibility** 14:20 15:17 16:18,28 17:6,8 18:19

**responsive** 34:5 35:10 53:1

**restored** 26:24 27:10

**result** 56:28

**resulting** 7:23 8:24

**retirement** 13:16,27 14:2 19:7,12,22,24,26, 28 21:23

**return** 13:5 27:17 41:6,8,9,16,17,22 61:20

**returned** 27:18 61:15

**returns** 31:13,20 41:19 46:5 47:27 48:17

**review** 14:8 38:5

**reviewed** 55:24 57:17

**right-hand** 40:13,16,28 42:12,21 43:24 46:23

**right-side** 49:1

**roommate** 33:18

**row** 28:12

**rule** 13:28 14:4 28:22 55:10 57:5

**ruling** 25:23 38:3 55:16 57:27

**run** 62:12 63:24

**S**

**sale** 59:11,12

**sanctions** 23:26 24:12 58:11,28

**save** 6:20 14:16 26:21 35:28 38:7, 14 40:3 53:7

**Scott** 17:20,21, 24,25

**SDI** 44:18

**seat** 28:12

**Security** 39:13 41:3 42:7 43:15 44:1,4,14,16,22 46:12,24 47:2,28 48:19

**seek** 14:3

**seeking** 27:26 28:3

**sees** 24:6 52:17

**sell** 24:11

**separate** 9:12,16, 19 10:19 14:24 16:1,25 17:2,4,28 18:5,24 22:4,20, 24 23:7,13 56:25 57:12 62:5,16 63:1

**separated** 20:8

**separation** 14:2, 24 15:23,24,25 16:13,19 17:11 55:23 56:24 57:20

**September** 48:5, 23

**serve** 30:1 60:27

**service** 27:4,5

**SESSION** 5:2 55:2

**sets** 31:19

**settled** 63:12

**settlement** 6:4 61:13

**share** 59:3

**shared** 14:8

**she'll** 17:6 60:10

**sheer** 53:4

**shocked** 45:3

**short** 58:6

**short-term** 19:21

**show** 36:11 49:27 62:28

**showing** 49:15 63:2,6

**shows** 30:26,27 49:18 56:2

**sic** 17:21

**side** 34:10 35:11, 17,23 40:14

**sign** 15:18 30:8 62:8

**signature** 29:25 30:3,19 51:8 52:21,23

**signatures** 52:3, 16

**signed** 31:2,9 32:14 51:13,14

**signing** 32:15

**Silverado** 15:1,2

**simply** 14:19 47:19

**single** 27:17,18, 19

**Sir** 16:8 22:27

**sit** 36:25 37:5,7,9

**sitting** 36:28

**skip** 38:13 49:3

**social** 33:1 39:13 41:2 42:7 43:14 44:1,4,14,15,22 46:12,24 47:2,28 48:18 50:18

**socially** 37:4

**sold** 55:19,20

**sole** 16:18,25,28 17:2 22:4,23 23:13 62:5

**solely** 15:19

**solemnly** 6:26

**sounds** 20:21 53:17 59:22 60:20

**speak** 28:15

**speaking** 29:2

**speaks** 51:4

**specific** 38:8

**spend** 63:10

**spirit** 61:6

**spousal** 11:22 12:1,22 45:27 47:28 58:3,4,6,24, 26

**squeeze** 20:23

**stack** 40:14

**stamp** 37:17 40:25 43:25 44:10,11 45:12 46:19 47:17,22,24 48:25 49:6,17,26 51:7,15,26 52:2,4, 21

**stamped** 40:10, 13,21,24 44:3,8 45:22,25 46:6 47:18 49:22 50:25

**stamps** 38:8

**stand** 6:22,25

**start** 19:20 29:6 39:2 62:2,27

**starting** 39:8

**state** 26:11 50:18 55:27

**statement** 31:7 32:23 43:15,23 49:14 51:11

**statements** 32:24,26

**states** 51:8

**stating** 47:19

**status** 24:21 26:1,2,3,4 27:7, 15,17,19

**stay** 6:15

**step** 6:16 20:24

**sticky** 56:23

**stipulate** 7:10,13 10:10 11:1 21:7, 16 59:2 61:14

**stipulated** 8:7 9:15,16 51:20

**stipulation** 9:11, 23 11:20 12:20,27 18:15 58:2 62:18

**stipulations** 12:26

**stop** 28:21

**streamline** 33:22

**stride** 54:3

**stuff** 23:8 31:5 37:11 38:14 53:25

**subject** 50:1

**submit** 57:15,27 62:28

**Submitted** 13:21

**subpoenaed** 17:21 34:28 35:1, 3,4 39:13

**Superior** 21:12

**supplemental** 38:25

**support** 11:22 12:1,22 43:10 45:27 47:28 56:16,18 57:14 58:3,5,6,26

**supporting** 13:23

**supposed** 12:3 47:26

**sustain** 35:15

In re the Matter of Linda Ramirez and Raul C. Ramirez
SUPERIOR COURT TRANSCRIPT,   on 02/25/2022

Index: sustained..years

**sustained** 28:23 32:12 41:12 50:17

**swear** 6:21,27

**sworn** 7:6 26:6

---

**T**

**table** 5:14 14:17 36:26 37:7,8 53:5, 25

**takes** 60:8

**taking** 16:28 28:28

**talk** 20:24 63:9

**talking** 6:9 28:22 29:4,7 41:8

**tax** 31:13,20 41:6, 8,9,16,17,19,22 46:5 47:27 48:17

**terminate** 12:13, 22 58:5,7

**terminated** 27:8

**terminates** 58:24,25

**termination** 12:11

**testified** 29:14 35:20 50:14

**testimony** 6:12, 27 21:6,20,21,22 24:1 32:19 33:3,7, 13

**thing** 39:17 55:13 61:6

**things** 7:9 40:5

**three-page** 43:26 44:5 51:6

**threshold** 24:4,8

**throwing** 11:14 63:27

**thumbs** 49:1

**ticking** 62:2

**tight** 48:11

**time** 6:15,20 13:28 14:3 18:3 19:25 24:15 26:20 29:2 30:4 31:26 32:11,12 33:20 34:12 35:18,20 38:4,11,12,14 39:6 41:7 53:8 56:16 60:11 61:10

**timeframe** 34:14, 23,25 35:19

**timeframes** 35:21

**timeline** 20:13

**times** 53:6 57:17

**title** 9:13,17 15:19 59:14

**today** 25:21,23 27:8 58:5,7,25,26 61:9 63:5,7,24 64:1

**today's** 21:12 57:18

**top** 17:26 49:28 51:8

**total** 7:23,24 10:20,26

**touching** 53:26

**transcript** 59:4, 28 60:1,12,15,17 62:21,23,28

**treated** 56:13,17

**trial** 13:13 38:6 57:18

**trust** 32:28

**truth** 6:28 7:1

**turn** 29:21 30:18 31:6,19,23 37:16, 28

**Turning** 40:9

**two-page** 44:1

---

**U**

**Uh-huh** 45:14

**unable** 62:13

**unclear** 20:14

**uncovered** 17:20

**understand** 15:28 25:11,12 41:26 42:1

**understanding** 7:21 8:3 9:15 55:22 61:28

**understands** 53:27

**understood** 11:19 19:11

**unexpectedly** 24:28

**union** 49:14

**unmarked** 61:15

**unresolved** 60:21

**upper** 42:21 43:24

**upside** 48:26,28

---

**V**

**Vague** 41:7

**values** 30:9,16 31:26,27

**vehicle** 14:19,27 15:9,12,13

**vehicles** 13:15 14:18,21,23,26 16:20

**Ventura** 5:1 21:11 55:1

**verified** 48:22

**verify** 25:23

**vocational** 19:19

**volume** 53:4

**voluminous** 39:3

---

**W**

**wait** 37:19 41:7,

24,25

**waited** 61:10

**waive** 21:23 58:10

**waived** 39:7 58:28 59:20

**waives** 22:1

**walk** 28:11 52:18

**wanted** 62:17

**Watts** 7:11 8:7

**ways** 56:13

**weeks** 62:24,26

**wife** 19:14,18 59:8

**witnesses** 5:17 6:5,13,16

**words** 8:12

**work** 21:10 55:8 61:11

**worked** 61:3,11

**working** 19:16, 17,20 61:9

**worry** 28:26

**worth** 20:19,22

**wrap** 23:19

**wrapped** 61:9

**wraps** 60:26

**write** 45:17,18

**writing** 42:13,20, 22

**wrote** 42:11 43:5

---

**Y**

**Yahoo** 49:19 50:3

**year** 15:3 16:15 19:22 41:13 48:2

**yearly** 44:21

**years** 7:22 15:6 16:4,10,11,12 19:23 30:22 57:1

---

# EXHIBIT "D"

**FL-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
  Carla L. Hartley, SBN: 249362
  HARTLEY LAMAS ET AL.
  5700 Ralston Street, Suite 210
  Ventura, CA 93003
    TELEPHONE NO.: 805-639-0600    FAX NO. *(Optional):* 805-639-0500
  E-MAIL ADDRESS *(Optional):* InboundDocs@VCFamLaw.com
  ATTORNEY FOR *(Name):* Linda Ramirez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **VENTURA**
  STREET ADDRESS: 800 S. Victoria Avenue
  MAILING ADDRESS: P.O. Box 6489
  CITY AND ZIP CODE: Ventura, 93009
  BRANCH NAME: Hall of Justice

MARRIAGE OR PARTNERSHIP OF
  PETITIONER: LINDA RAMIREZ
  RESPONDENT: RAUL C. RAMIREZ

FOR COURT USE ONLY

**VENTURA SUPERIOR COURT**
**FILED**
**APR 1 1 2022**
BRENDA L. McCORMICK
Executive Officer and Clerk
By:_____ **B. MAKI** _____, Deputy

**JUDGMENT**
☒ DISSOLUTION   ☐ LEGAL SEPARATION   ☐ NULLITY
   ☐ Status only
   ☐ Reserving jurisdiction over termination of marital or domestic
      partnership status
   ☐ Judgment on reserved Issues
  Date marital or domestic partnership status ends: 02/25/2022

CASE NUMBER:
D382866

1. ☒ This judgment  ☐ contains personal conduct restraining orders  ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s)     of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: ☐ Default or uncontested  ☐ By declaration under Family Code section 2336
   ☒ Contested  ☐ Agreement in court
  a. Date: 02/25/2022    Dept.: 32       Room:
  b. Judicial officer *(name):* Hon. Michael S.Lief  ☐ Temporary judge
  c. ☒ Petitioner present in court    ☒ Attorney present in court *(name):* Carla Hartley
  d. ☒ Respondent present in court   ☒ Attorney present in court *(name):* Laurie Peters
  e. ☐ Claimant present in court *(name):*    ☐ Attorney present in court *(name):*
  f. ☒ Other *(specify name):* Guardian Ad Litem for Petitioner, Julie Reyna

3. The court acquired jurisdiction of the respondent on *(date):* 07/16/2017
  a. ☒ The respondent was served with process.
  b. ☐ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**
4. a. ☒ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
     status of single persons
    (1) ☒ on *(specify date):* 02/25/2022
    (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
  b. ☐ Judgment of legal separation is entered.
  c. ☐ Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

  d. ☐ This judgment will be entered nunc pro tunc as of *(date):*
  e. ☐ Judgment on reserved issues.
  f. The ☒ petitioner's  ☐ respondent's  former name is restored to *(specify):* Linda Flores
  g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
  h. ☐ This judgment contains provisions for child support or family support. Each party must complete and file with the court a
    *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
    court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
    of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a
    Child Support Order* (form FL-192) is attached.

Form Adopted for Mandatory Use              **JUDGMENT**            Page 1 of 2
Judicial Council of California             **[Family Law]**      Family Code, §§ 2024, 2340, 2343, 2346
FL-180 [Rev. July 1, 2012]                        www.courts.ca.gov
Exh. D Page 002 of 8

FL-180

| CASE NAME *(Last name, first name of each party)*:<br>Marriage of Ramirez, Linda v. Raul C. | CASE NUMBER:<br>D382866 |
|---|---|

4. i. ☐ The children of this marriage or domestic partnership are:

(1) ☐ Name                                    Birthdate

(2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).

(2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

(3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

(4) ☐ Previously established in another case. Case number:            Court:

k. ☐ Child support is ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).

(2) ☐ *Child Support Information and Order Attachment* (form FL-342).

(3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

(4) ☐ Previously established in another case. Case number:            Court:

l. ☒ Spousal, domestic partner, or family support is ordered:

(1) ☐ Reserved for future determination as relates to    ☐ petitioner    ☐ respondent

(2) ☒ Jurisdiction terminated to order spousal or partner support to    ☒ petitioner    ☒ respondent

(3) ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

(4) ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.

(5) ☐ Other *(specify)*:

m. ☒ Property division is ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.

(2) ☐ *Property Order Attachment to Judgment* (form FL-345).

(3) ☒ Other *(specify)*: Attachment to Judgment

n. ☒ Attorney fees and costs are ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.

(2) ☐ *Attorney Fees and Costs Order* (form FL-346).

(3) ☒ Other *(specify)*: Attachment to Judgment

o. ☒ Other *(specify)*: As set forth in Attachment to Judgment

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: **APR 0 8 2022**

_____
**Michael S. Lief**
JUDICIAL OFFICER

The Hon. Michael S. Lief

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

5. Number of pages attached: __5__

NOTICE

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

American LegalNet, Inc.
www.FormsWorkFlow.com

Marriage of Ramirez, Linda v. Raul;
V.C.S.C. Case No. D382866

### ATTACHMENT TO JUDGMENT

THIS MATTER came on for trial on all issues on the Court's regularly scheduled calendar, on February 25, 2022, at 8:30 a.m., the Honorable Michael S. Lief, Judge Presiding.

Petitioner was present by counsel, Carla L. Hartley; by Guardian Ad Litem, Julie Reyna; and in person.   Respondent was present by counsel, Laurie Peters, and in person.

The Court makes the following FINDINGS AND ORDERS:

1.    Irreconcilable differences having arisen between the parties, the Court grants Judgment of Dissolution of Marriage and orders that the marriage be dissolved.   The status of the parties as married persons is terminated effective February 25, 2022 at 10:59 a.m.

2.    The Court further orders that Petitioner's former name be restored, and that name shall be Linda Flores.

3.    The Court finds that this is a marriage of less than ten years and is presumptively a marriage of short duration.  The Court finds, and orders, that spousal support payable by Respondent to Petitioner shall terminate on February 25, 2022, and the Court further orders that the jurisdiction over any Court to award spousal support henceforth, to either party, at any point in the future, is hereby terminated.

4.    The Court finds that the Petitioner owned the real property located at 2213 Miramar Walk, Oxnard, CA 93035 (hereafter "the Property"), prior to marriage.

5.    The Court finds and orders that the Property is confirmed to Petitioner as her premarital sole and separate property, together with all debts

1  and liabilities associated therewith.   Respondent has no ownership interest
2  therein.

3       6.   The Court finds that the Home Equity Line of Credit secured
4  against the Property is confirmed as Petitioner's premarital separate property
5  debt, as her sole and separate liability.   Petitioner shall execute any
6  documents to release Respondent from any liability he may have for that debt,
7  if necessary, within 10 days of Respondent's written request therefor.

8       7.   The Court finds that the Homeowners' Association Debt secured
9  against the Property is confirmed as Petitioner's premarital separate property
10  debt, in the approximate amount of $11,300, as her sole and separate liability.
11  Petitioner shall execute any documents to release Respondent from any
12  liability he may have for that debt, if necessary, within 10 days of
13  Respondent's written request therefor.

14       8.   The Court finds that the reimbursement due to Respondent as
15  and for his share of the fair rental value of the Property is $9,247, payable by
16  Petitioner to Respondent.

17       9.   The Court finds that the community's reimbursement interest
18  under *Marriage of Moore/Marriage of Marsden* is $70,542. The reimbursement
19  amount due to Respondent as and for his share equity paydown in the
20  Property under *Moore/Marsden* and their progeny is $35,271, payable by
21  Petitioner to Respondent.

22       10.   The Court finds that Respondent is entitled to a reimbursement as
23  and for monies he paid post-separation towards Homeowners' Association
24  Fees for the Property, in the amount of $8,004, payable by Petitioner to
25  Respondent.

26       11.   The Court finds that Respondent is entitled to reimbursement as
27  and for monies he paid post-separation towards Petitioner's 2011 Chevy
28  Malibu, in the amount of $7,250, payable by Petitioner to Respondent.

12.    The Court finds that Respondent is entitled to reimbursement as and for monies he paid post-separation towards the mortgage on the Property, in the amount of $32,000.

13.    The Court finds there is no evidence supporting Respondent's request for reimbursement for payments on Petitioner's vehicle insurance, and Respondent's request for reimbursement therefor is denied.

14.    The Court finds that Respondent's 401k, and pension if any, are confirmed to him as his post-separation sole and separate property, together with all debts and liabilities associated therewith.

15.    The Court finds that the 2000 Chevy Silverado is confirmed as the Respondent's separate property, together with all debts and liabilities associated therewith.

16.    The Court finds that the 2008 Harley Davidson is confirmed as Respondent's separate property, together with all debts and liabilities associated therewith.

17.    The Court finds that the 2008 Chevy Malibu is confirmed as Petitioner's separate property, together with all debts and liabilities associated therewith.

18.    The Court finds that all personal property in the possession and control of either party is awarded to that party as his/her separate property, without offset.

19.    The Court finds that all furniture, furnishings, and fixtures in the possession and control of either party is awarded to that party as his/her separate property, without offset.

20.    The Court finds that all debts in the name of either party individually, not otherwise addressed herein, are awarded to that party, respectively, as his or her sole and separate liability.

21.    The Court finds that both parties waive any and all requests for

1    sanctions, and makes no order for sanctions.

2    22.    The Court orders that the parties shall each bear his or her own

3    attorneys' fees and costs, with the exception that the parties shall equally

4    share the cost of today's court reporter, and the cost of one copy of the

5    subsequent transcript of proceedings.

6    23.    As and for payment for the amounts set forth above as payable by

7    Petitioner to Respondent, the Court orders that Petitioner shall have 90 days

8    from time of trial to refinance the Property or otherwise raise the funds to pay

9    Respondent in full for the reimbursements detailed hereinabove. If payment is

10    not made, or the home is not refinanced to repay the Respondent, within 90

11    days from February 25, 2022, or by May 26, 2022, then the house shall be

12    listed for sale, and the parties will be ordered to cooperate to effectuate the

13    sale.

14    24.    The Court orders that Julie Reyna is dismissed as the Guardian

15    Ad Litem for Petitioner in this proceeding.

16    25.    Counsel for Petitioner shall draft the JUDGMENT. The 10-day

17    requirement to submit the JUDGMENT to opposing counsel pursuant to

18    California's Court Rule 5.125 shall be triggered upon the date that Ms. Hartley

19    receives the transcript of proceedings from the court reporter. Counsel for

20    Respondent shall then have 20 days from the date of receipt of the transcript

21    of proceedings to object or approve the proposed JUDGMENT.

22    **APPROVED AS TO FORM:**

23    Dated:

24    ------P-D-F-Signature-Attached------

25    Laurie Peters, Esq.,
26    Attorney for Respondent

27    ***COURT'S SIGNATURE ON FOREGOING FL-180***

28

1    sanctions, and makes no order for sanctions.

2        22.    The Court orders that the parties shall each bear his or her own
3    attorneys' fees and costs, with the exception that the parties shall equally
4    share the cost of today's court reporter, and the cost of one copy of the
5    subsequent transcript of proceedings.

6        23.    As and for payment for the amounts set forth above as payable by
7    Petitioner to Respondent, the Court orders that Petitioner shall have 90 days
8    from time of trial to refinance the Property or otherwise raise the funds to pay
9    Respondent in full for the reimbursements detailed hereinabove.  If payment is
10   not made, or the home is not refinanced to repay the Respondent, within 90
11   days from February 25, 2022, or by May 26, 2022, then the house shall be
12   listed for sale, and the parties will be ordered to cooperate to effectuate the
13   sale.

14       24.    The Court orders that Julie Reyna is dismissed as the Guardian
15   Ad Litem for Petitioner in this proceeding.

16       25.    Counsel for Petitioner shall draft the JUDGMENT. The 10-day
17   requirement to submit the JUDGMENT to opposing counsel pursuant to
18   California's Court Rule 5.125 shall be triggered upon the date that Ms. Hartley
19   receives the transcript of proceedings from the court reporter.  Counsel for
20   Respondent shall then have 20 days from the date of receipt of the transcript
21   of proceedings to object or approve the proposed JUDGMENT.

22   **APPROVED AS TO FORM:**

23   Dated: 3/23/2022

24   _____    PDF Signature

25   Laurie Peters, Esq.,
     Attorney for Respondent

26

27            ***COURT'S SIGNATURE ON FOREGOING FL-180***

28

ATTACHMENT TO JUDGMENT
-4-

# EXHIBIT "E"

RECORDED AT REQUEST OF
AND RETURN TO:

Laurie Peters SBN 243036
**LAW OFFICES OF LAURIE PETERS**
80 Wood Road, Suite 300
Camarillo, CA 93010
Telephone: (805) 484-6885
Facsimile: (805) 384-9268

```
20200213-00019739-0 1/3
Ventura County Clerk and Recorder
MARK A. LUNN
02/13/2020 08:11:59 AM
1680736 $95.00 ES
```

Attorney for Respondent, Raul C Ramirez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VETURA

| | |
|---|---|
| IN RE MARRIAGE OF RAMIREZ | Case No.: D 382866 |
| LINDA RAMIREZ, | **NOTICE OF LIS PENDENS / PENDENCY OF ACTION** |
| PETITIONER, | |
| AND | |
| RAUL C RAMIREZ, | |
| RESPONDENT. | |

**NOTICE IS HEREBY GIVEN,** pursuant to Fam. Code, § 7545, that the above action is pending, it was filed in the Ventura County Superior Court on 07/06/2017, by LINDA RAMIREZ (a.k.a. Linda Flores), PETITIONER, against RAUL C RAMIREZ, RESPONDENT. The object of the action is to determine the community property interest in real estate.

The real property affected by this action is situated in the County of Ventura, State of California, APN No.: 1860-051-485, commonly known as 2213 Miramar Walk, Oxnard CA 93035, more particularly described as follows:

1

NOTICE OF LIS PENDENS
IRMO RAMIREZ VCSC Case No.: D 382866

Exh. E Page 002 of 5

Lots 90 and 90A of Tract No. 1883-6, in the City of Oxnard, County of

Ventura, State of California, as per map recorded in Book 61, Page 19

through 27 of maps, in the office of the County Recorder of said county.


The parties named in the title to the above-entitled action are the parties to the action.


Dated: February 12, 2020

**LAW OFFICES OF LAURIE PETERS**

Laurie Peters, Attorney for Respondent

LAW OFFICES OF LAURIE PETERS
80 Wood Road, Suite 300
Camarillo, CA 93010

2

NOTICE OF LIS PENDENS
IRMO RAMIREZ VCSC Case No.: D 382866

# PROOF OF SERVICE

I declare that I am employed in the County of Ventura, State of California.  I am over the age of 18 years and not a party to the within cause; my business address is 80 Wood Road, Suite 300, Camarillo, California 93010.

On February 12, 2020 I served the within documents: **NOTICE OF LIS PENDENS** On the interested parties in this action.

☒    by placing the ☐ original ☒ a true copy thereof enclosed in sealed envelopes with postage thereon fully prepaid, **sent via Certified Mail, return receipt requested**, in the United States mail at Camarillo, California, addressed ☒ as follows:

Carla L. Hartely                    Linda Ramirez
Hartely Lamas et, al.            a.k.a. Linda Flores
5700 Ralston Street, Suite 210     2213 Miramar Walk
Ventura, CA 93003             Oxnard CA 93035

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid **sent via Certified Mail, return receipt requested** at Camarillo, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

☐    **BY OVERNIGHT MAIL:** I delivered such documents to FEDEX addressed as stated above.

☐    **BY FAX:** I transmitted said document(s) on _____ to fax no. _____.

☒    **State:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  February 12, 2020  at Camarillo, California.

Lisa Guzman

LAW OFFICES OF LAURIE PETERS
80 Wood Road, Suite 300
Camarillo, CA 93010

3

NOTICE OF LIS PENDENS
IRMO RAMIREZ VCSC Case No.: D 382866

This is a true certified copy of the
original public record if it bears the
seal, imprinted in purple ink, of the
County Clerk and Recorder.

*Mark A. Lunn*

MARK A. LUNN    **JUL 2 7 2022**
County Clerk and Recorder
Ventura County, California